Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>   vs.<br>DAVID DUONG,<br><br>                        Defendant. | Case No. CR 25-0003 YGR (KAW)<br><br>**MOTION FOR TEMPORARY MODIFICATION OF RELEASE CONDITIONS** |

      Defendant David Duong hereby moves the Court for an order temporarily modifying his release conditions to permit him to attend a mediation session in Ho Chi Minh City, Vietnam related to ongoing litigation between his company, Vietnam Waste Solutions, and the local government of Ho Chi Minh City. Pretrial Services does not object to Mr. Duong making this business trip. And although Mr. Duong has twice traveled to Vietnam during the pendency of this case for the same purpose without objection from the government, the government declines to stipulate in this instance.

## I. Relevant background

Mr. Duong is the founder of California Waste Solutions, headquartered in Oakland, and of Vietnam Waste Solutions (VWS). Mr. Duong is president and CEO of VWS, which contracts with Ho Chi Minh City to collect garbage and recycling. Since 2022, VWS has been in litigation with Ho Chi Minh City concerning the city's nonpayment of waste processing fees. In an attempt to resolve the dispute, VWS and Ho Chi Minh City have conducted multiple mediation sessions throughout 2025. A further mediation session is scheduled for September 29 through October 16.

Mr. Duong made his initial appearance on January 17, 2025. The Court set conditions of release, including a $100,000 bond secured by property and a travel restriction to the Northern and Eastern Districts of California.

Since Mr. Doung's initial appearance, the government has stipulated to multiple temporary modifications of Mr. Duong's release conditions to permit travel for business, including to attend mediation sessions in Vietnam.

On March 25, 2025, the government agreed that Mr. Duong could travel to New York NY, Las Vegas NV, and Westminster CA. Mr. Duong made those trips in compliance with the terms of the Court's order. *See* Dkt. 54.

On April 9, 2025, the government agreed that Mr. Doung could travel to Florida. Mr. Duong made that trip in compliance with terms of the Court's order. *See* Dkt. 60.

On May 12, 2025, the government agreed that Mr. Doung could travel to Vietnam to attend mediation sessions related to the Ho Chi Minh City litigation. *See* Dkt. 77. In connection with the May travel to Vietnam, Mr. Duong stipulated to an increase in his bond to $1,000,000 secured by property. *Id.* Mr. Duong also agreed to waive extradition to the United States in the event he does not return as required. *Id.* Mr. Duong made that trip in compliance with the Court's order.[1]

---

[1] While at the airport awaiting his return flight from Vietnam, Mr. Duong suffered a medical emergency and was taken to the hospital. He immediately contacted his Pretrial Services officer to notify her that his return trip might be delayed. He returned to the airport upon being released from the emergency room and provided medical records explaining the reason for the delay. This resulted in a one-day delay in his return to the United States.

On June 3, 2025, the government agreed that Mr. Duong could again travel to Vietnam. Mr. Duong made that trip in compliance with the terms of the Court's order. *See* Dkt. 84.

Finally, on September 17, 2025, the government agreed that Mr. Duong could travel to New York (for meetings related to the VWS litigation) and to the Southern District of California. *See* Dkt. 110. The Court has granted that travel request.

## II. Current travel request

Mr. Duong now requests that the conditions of his release be modified to permit him to return to Vietnam from September 29 through October 16, 2025 for continued mediation in the VWS litigation. Undersigned counsel has provided to the government a letter from Mr. Duong's counsel in Vietnam outlining the dates for the mediation and the requirement of Mr. Duong's personal attendance.[2] Undersigned counsel has communicated with Mr. Duong's Pretrial Services officer, who has no objection to the requested travel. Nonetheless, the government has declined to stipulate, citing Mr. Duong's ties to Vietnam, his financial resources, and the frequency of these trips.

## III. Mr. Duong has amply demonstrated that he does not pose a risk of flight and requests that the Court permit the requested travel.

Mr. Duong does not pose a risk of flight. As thoroughly documented in the post-release bail study, his ties to the Bay Area are extensive and deep. *See* Dkt. 47. He has lived in California since the early 1980's, and he founded a large and successful recycling business that he will not abandon. He has five siblings who reside in California. He is married and has eight children who live in the Bay Area. He purchased a home in Oakland in 2012 where he continues to reside. His appearance in this case is secured by a $1,000,000 bond on that home, and he has agreed in writing to waive extradition should he not return to the United States as ordered. He has been in full compliance with the conditions of his supervision since his initial appearance.

Perhaps more important than his extensive community ties and the conditions securing his appearance, Mr. Duong has repeatedly demonstrated that he is not a flight risk. He has

---

[2] Counsel can provide this letter to the Court if required.

traveled outside the district on four occasions and returned without incident. And he has made the same trip he now asks permission to make—travel to Vietnam for mediation in the VWS litigation—twice before. Each time, he has come back to California as ordered and given his passport back to Pretrial Services. Nothing has changed since those trips to justify the government's reluctance to agree to the requested travel. The $1,000,000 bond and Mr. Duong's extradition waiver remain in force, and Mr. Duong's ties to Vietnam and his financial resources remain the same as they were when he previously traveled to—and returned from—Vietnam. While it is true that Mr. Duong has traveled multiple times to Vietnam, this is because of the necessities of litigation that predates this case. These have not been vacations or leisure travel, and the fact that Mr. Duong has made repeated trips and returned as required underscores the lack of flight risk.

### IV. Request for hearing

Undersigned counsel has conferred with the government about the schedule for a hearing on this request. To the extent the Court requires a hearing, to accommodate the schedules of counsel, the parties request that the hearing take place on one of the following days to the extent it is convenient to the Court:

- Monday, September 22. If the Court wishes the parties to appear on September 22, Mr. Duong respectfully requests that he be permitted to appear by video.[3]
- Wednesday (September 24) or Thursday (September 25) before the duty magistrate to the extent this Court is unavailable.

---

[3] As noted above, the Court has granted Mr. Duong permission to travel to New York and to the Southern District of California. The trip to New York would put Mr. Duong out of the district on September 22, resulting in the request for a video appearance on that date.

**V.     Conclusion**

Because Mr. Duong does not pose a risk of flight, as demonstrated by his deep community ties and prior domestic travel and trips to Vietnam, and because he remains subject to stringent conditions of release including a $1,000,000 secured bond and an extradition waiver, he respectfully requests that the Court grant permission for him to travel to Vietnam as requested.

Dated: September 18, 2025

Respectfully submitted,

/s/
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP
Attorneys for David Duong