**Pages 1 - 11**


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NO. 4:25-cr-0003-YGR-1-4** |
| | ) | |
| SHENG THAO, ANDRE JONES, | ) | |
| DAVID TRUNG DUONG, and | ) | |
| ANDY HUNG DUONG, | ) | |
| | ) | |
| Defendants. | | |

Oakland, California
Thursday, September 11, 2025

**TRANSCRIPT OF MOTION HEARING PROCEEDINGS**

**APPEARANCES:**

For the Plaintiff:

PATRICK D. ROBBINS
Acting United States Attorney
450 Golden Gate Avenue
San Francisco, California 94102
BY: **ABRAHAM H. FINE**
**LLOYD A. FARNHAM**
**MOLLY PRIEDEMAN**
**ASSISTANT UNITED STATES ATTORNEY**


REPORTED REMOTELY BY:   Andrea Bluedorn, RMR, CRR, CRC
Official United States Reporter

**APPEARANCES:**     (CONTINUED)

For the Defendant Sheng Thao:
                    DLA PIPER LLP
                    555 Mission Street, Suite 2400
                    San Francisco, CA 94105
               BY:  **JEFFREY E. TSAI  ATTORNEY AT LAW**

For the Defendant Andre Jones:
                    LAW OFFICES OF SHAWN HALBERT
                    217 Leidesdorff Street
                    San Francisco, CA 94111
               BY:  **SHAWN HALBERT, ATTORNEY AT LAW**

For the Defendant David Trung Duong:
                    SWANSON & MCNAMARA LLP
                    300 Montgomery Street, Suite 1100
                    San Francisco, CA 94104
               By:  **EDWARD SWANSON, ATTORNEY AT LAW**

                    JONES DAY
                    1755 Embarcadero Road
                    Palo Alto, CA 94303
               By:  **JEFFREY B. SCHENK, ATTORNEY AT LAW**

For the Defendant Andy Hung Duong:
                    LAW OFFICES OF ERIK BABCOCK
                    717 Washington St., 2nd Floor
                    Oakland, California 94607
               BY:  **ERIK G. BABCOCK, ATTORNEY AT LAW**

                    COVINGTON & BURLINGTON LLP
                    415 Mission Street, Suite 5400
                    San Francisco, California 94105
               BY:  **WILLIAM DOUGLAS SPRAGUE, ATTORNEY AT LAW**

                    One Embarcadero Center, Suite 2600
                    San Francisco, California 94111
               BY:  **HANNAH ERIN STONE, ATTORNEY AT LAW**

**Thursday, September 11, 2025**                    **2:31 p.m.**

                       **P R O C E E D I N G S**

                            ---o0o---

     **COURTROOM DEPUTY:**  25-CR-3-YGR-1-2-3-4, United States of America versus Sheng Thao, Andre Jones, David Trung Duong, and Andy Hung Duong.

         Parties, please step forward and state your appearances for the record, starting with the Government.

         **MR. FINE:**  Good afternoon, Your Honor.  Abraham Fine for the United States.  I'm here with my colleagues, Molly Priedeman and Lloyd Farnham.

         **MR. TSAI:**  Good afternoon, Your Honor.  Jeffrey Tsai on behalf of defendant Sheng Thao who is here and present before the Court.

         **THE COURT:**  Okay.  Good afternoon.

         **MS. HALBERT:**  Good afternoon, Your Honor.  Shawn Halbert on behalf of Andre Jones.  I filed a notice of appearance -- excuse me -- waiver of appearance just for today's appearance.  Thank you.

         **THE COURT:**  So I don't know that I agree with your assessment.  I will waive his appearance but typically you need to get my approval.

         **MS. HALBERT:**  Okay.  Thank you, Your Honor.

         **MR. SWANSON:**  Good afternoon, Your Honor.  Ed Swanson and Jeff Schenk on behalf of David Duong.

**THE COURT:**  Okay.

**MR. BABCOCK:**  Good afternoon, Your Honor.  Eric Babcock, Douglas Sprague, and Hannah Stone for Andy Duong who appears.

**THE COURT:**  Okay.  Good afternoon.  All right.

I want to talk to you about this motion that you're thinking about.  First of all, I'm going to grant you the extension but you should expect that that will run in parallel to everything else we do.  The other thing is you should know that I'm highly skeptical that it will be successful.

We try cases here all the time.  I've had six trials this year, and in the trials that I've had where I have juries, out of all of the juries, I've had two from Oakland.  When we tried the NF cases, we sent out summons to 15 plus hundred -- 1,500 people.

And then what we do is we screen them.  We screen them for time.  We screen them for all sorts of things.

We had the trial of the -- one of the individuals who shot an officer at this courthouse, we didn't do it at this courthouse because this was the scene of the crime.  But I am very skeptical that we can't find in this district people who don't have much, if any, information about people in Oakland.

In fact, I would suspect many people -- more than sufficient number of people -- don't even know her name.  I think politicians tend to think everybody knows them and I

don't think that's true.

So who is the mayor of Concord?  Who is the mayor of Sonoma?  Who is the mayor of San Jose?

Can they -- do they really think people are going to remember that or think that.  I'm also very skeptical about surveys.  So you should just know that in advance because whoever you get to conduct the survey may be deposed.

They may be subject to an evidentiary hearing.  All of their work documents will need to be disclosed to the extent that your -- that it's not neutral that you're directing it will be a problem if that happens.  So you should just understand my perspective.

Now, it could be that you can make a showing.  But, like I said, we get people from all over the Bay Area, Santa Rosa, Union City, Castro Valley, Hayward, San Mateo, Novato, Richmond, El Sobrante, Danville, Tiburon, Pacifica, Fremont.  These are just normal trials.  Dublin, Pittsburg, San Lorenzo, San Leandro, Livermore.

We have had one of the most -- we have had nationwide coverage of what happened in Dublin.  The first Federal institution ever to be closed in the history of this nation and we're able to have criminal trials with respect to officers from there in this district.  So I thought it was important that you understand my perspective.

Any comments, any questions?

**MR. TSAI:**  Just a couple.  Jeffery Tsai on behalf of defendant Sheng Thao.

Thank you for your perspective.  It's going to be very important for us as we craft this motion.

A couple points I want to mention.  Obviously, we're not here to litigate the motion itself.  We haven't filed it or written it.

I will say as we are looking at -- at the least on behalf of Ms. Thao, the filing of this motion, we anticipate that the motion we'll file is for a transfer within the district which is to say outside of the Oakland division.  And I'm previewing that for the Court only because it's responsive comment-wise to the Court's perspective.  And also to reflect the fact that the effort we're undertaking right now in analyzing whether or not a motion is valid and we're bringing it to the Court, we're looking for the most minimal remedy that would be possible that would preserve Ms. Thao's constitutional rights.

So I just wanted to make sure to mention that to give context a little bit for what we anticipate doing.  We have of course previewed that for the Government.  Not for their response, just to make sure that they knew what we're thinking and what we're anticipating.

The second comment I'll make, and it's the last one.  I thank you for the Court's time on this.  We do believe that

the reason why this motion will -- we believe is going to be worth bringing with some of that evidence that we mentioned in our motion is the fact that this case does stand unique.

All cases are unique.  I know the Dublin case is very important as well.  We do think the circumstances here where we have not just a mayor, former mayor, but a former mayor of the third largest city in the Bay Area, eighth largest in the state, who did encounter a recall election.

There is demonstrable evidence we anticipate showing the Court that puts this case differently than others.  Again, just contextual for what we're thinking right now.  We do, however, appreciate the extension of time.

**THE COURT:**  How does a change of division help you?

**MR. TSAI:**  In terms of the most minimal remedy that we're seeking, what we're looking for is how to minimize, constitutionally speaking, the amount of prejudice.  So outside of Oakland division is going to be -- we'll argue to the Court -- helpful to be able to minimize that prejudice.  The Court knows --

**THE COURT:**  Again, I'm asking you though, how does that change the analysis given -- given where the jury pool comes from?

**MR. TSAI:**  Because we believe that even the 45 miles that separates the Oakland Courthouse from the San Jose Courthouse is going to minimize the bias that we believe likely

exists within the jury pool of Oakland division.  That would then allow for pooling and ultimately selecting the impartial jury that the defendant in this case is entitled to.

THE COURT:  You want to be heard?

MR. SWANSON:  Yes, Your Honor.  Ed Swanson on behalf of David Duong.

I wanted to let the Court know that we in the time since we were last here have had a chance to look more closely at this issue, and while initially the request was to move the hearing date into December, in the interest of having -- if we end up doing any poling -- mindful of the Court's concerns about that -- if we end up doing that, it seems that it would be of greatest use of the Court to do that closer to trial once we have a trial date rather than earlier where we might end up getting a result that would be concerning but the Court conceivably could say, well, why don't we take another look when we go to trial sometime --

THE COURT:  I don't understand that, Mr. Swanson.  You're doing a generic, neutral survey.  That survey is going to be the same this fall as it is whenever the case is heard for trial.

MR. SWANSON:  The survey will be the same.  Exactly.

THE COURT:  So that's why I'm asking how -- I don't understand how that -- how delaying this issue helps.

MR. SWANSON:  The concern, Your Honor, would be that

the Government could say, fair enough, we see here in December of 2025 that the jury panel seems to have this issue and the recall election very much in mind but the trial isn't set for -- we'll set it in November -- but some date in 2026 and maybe things will change so why don't we come back and do it again.

That's our concern.  We want to make sure since it's obviously a financial burden that we do it only the one time. If the Court were to find, if we made the showing in December, that there is sufficient concerns that should be moved to the San Jose division then -- and we didn't have to do it twice, that would be fine -- but we wouldn't have to do it once, have the Government say this is too far from trial, you have to do it and again and persuade the Court you had to do it a second time.  That's the concern.

THE COURT:  Mr. Fine.

MR. FINE:  Your Honor, I think the Government shares the Court's scepticism of this motion.  These motions are made frequently like in the Boston Marathon bomber case which trial was held in Boston.  The Enron case was held in Houston.  The World Trade Center bombing case was held in New York City. Mayor of New Orleans, Mayor of Detroit, Governor of Illinois, all these cases, same thing, all denied.

Those trials were held in those districts in those cities where these events took place and the Court's there were

able to sit a fair and impartial jury and the Government has full confidence the Court can do so here through a thorough voir dire process.  I don't want to say too much more at this point but the Government looks forward to vigorously opposing whatever motion the defense brings.

THE COURT:  Well, it wouldn't be transferred.  That is, even if I granted the motion, I'm not transferring it to my colleagues.  I would just try it down there.  Just an FYI.

MR. TSAI:  And the motion, Your Honor, we would not seek a change in the judicial officer.  We would expect that Your Honor, to the extent the Court is willing, would retain the matter.

THE COURT:  I have very busy colleagues.  I don't pass my work off on them.  Okay.  I thought it was important to have that conversation in person.

MR. TSAI:  We appreciate it, Your Honor.

THE COURT:  See you in November.

MR. FINE:  Thank you, Your Honor.

THE COURT:  We're adjourned.

MR. SWANSON:  Thank you, Your Honor.

THE COURT:  Court is adjourned in this matter.

(Proceedings adjourned at 2:43 p.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:  Saturday, October 11, 2025.


*Andrea K Bluedorn*
Andrea K. Bluedorn, RMR, CRR
Official United States Reporter