CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Abraham.fine@usdoj.gov
    Molly.priedeman@usdoj.gov
    Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br><br>    Defendants. | Case No. 25-CR-0003-YGR<br><br>JOINT FILING RE PRETRIAL SCHEDULE |

Trial is set to begin in this case on October 19, 2026, with jury selection to commence the week before, on October 13, 2026. The parties have met and conferred and make the below statements regarding the case schedule and propose the following separate pretrial scheduling dates.

**Government's Statement**: The government proposes a pretrial schedule that includes early disclosure of the government's exhibit and witness lists (about two months before trial), reasonable time for the parties to consider, exchange, and then file motions in limine (in accordance with the Court's criminal standing order), and a discovery cut-off (if needed) two and a half months before trial. The government's position is that its proposed schedule balances time for preparation of the case with timely disclosure of materials to allow defense teams adequate time to respond to these disclosures.

At the status conference held on November 20, 2025, the Court suggested the parties review its case schedule from *United States v. Cervantes et al.*, No. 21-CR-0328-YGR, in fashioning proposed pretrial deadlines. In *Cervantes*, the Court's initial pretrial schedules set forth that the government submit initial versions of their witness and exhibit lists to defense counsel approximately 5.5 months before trial and set a discovery deadline at four months before trial, with other deadlines before and after those dates. *See Cervantes*, No. 21-CR-0328-YGR at Dkt. Nos. 630 (witness/exhibit lists submitted August 4, 2023 with January 22, 2024 trial date) and 910 (December 1, 2023 discovery cutoff with April 2, 2024 trial date). This case, however, is different from *Cervantes* in several material ways and the government respectfully submits that the pretrial schedule the Court set in that case is not necessary here. First, *Cervantes* involved four in-custody defendants who were all housed more than an hour's drive from the Bay Area, making it difficult for defense counsel to review discovery with their clients. As such, the government understands that additional time was requested in that case to facilitate review of discovery. Here, all Defendants are out of custody. Second, *Cervantes* involved hours of recorded wiretap conversations that were the subject of significant pretrial litigation. Here, there are no wiretaps. Third, while trial in *Cervantes* involved four defendants, the investigation lasted approximately five years and led to charges against 17 defendants. Here, the investigation was shorter, much more constrained in scope, and has led to charges against many fewer defendants. Fourth, the *Cervantes* trial lasted three months and the parties expect trial here to last less than five weeks.

Accordingly, the government respectfully submits that this case does not involve many of the

pretrial and trial preparation complexities present in *Cervantes* and the proposed pretrial schedule set forth below (with witness/exhibit lists due 2 months before trial and a Rule 16 discovery cutoff 2.5 months before trial) is reasonable for our case.

| Event | Government's Proposal | Defense's Proposal |
|---|---|---|
| Government Expert Disclosures | July 14, 2026 | May 29, 2026 |
| Defense Expert Disclosures | July 28, 2026 | June 19, 2026 |
| Government Rule 16 Discovery Cutoff | August 7, 2026 | May 19, 2026 |
| Rule 404(b) and Co-Conspirator Statement Disclosures; Jencks Disclosures; AEO De-Designation | August 14, 2026 | May 19, 2026 as to Rule 404(b) and Co-Conspirator Statement Disclosures; August 14, 2026 as to Jencks and AEO De-Designation [excluding the agent's grand jury testimony, which the defense posits should be produced immediately]. |
| Exhibit Lists and Witness Lists Due | August 21, 2026<br><br>The Court's criminal standing order sets forth that exhibit and witness lists are typically due no later than one week before the pretrial conference. Here, the government proposes filing these lists five weeks before the pretrial conference and approximately two months before trial. | April 17, 2026 |
| Service of MILs on Opposing Party; Daubert Motions Due | August 28, 2026<br><br>The government proposes following the procedure set forth in the Court's criminal standing order, whereby the parties first exchange MILs and oppositions and then file on the docket any MILs they are unable to resolve. | The defense's suggestion is below, specifically that the parties initially file motions with the Court, having provided them to the other party five days in advance of filing in order to determine if the parties can reach an agreement. |
| Service of MIL Oppositions on Opposing Party; Daubert Oppositions Due | September 11, 2026 | See above. |
| Defense Rule 16 Discovery Cutoff | September 18, 2026 | September 18, 2026 |
| Filing of Proposed | September 18, 2026 | July 24, 2026 |

| Additions to Standard Survey Money Questions | | |
|---|---|---|
| Filing of Unresolved MILs | September 18, 2026 | See above. |
| Joint Pretrial Conference Statement; Verdict Form; Trial Memorandum; Jury Instructions Due | September 18, 2026 | September 15, 2026 |
| Pretrial Conference; Hearing on MILs/Daubert Motions | September 25, 2026 | September 25, 2026 |
| Second Pretrial Conference | N/A. | October 6, 2026 |
| Jury Selection | October 13, 2026 | October 13, 2026 |
| Trial Begins | October 19, 2026 | October 19, 2026 |

**Defense's Statement**:

As the Court will see below, the defense followed the Court's suggestion that the parties use the pretrial deadlines in the case *United States v. Cervantes et al.,* 21-CR-00328-YGR as a template for pretrial dates in this case. The *Cervantes* pretrial deadlines were intended to provide an appropriate timeline so that a complex case with a tremendous amount of discovery can go to trial in less than nine months. The defense will respond to the government's specific points below, but generally, while every case is different, there are similarities between the two cases that may have motivated the Court's suggestion that the parties consult the *Cervantes* order; most significantly, both involve multiple defendants going to trial in complex cases with large amounts of discovery. And there are reasons particular to this case that warrant the schedule the defense is proposing. The key events underlying the charges in the case occurred years ago, with the government having already interviewed a large number of witnesses, many of them multiple times. The government has represented that discovery is essentially complete. Given those realities, what is required for an orderly pretrial process and a schedule that allows the defense to prepare adequately for trial is a definition by the government through its exhibit and witness lists of the scope of the case, combined with a firm deadline on discovery production. Indeed, it was in part due to the government's continuing document production in *Cervantes* that led to

the trial being continued twice.[1] *See, e.g.,* Dkt. 805 at 2 (defense request for continuance of January 2024 trial date, which was granted, based on government's discovery production of 8,700 pages of discovery and 117 hours of records six months before trial, and two months before all substantive motions and motions in limine were due).

As to the government's arguments as to why the Court should not follow the dates in *Cervantes*:

First, it is incorrect that the discovery review with in-custody defendants housed more than an hour's drive from the Bay Area was the reason for the pretrial deadlines in *Cervantes*. The deadlines were set for the efficient and orderly pretrial preparation of the case. The *Cervantes* defendants' custodial status logically could have nothing to do with why the Court set filing deadlines months before the trial: For example, the Court set the deadline for the government's exhibit and witness lists *six months* prior to jury selection, Dkt. 910; the filing of all non-wiretap suppression motions, motions to dismiss, and motions challenging the form of the indictment *five months* before jury selection, Dkts. 910, 1015 and 1055; and the filing of motions in limine and *Daubert* motions two and a half months before jury selection. *Id.*[2] Given that the *Cervantes* defendants did not even see the AEO discovery until two months before trial, defense counsel's need to review discovery with clients could not have been a basis for the earlier deadlines.

Second, it is not relevant that *Cervantes* involved hours of recorded wiretap conversations that were the subject of significant pretrial litigation whereas here there are no wiretaps. In *Cervantes*, wiretap discovery was produced early in the case, wiretap motions were ordered to be filed five and a half months prior to the trial date set at that time, Dkt. 910 at 2:16-28, and the wiretap motion was heard almost six months prior to the final trial date. Dkt. 1037. Those dates have no bearing on the proposed pretrial dates in this case.

Third, it is not important that the trial in *Cervantes* concerned a longer investigation and charges

---

[1] In *United States v. Cervantes et al.,* CR 21-CR-0038-YGR, when trial was set for January 22, 2024, the pretrial dates were originally contained in a minute order, Dkt. 639. After the trial was continued to April 2, 2024, the court filed an Order setting a Revised Pretrial Schedule. Dkt. 910. On November 2, 2023, the court continued the trial date to June 3, 2024, Dtk. 1001, and set the remaining pretrial dates in pretrial orders at Dkts. 1055 and 1015.

[2] Defendants in *Cervantes* had discovery on tablets fand in hard copy, and in fact, the Court did *not* grant the defense a continuance based on defense request in order to review all of the AEO material with their clients disclosed two months before trial. *See, e.g.,* Dkt. 1303.

JOINT FILING RE PRETRIAL SCHEDULE  
25-CR-0003 YGR

5

against more defendants. In fact, only four defendants went to trial in *Cervantes*, the same number as in this case. What is important is what trial preparation and pretrial litigation are required. This is a complex white-collar case involving vast amounts of discovery. As of November 19, 2025, the defense had received 2.5 terabytes of discovery, including over 1.9 million documents. Since that date, the defense has received 928,692 pages and 987 GB of data. *Compare Cervantes* Dkt. 805 and 805-1 at 1:25-26 (stating that six months prior to trial, the defense had received 30,000 pages of discovery in total, contained in approximately 800 documents). The FPD confirmed on today's date that discovery in *Cervantes* comprised 373 GB (not terabytes) (including wiretaps) and 166 FBI 302s, many of them short ministerial reports of investigation. Here, the government has produced 452 FBI 302's, with 79 of them pertaining to witness interviews. Moreover, while the government has indicated that it has produced grand jury testimony transcripts for all "percipient witnesses," it has specifically refused to provide grand jury testimony transcript(s) for any law enforcement witness(es).[3] The testimony of the government's law enforcement witnesses is critical for the defense teams' preparation for trial, as well as the proceeding related to the pending *Franks* motions and joinders (in the event the Court grants a hearing).

Finally, the government states that the *Cervantes* trial lasted three months whereas the parties expect trial here to last less than five weeks. That too has nothing to do with appropriate deadlines. Counsel's recollection is that the trial estimate in *Cervantes* was less than three months, and in any event the trial was less than that length when accounting for days not in session; and as the Court may recall, the length of that trial had much to do with the unnecessarily lengthy testimony of informants. The instant case will involve a complex trial with four defendants and a myriad of complicated and fact-intensive legal issues. The pretrial issues that will need to be litigated are in many ways more complex than in the *Cervantes* trial and will benefit from reasonable deadlines to give the Court time to review the filings and issue rulings that will expedite an efficient trial.

---

[3] The government has not provided any timetable for its production of grand jury testimony transcripts as to any law enforcement witness, which magnifies the importance of deadlines earlier than those proposed by the government (including, for instance, a *Brady/Giglio* disclosure deadline proposed at May 19, 2026).

| Event | Defense's Proposal | Government's Proposal |
|---|---|---|
| Government Exhibit Lists and Witness Lists Due | April 17, 2026[4] | August 21, 2026 |
| Government Rule 16 Discovery Cutoff | May 19, 2026[5] | August 7, 2026 |
| Rule 404(b) and Co-Conspirator Statement Disclosures | May 19, 2026[6] | August 14, 2026 |
| *Brady/Giglio* Disclosure | May 19, 2026[7] | August 21, 2026 |
| Government Expert Disclosures | May 29, 2026[8] | July 14, 2026 |
| Defense Expert Disclosures | June 19, 2026 | July 28, 2026 |
| Jencks Disclosures and AEO | August 14, 2026 [excluding the agent's grand jury testimony, which the defense posits should be produced immediately]. | August 14, 2026 |
| Government Rebuttal Expert Disclosures | July 17, 2026[9] | August 28, 2026 |
| Filing of Proposed Additions to Standard Survey Monkey Questions | July 24, 2026[10] | September 18, 2026 |
| File Motions in Limine and | August 14, 2026[11] | August 28, 2026 |

---

[4] This date is six months before trial. In *Cervantes*, the Court ordered the exhibit and witness lists to be filed six months prior to trial, Dkt. 910 at 2:24-25, and for the witness list to include the anticipated testimony of all of the witnesses. *Id.* at 4:25-27. This modified an earlier order that the government file such lists five and a half months prior to trial. Dkt. 639.

[5] In *Cervantes*, as per the Court's pretrial orders, the government's discovery cutoff date was five months before trial, which was one month longer than the four months that had been set originally. Dkt. 1055 at 1: 19-22 and Dkt. 1015 at 2:5-7; Dkt. 910 at 3:5-7.

[6] In *Cervantes*, co-conspirator statement disclosures were due five and a half months before trial. Dkt. 639.

[7] Dkt. 639. (By the time the *Cervantes* trial was continued for the first time, the government had already filed its Exhibit and Witness lists and disclosed Brady/Giglio; the Brady/Giglio was thus not included in subsequent pretrial orders, though the Court did order updated exhibit and witness lists in Dkt. 910.

[8] The date proposed for the government is a little less than five months prior to trial and four months prior to trial for the defense. In *Cervantes*, the court ordered expert disclosures between slightly less than five to six-and-a-half months prior to trial. *See* Dkts. 639 and 910.

[9] This date is three months prior to trial. In *Cervantes*, the Court ordered rebuttal disclosures between four and five months prior to trial. Dkts. 639 and 910.

[10] This date is less than the date three months in advance of trial used in *Cervantes.*

[11] This date is two months prior to trial. In *Cervantes*, such motions were ordered to be filed two

| | | |
|---|---|---|
| Daubert Motions | | |
| Oppositions for Motions in Limine and Daubert | September 4, 2026 | September 11, 2026 |
| Reply filings for Motions in Limine and Daubert motions | September 11, 2026 | N/A |
| Joint Pretrial Conference Statement; Verdict Form; Trial Memorandum; Jury Instructions Due | September 15, 2026 | September 18, 2026 |
| Defense Rule 16 Discovery Cutoff | September 18, 2026 | September 18, 2026 |
| Pretrial Conference; Hearing on MILs/Daubert Motions | September 25, 2026 | September 25, 2026 |
| Second Pretrial Conference | October 6, 2026 | N/A |
| Jury Selection | October 13, 2026 | October 13, 2026 |
| Trial Begins | October 19, 2026 | October 19, 2026 |

Dated: January 21, 2026

CRAIG H. MISSAKIAN
United States Attorney

____/s/_____
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys

____/s/_____
JEFFREY TSAI
DARRYL TARVER
Counsel for Defendant Sheng Thao

____/s/_____
MARK GOLDROSEN
SHAWN HALBERT
Counsel for Defendant Andre Jones

---

and a half months prior to trial, *see* Dkts. 910, 1015 and 1055. The earliest order, Dkt. 639, had motions in limine being filed four months in advance of trial and *Daubert* motions being filed three months prior to trial.

1
2            ____/s/_____
3            ED SWANSON
             AUGUST GUGELMANN
4            NEAL STEPHENS
             JEFFREY SCHENK
5            Counsel for Defendant David Duong

6            ____/s/_____
             WINSTON CHAN
7            DOUGLAS SPRAGUE
             ERIK BABCOCK
8            Counsel for Defendant Andy Duong

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28