Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHENG THAO, et al.,<br><br>Defendants. | No. CR 25-0003 YGR<br><br>**DEFENDANTS' OPPOSITION TO ADMISSION OF CERTAIN COCONSPIRATOR STATEMENTS** |

### I.    Introduction

The government has provided notice of roughly 140 statements it seeks to introduce under Rule of Evidence 801(d)(2)(E), which provides that a statement is not hearsay if it "is offered against a party and is ... a statement by a coconspirator of a party during the course of and in furtherance of a conspiracy." The defendants object to certain of these, because the statements are not in furtherance of the alleged conspiracy or because the government has failed to establish the requisite foundation for their admission.

## II.    Legal standard

Statements of a coconspirator are admissible if the government satisfies a "tripartite test:" there must be "independent proof of the existence of the conspiracy," the statement must have been "in furtherance of the objectives of the conspiracy," and the statement "must have been made in the course of the conspiracy." *United States v. Patterson*, 819 F.2d 1495, 1503 (9th Cir. 1987) (citations omitted).

The Ninth Circuit "has strictly construed the 'in furtherance of the conspiracy requirement.'" *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991) (citation omitted); *see United States v. Rascon*, 8 F.3d 1537, 1540 (10th Cir. 1993) ( "[T]he 'in furtherance' requirement of 801(d)(2)(E) was intended to be a significant obstacle for the government; it is to be strictly construed and narrowly applied."). To be "in furtherance," the statement must "advance a common objective of the conspiracy or set in motion a transaction that is an integral part of the conspiracy." *United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993) (citation omitted). Thus, "[m]ere conversations between co-conspirators, or merely narrative declarations among them," are not admissible under this rule. *Nazemian*, 948 F.2d at 529. Similarly, a "casual admission of culpability" is not sufficient. *United States v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981); *see United States v. Ragland*, 555 F.3d 706, 713 (8th Cir. 2009) (statement that "simply informs the listener of the declarant's criminal activities" or is made "simply to impress the listener" does not further the conspiracy). The *Nazemian* court outlined the type of statement that satisfies the rule:

> Examples of admissible co-conspirator statements include: statements made to induce enlistment or further participation in the group's activities; statements made to prompt further action on the part of conspirators; statements made to reassure members of a conspiracy's continued existence; statements made to allay a co-conspirator's fears; and statements made to keep co-conspirators abreast of an ongoing conspiracy's activities.

*Nazemian*, 948 F.2d at 529.

The defense does not contest that the statements proffered by the government were made by an alleged coconspirator during the relevant time period, but not all of them are in furtherance of the conspiracy. One category of alleged coconspirator statements that do not meet the test for

admissibility are those that contain narrative descriptions of past events. Another are statements that, while forward-looking, do not serve to further the alleged conspiracy. A third category are statements related to a separate conspiracy that the government has not independently proved existed.

The government's notice to the defense summarized the statements it is seeking to introduce and provided an explanation of the basis. Exhibit A is a chart that includes the government's summary and the government's explanation.[1] In most instances, the chart also includes a verbatim reproduction of the statement itself; where the statement stems from an interview, the chart includes the relevant portion of the agent's report. However, the government noticed certain audio recordings without providing a transcript (or timestamps) to identify the precise statement at issue. As to those statements, the chart includes only the government's summary.

### III.    The Court should exclude statements that are recitations of past events

The government seeks to admit a series of statements that narrate past events but do nothing to further any alleged scheme. The Court should exclude these as they do not "advance a common objective of the conspiracy or set in motion a transaction that is an integral part of the conspiracy." *Williams*, 989 F.2d at 1068.

**Juarez statements regarding Oakland's purchase of housing units.** The government seeks to admit Juarez's claim to three different witnesses (who are not alleged to be coconspirators) that Oakland had agreed to purchase housing units from Evolutionary Homes. Exh. A, lines 1-3. None of the statements contains any suggestion of bribery or other misconduct; instead, in each Juarez simply states that the City of Oakland had agreed to purchase 300 housing units. The government claims that these statements served as an attempt to "recruit" each of the three witnesses to join the conspiracy, but there is nothing in them that suggests any such effort. Each is simply a statement of (purported) historical fact.

---

[1] Defendants have removed the names of individuals other than the defendants and Juarez from the government's summary.

**Defendants' Objections to Admission of Alleged Coconspirator Statements**
*United States v. Thao, et al.*, CR 25-0003 YGR

**Juarez statements regarding ██████████.** The government seeks to admit a video of Juarez making statements that it summarizes as follows:

██████████████████████████████████████████████████████████████████████

Exh. A, line 4. This is Juarez narrating purported past events related to CWS and to his relationship with the Duongs. Nothing in this statement relates to the alleged conspiracy or serves to advance its purported objectives.

**Andy Duong statements regarding recordings.** The government seeks to admit ██ ████████████████████████████████████████████████████████████████████ ████████ Exh. A, line 5. This statement is based on an interview with Juarez, but the interview report itself does not suggest that Andy Duong made such a statement to Juarez; it only says that was Juarez's understanding. *Id.* ███████████████████████████████ ████████████████████████████ Accordingly, there is no statement here that the government could seek to introduce. Assuming Juarez would testify that Andy Duong did make such a statement, it would at most be a "casual admission of culpability to someone [Andy Duong] had individually decided to trust" (*Fielding*, 645 F.2d at 726), but it is unrelated to any element of the charged conspiracy or to any effort to further the alleged scheme.

**Juarez statements to a third party regarding past deals.** The government seeks to introduce the following messages that Juarez sent to a (non-conspirator) consultant in May 2023:

██████████████████████████████████████████

██████████

███████████████

██████████████████████████████

Exh. A, line 6. The government calls these statements an "effort to recruit" the consultant "to work on Evolutionary Homes, in furtherance of the conspiracy's goals." But nothing in the

**Defendants' Objections to Admission of Alleged Coconspirator Statements**
*United States v. Thao, et al.*, CR 25-0003 YGR

statements reflects any such recruitment effort. Instead, the statements are narrative and describe past events.

**Andy Duong statements to an Oakland city official.** From a recorded phone call between Andy Duong and an Oakland city official, the government seeks to introduce the following:

████████████████████████████████████████████████████

Exh. A, line 7. ████████████████████████ are unrelated to the charged conspiracy, and ████████████████ are even farther afield. The statement recounting ████████████████ is a narrative of purported past events. The government's rationale that this shows Andy Duong "encouraging [the city official] to support Evolutionary Homes, as directed by Thao," is unsupported by the statement itself, as nothing in it shows Andy offering such encouragement.

### IV.     The Court should exclude forward-looking statements that do not purport to further the charged conspiracy.

Another category of statements that the government seeks to admit are forward-looking, rather than narrative of past events, but still do nothing to further the alleged conspiracy. Instead, the government offers expansive and speculative interpretations of the statements that essentially contend that any communication between the alleged coconspirators furthered the conspiracy. This is insufficient under Rule 801(d)(2)(E). *Nazemian*, 948 F.2d at 529 ("[m]ere conversations between co-conspirators" are not admissible).

**Request to ████████████████.** The government seeks to introduce statements in which "████████████████████████████████ ████████████████ The exchange is as follows:

████████████████████████████████████████

████████████████████████

██████████████████████████████████████████

██████████████████████

Exh. A, line 8. The government's assertion that this is a "request by Thao for additional funds in furtherance of the conspiracy and to ensure Thao's continued participation in the conspiracy" is unfounded. Nothing in the statement suggests as much. A request ████████████████ ████ does not further an alleged conspiracy related to the purchase of housing units.

**Statement regarding invitations to functions.** From a four-minute recording of a phone call between Thao and Andy Duong, the government seeks to introduce a statement in which Thao "████████████████████████████████████████ ████████████████████████████████." Exh. A, line 9. The government interprets this to mean that "Thao is relaying that if they want her to take actions in furtherance of the conspiracy, they need to prioritize her demands over other councilmembers." *Id.* That may be the government's interpretation, but it is not what the statement itself says. Nothing in it relates to the alleged bribe or any other aspect of the charged conspiracy.

**Andy Duong message regarding OPD.** After a confrontation between the Duongs and Juarez in May 2024, the Duongs made a police report about the incident. The government seeks to offer a message from Andy Duong on a family chat that "████████████████████████ ████████████████████████████" Exh. A, line 10. Informing the family ████████████████████████████████████ in no way furthers any supposed bribery scheme. Here again, the government reads a remarkable amount of subtext into this single line, claiming that it represents "an effort to plan and execute the conspiracy, as well as to conceal and preserve the conspiracy by ensuring that Juarez did not report the illegal activity, and by attempting to discredit his future recitation of criminal activity." Nothing in the statement itself supports the government's expansive reading.

**Juarez's statements in advance of the trip to Vietnam.** The government seeks to introduce ████████████████████████████████████████ ████████████████████████ Exh. A, line 11. The relevant report of interview

6



provides that " █████████████████████████████████████████████████████████████████████████████████████████████████████████ " *Id.* Again, the government offers an expansive interpretation, claiming that Juarez's statements "further the conspiracy by inducing [the city employee] to further the goals of the conspiracy, namely by encouraging him to facilitate the purchase of housing units from Evolutionary Homes." The statement itself says nothing about Evolutionary Homes, much less about the goals of the purported conspiracy, and is therefore inadmissible.

**Text regarding ████████:** In March 2023, ████████████████████████████████████████████████████████████████████████████. The government seeks to introduce a text relating to this issue. Exh. A, line 12. As detailed in Andre Jones's motion to exclude, this matter does not relate to the charged conspiracy. ████████████████████████████████████████████████ and the alleged bribery scheme. The government argues that the ████████████████████████ was an "effort[] to plan and execute the conspiracy and encourage continued participation of coconspirators." *Id*. Nothing about a ████████████████ months after the alleged deal was struck furthers the goals of the conspiracy.

V.    **The Court should exclude statements related to an alleged attempt ████████████████████.**

Finally, the government has provided notice that it seeks to introduce statements related to a purported effort to ████████████████████████. The defense objects to those statements based on the government's failure to establish the necessary foundation for their admission.

By way of background, the indictment alleges that the defendants traveled to Vietnam in the summer of 2023 as part of a trade delegation. Indictment ¶¶ 46-47.[2] The defense understands the government will allege that, ████████████████████████████████████████████████████████████████████████████████████████████████████

---

[2] Although the indictment nowhere suggests that anything related to the charged conspiracy occurred during or as a result of this trip, it is nonetheless alleged as an overt act in furtherance of the conspiracy. *Id.* at ¶ 63(h).

7

[REDACTED].[3] The government seeks to introduce a series of messages that, it alleges, were in furtherance of this effort.

As noted above, coconspirator statements are only admissible if, *inter alia*, the government establishes "independent proof of the existence of the conspiracy." *Patterson*, 819 F.2d at 1503. "An accused's knowledge of and participation in an alleged conspiracy are preliminary facts that must be established before extrajudicial statements of a co-conspirator can be introduced into evidence." *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The coconspirator statement itself "must be considered but does not by itself establish … the existence of the conspiracy or participation in it[.]" Fed. R. Evid. 801(d)(2). Rather, because "out-of-court statements are presumptively unreliable," they must be "corroborated by fairly incriminating evidence" establishing the existence of the conspiracy and the defendants' participation in it. *Id.* at 578; *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994) ("In order to establish these facts, the government cannot rely solely on the coconspirator statements themselves. It must produce some independent evidence which, viewed in light of the coconspirator statements, establishes the requisite connection between the accused and the conspiracy.") (citation omitted).

As to this category of statements, independent proof of the existence of the charged conspiracy—as alleged in the indictment—is insufficient, because the statements are unrelated to that conspiracy. They relate to a separate issue that had its roots in the Vietnam trip—which itself does not relate to the charged conspiracy except for the fact that four of the five alleged coconspirators participated in it. The government must provide independent proof of the existence of this separate conspiracy, which had nothing to do with what is charged in the indictment but had an entirely different alleged purpose. Because the government has not done so, the defense objects to introduction of these statements.[4]

---

[3] [REDACTED].

[4] Exhibit A does not include these statements, because the defense challenge is not the statements themselves but to the government's failure to meet the foundational requirement of proving the existence of the conspiracy.

**Defendants' Objections to Admission of Alleged Coconspirator Statements**
*United States v. Thao, et al.*, CR 25-0003 YGR

## VI.   Conclusion

Based on the foregoing, the defense respectfully requests that the Court exclude the statements on Exhibit A and the statements related to the alleged conspiracy to ███████ ████████████████████.

Dated: July 10, 2026                              Respectfully submitted,

                                                            /s/
                                                  Edward W. Swanson
                                                  August Gugelmann
                                                  SWANSON & McNAMARA LLP

                                                  Neal J. Stephens
                                                  Jeffrey B. Schenk
                                                  Thao Donnelly
                                                  JONES DAY

                                                  Attorneys for David Duong

**Defendants' Objections to Admission of Alleged Coconspirator Statements**
*United States v. Thao, et al.*, CR 25-0003 YGR