MARK GOLDROSEN (CSBN 101731)
255 Kansas Street, Ste 340
San Francisco, CA 94103-5154
Tel: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT  (CSBN 179023)
217 Leidesdorff Street
San Francisco, California 94111
Tel: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorneys for Defendant ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff<br><br>vs.<br><br>ANDRE JONES,<br><br><br><br>     Defendant. | Case No. 25-cr-0003 YGR<br><br>DEFENDANT ANDRE JONES'S NOTICE OF MOTION AND MOTION FOR AN ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE RULE 404(b)<br><br><br>DATE: August 14, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Yvonne Gonzalez Rogers |

REDACTED VERSION OF MATERIAL SOUGHT TO BE SEALED

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING
EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR

PLEASE TAKE NOTICE that, on August 14, 2026, at 9:00 a.m., at 1301 Clay Street, Oakland, California, Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, Defendant Andre Jones will and hereby does move for an order to exclude evidence at trial pursuant to Federal Rules of Evidence, Rule 404(b). Specifically, Jones requests that the Court:

(1) ███████████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████
███████

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the declaration of counsel, the exhibits, and such other and further papers, evidence, and argument as may be submitted to the Court in connection with the hearing on this motion.

DATED: July 10, 2026                                    Respectfully submitted,


                                    /S/ Mark Goldrosen
                                    Mark Goldrosen
                                    Shawn Halbert
                                    Attorneys for Defendant Andre Jones

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    INTRODUCTION AND FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . 1

      A.    Overview. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      C.    404(b) Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    ███████████████████████████████████████
            ██████████████████████████████ . . . . . . . . . 5

            1.    Applicable law regarding 404(b) evidence . . . . . . . . . . . . . . . . 4

            2.    ███████████████████████████████████
                  ███████████████████ . . . . . . . . . . . . 6

      B.    ███████████████████████████████████████
            ████████████████████████ . . . . . . . . . . . . . . . . . . . . . 8

            1.    Applicable law regarding "inextricably intertwined" doctrine. . . . . . . . . 8

            2.    ██████████████████████████████████████
                  ████████████ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      C.    ███████████████████████████████████████
            ██████████████████ . . . . . . . . . . . . . . . . . . . . . . . 11

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Guam v. Shymanovitz*, 157 F.3d 1154 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Anderson*, 741 F.3d 938 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Andrade*, 2025 WL 267355 (N.D. Cal 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*United States v. Bradley*, 5 F.3d 1317 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Brooke*, 4 F.3d 1480 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Brown*, 880 F.2d 1012 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Charley*, 1 F.4th 637 (9th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Daly*, 974 F.2d 1215 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*United States v. Garcia-Orozco*, 997 F.2d 1302 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Hernandez-Miranda*, 601 F.2d 822 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Herrera-Medina*, 609 F.2d 376 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Hill*, 953 F.2d 452 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Hodges*, 770 F.2d 1475 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Lewis*, 837 F.2d 414 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Martin*, 796 F.3d 1101 (9th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Mayans*, 17 F.3d 1174 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Mehrmanesh*, 689 F.2d 822 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Moore*, 735 F.2d 280 (8th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Schmidt*, 947 F.2d 362 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Sleugh*, 2015 WL 3866270 (N.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    - ii -

*United States v. Vizcarra-Martinez*, 66 F.3d 1006 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Williams*, 989 F.2d 1061 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATUTES**

18 U.S.C. § 371. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 666(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1341. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1349. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1001(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**RULES**

Federal Rules of Evidence, Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

Federal Rules of Evidence, Rule 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6, 8, 9, 10

Federal Rules of Evidence, Rule 404(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 8

Federal Rules of Evidence, Rule 404(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 11

**OTHER AUTHORITIES**

*McCormick on Evidence* § 190, (4th ed. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MARK GOLDROSEN (CSBN 101731)
255 Kansas Street, Ste 340
San Francisco, CA 94103-5154
Tel: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT  (CSBN 179023)
217 Leidesdorff Street
San Francisco, California 94111
Tel: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorneys for Defendant ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff<br><br>vs.<br><br>ANDRE JONES,<br><br>     Defendant. | Case No. 25-cr-0003 YGR<br><br>DEFENDANT ANDRE JONES'S NOTICE OF MOTION AND MOTION FOR AN ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE RULE 404(b)<br><br>DATE: August 14, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Yvonne Gonzalez Rogers |

## I.    INTRODUCTION AND FACTUAL BACKGROUND

### A.    Overview

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    1

[█████████████████████████████████]

[█████████████████████████████████]

[█████████████████████████████████]

[█████████████████████████████████]

[████████]

### B.    Indictment

On January 9, 2025, the government filed an indictment against Sheng Thao, Andre Jones, David Trung Duong, and Andy Hung Duong. Paragraphs 1 and 2 of the indictment provide an "[o]verview" of the allegations.

> 1.    Leading up to the 2022 Oakland mayoral election, and following her election as mayor, SHENG THAO engaged in a corrupt relationship with her partner ANDRE JONES, and local businessmen, defendants DAVID DUONG and ANDY DUONG. As part of the corrupt relationship, THAO promised to take official actions as mayor of Oakland to benefit D. DUONG and A. DUONG in exchange for various benefits to THAO and JONES. Among other acts, THAO promised to commit the City of Oakland to purchase housing units from D. DUONG and A. DUONG's housing company, to extend the contract for D. DUONG and A. DUONG's recycling company, and to appoint senior city officials selected by D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, a local businessman and longtime associate of D. DUONG and A. DUONG. In exchange, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 promised to pay $75,000 to fund negative mailers targeting THAO's opponents in the mayoral election and to make $300,000 in direct payments for a no-show job to JONES for the benefit of THAO and JONES.
>
> 2.    In furtherance of the corrupt relationship, D. DUONG and A. DUONG spent $75,000 to fund a negative mailer in support of THAO's campaign. Following the mayoral election, D. DUONG, A. DUONG, and CO-CONSPIRA TOR l paid $95,000 to JONES for the benefit of JONES and THAO, with the promise of additional payments. Once in office, THAO took steps to carry out her end of the corrupt arrangement, including using her influence to help appoint a high-level City of Oakland official selected by D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, as well as other steps to benefit D. DUONG and A. DUONG's housing company and recycling company.

Dkt # 1 at ¶¶ 1-2.

The indictment charges eight substantive offenses. All four defendants are charged in Counts One (conspiracy to commit bribery of an official of a local government that received federal funding in violation of 18 U.S.C., § 371); Four (conspiracy to commit honest services mail fraud and honest services wire fraud, in violation of 18 U.S.C. § 1349); Five (honest

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR          2

services mail fraud in violation of 18 U.S.C., § 1341), Six (honest services wire fraud, in violation of 18 U.S.C., § 1343) and Seven (honest services wire fraud, in violation of 18 U.S., § 1343).

Thao and Jones are charged separately with Count Two (bribery concerning programs receiving federal funds in violation of 18 U.S.C., § 666(a)(1)(B)) and the Duongs are charged with the same offense in Count Three. Finally, Count Eight charges Andy Duong alone with making false statements to a government agency, in violation of 18 U.S.C., § 1001(a)(2).

The charged conspiracies are alleged to have begun not later than October 7, 2022, and continued through at least on or about June 20, 2024.

**C.    404(b) Notice**

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                3

II.    **ARGUMENT**

    A.    █████████████████████████████████████████

        1.    <u>Applicable law regarding Rule 404(b) evidence</u>

Federal Rules of Evidence, Rule 404(b) governs the admissibility of other crimes, wrongs, or acts committed by a defendant. This rule states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404 (b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident." Rule 404 (b)(2).

The Ninth Circuit has held that the use of evidence pursuant to this rule "must be narrowly circumscribed and limited" and "may not be introduced unless the government establishes its relevance to an actual issue in the case." *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993) (citing *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985)).

> [E]xtrinsic acts evidence is not looked upon with favor. We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

*United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (internal quotation marks and citations omitted). Based on this rationale, it has long been held that under Rule 404(b) evidence of other crimes or wrongs is inadmissible where "its only relevance is to show criminal disposition." *United States v. Lewis*, 837 F.2d 414, 419 (9th Cir. 1988).

The purpose of Rule 404(b) is to "'avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment.'" *United States v. Hill*,

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING
EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    4

953 F.2d 452, 457 (9th Cir. 1991) (quoting *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir.1989)). The government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case. It "must articulate precisely *the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.*" *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (citing *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added); *accord United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993).

The Ninth Circuit applies a four-part test when considering admissibility under Rule 404(b). The government must show that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015) (citation omitted). With respect to the fourth prerequisite, the similarity requirement is in effect when the prior crimes are being used to establish intent, identity, *modus operandi*, or absence of mistake or accident. *United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989) (emphasis added).  In such cases, the prior crime "simply lacks probative value unless it is sufficiently similar to the subsequent offense. This is true because, if the prior act is not similar, it does not tell the jury anything about what the defendant intended to do in his later action—unless, of course, one argues (impermissibly) that the prior act establishes that the defendant has criminal propensities." *Id*. (internal citations omitted); *see also United States v. Charley*, 1 F.4th 637, 650 (9th Cir. 2021) ("The greater is the dissimilarity of the two offenses, the more tenuous is the relevance.") On the other hand, "in cases involving the use of prior crimes to show 'opportunity, knowledge, preparation or motive,' similarity may or may not be necessary depending upon the circumstances." *United States v Miller*, 874 F.2d at 1269.

In addition, the government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Schmidt*. 947 F.2d 362, 367 (9th Cir. 1991); *see also United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                5

Cir. 1982). "Once these prerequisites have been satisfied; the evidence is admissible for those purposes permitted by Rule 404(b) if the court also determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403." *United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir 1982).

2. ███████████████████

As the Ninth Circuit explained in *Guam v. Shymanovitz*, 157 F.3d 1154, 1158, n.9 (9th Cir. 1998) (overruled on other grounds in *United States v. Curtin*, 489 F.3d 935, 953 (9th Cir. 2007)), "[s]uch use of modus operandi evidence is rare, and the similarities must be specific and detailed and clearly set the particular offense apart from the general body of such offenses. See *McCormick on Evidence* § 190 at 801–803 (4th ed.1992) (noting that modus operandi evidence must involve acts by the defendant that are 'so nearly identical in method as to earmark [the charged offense] as the handiwork of the accused' and that are 'so unusual and distinctive as to be like a signature')."

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                                          6



DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING
EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    7



**B.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1.  Applicable law regarding the "inextricably intertwined" doctrine

"Other act evidence that is 'inextricably intertwined' with a charged offense is

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING
EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    8

independently admissible and is exempt from the requirements of Rule 404(b)." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013); *see also* Fed. R. Evid. 404(b) advisory committee's notes (stating that Rule 404(b)'s requirements do "not extend to evidence of acts which are 'intrinsic' to the charged offense"). The Ninth Circuit recognizes "two categories of [other-act] evidence that may be considered 'inextricably intertwined' with a charged offense and therefore admitted without regard to Rule 404(b)." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). The first category of evidence is that which "constitutes a part of the transaction that serves as the basis for the criminal charge." *Id*. The second category includes evidence that is necessary for the United States to tell a "coherent and comprehensible story regarding the commission of the crime." *Id*.

Under the first category, where multiple offenses are committed as part of a single criminal episode, those offenses do not become "other acts" simply because the defendant is not indicted for every possible charge. *United States v. Anderson*, 741 F.3d at 949; *see also United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (explaining that the "policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant is indicted for less than all of his actions."). However, a criminal "transaction that is far removed in time from the charged transaction … cannot be considered 'a part of' the charged transaction." *Anderson*, 741 F.3d at 949. And the government must demonstrate "a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995).

In *Vizcarra-Martinez*, the defendant was charged with wrongful possession and conspiracy to wrongfully possess a listed chemical knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine. The prosecution introduced evidence that defendant was in possession of a small amount of methamphetamine at the time of arrest. On appeal, the government argued that this evidence was "inextricably intertwined" with

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    9

the charged offenses, but the Ninth Circuit disagreed. The court explained that "when it is clear that particular acts of the defendant are part of, and thus inextricably intertwined with, a *single* criminal transaction, we have generally held that the admission of evidence regarding those acts does not violate Rule 404(b)." *Id.* at 1012 (emphasis added). But, the court held that "the defendant's personal use of methamphetamine was, unquestionably, not a part of the transaction with which he was charged, and was thus not "inextricably intertwined" with the charged offense. *Id.* at 1013.

The second category allows the United States to bypass Rule 404(b) and introduce "other act" evidence as "necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1013. This is because the jury cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *Anderson*, 741 F.3d at 949.

As the court in *Vizcarra-Martinez* explained,

> it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime. This exception to Rule 404(b) is most often invoked in cases in which the defendant is charged with being a felon in possession of a firearm. For example, in *United States v. Daly*, 974 F.2d 1215, 1216 (9th Cir. 1992), evidence regarding a shoot-out was considered to be 'inextricably intertwined' with the charge that the defendant was a felon in possession of a firearm. We based our holding upon the fact that 'evidence regarding the shoot-out was necessary to put [the defendant's] illegal conduct into context and to rebut his claims of self defense.' *Id.* Recognizing the difficulty that the prosecution would encounter in proving that the defendant possessed a gun and in rebutting his proffered defense without relating the facts surrounding the commission of the crime, we observed that 'the prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon ....' *Id.* (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)).

*Vizcarra-Martinez*, 66 F.3d at 1012-1013.

2. █████████████████████████████████████

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    10



C.

Even if evidence is admissible under Rule 404(b)(2) or the "inextricably intertwined" doctrine, it may still be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Bailleaux*, 685 F.2d at 1110.

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING
EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                    11



## III.    CONCLUSION

DATED: July 10, 2026                     Respectfully Submitted,


/S/ Mark Goldrosen
MARK GOLDROSEN
SHAWN HALBERT
Attorneys for Defendant
ANDRE JONES

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING
EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                     12

PROOF OF SERVICE

I, the undersigned, declare that I am over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 255 Kansas Street, Suite 340, San Francisco, CA 94103. My electronic service address is markgoldro@aol.com.

On July 10, 2026, I served a true copy Defendant Andre Jones's Notice of Motion and Motion for an Order Excluding Evidence at Trial Pursuant to FRE, Rule 404(b), Declaration of Mark Goldrosen in Support of Motion and Exhibits, Administrative Motion for Under Seal Filing, Declaration in Support of Under Seal Filing, and Proposed Order for Under Seal Filing via email to the following parties:

AUSA Abraham Fine - abraham.fine@doj.gov

AUSA Molly K. Priedeman - molly.priedeman@doj.gov

AUSA Lloyd Farnham - lloyd.farnham@doj.gov

AUSA Brandon Moore - brandon.moore@doj.gov

Jeffrey Tsai - jeff.tsai@us.dlapiper.com
Counsel for Defendant Sheng Thao

Winston Chan - wchan@gibsondunn.com
Counsel for Defendant Andy Duong

Ed Swanson - ed@smllp.law
Counsel for Defendant David Duong

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 10, 2026, at San Francisco, California.

/s/ Mark Goldroen
Mark Goldrosen

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE, RULE 404(B)
Case No. 25-CR-0003 YGR                13