Exhibit A - Government Disclosures Pursuant to
Federal Rule of Evidence 404(b)

May 19, 2026
Page 2

(9th Cir. 2007) (en banc)). "Under our low threshold test of sufficiency, the government need not prove Rule 404(b) evidence by a preponderance of the evidence. Instead, the government need only lay a factual foundation from which a jury could reasonably conclude that the defendant committed the allegedly-similar bad acts, and that he possessed the requisite intent in committing those bad acts." *Id.* (internal citations omitted). Rule 404(b) permits the introduction of evidence of other crimes, wrongs or acts for any purpose other than to show "action in conformity therewith," including as "proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) is an inclusionary rule which admits evidence of other acts unless it tends only to prove criminal disposition. *Curtin*, 489 F.3d at 944-45. So "inclusionary" is the rule that "evidence of other crimes may be probative on issues that are not listed specifically in Rule 404." *United States v. McKoy*, 771 F.2d 1207, 1213-14 (9th Cir. 1985).

Moreover, the notice requirement, like Rule 404(b), does not extend "where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment." *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003); *accord* Fed. R. Evid. 404(b), Advisory Committee Note to the 1991 Amendment (explaining that the rule "does not extend to evidence of acts which are 'intrinsic' to the charged offense"). Evidence of other acts is inextricably intertwined when (1) it constitutes a part of the transaction that serves as the basis for the criminal charge, or (2) it helps the prosecutor offer a coherent and comprehensible story regarding the commission of the crime. *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). Furthermore, the Ninth Circuit has held that uncharged transactions in a scheme should not be excluded as "other act" evidence if they are part of the same scheme or if they are inextricably intertwined with the charged conduct. *See Loftis*, 843 F.3d at 1176-78 ("even if the uncharged transactions at issue were not part of the crime charged, they would not be subject to exclusion under Rule 404(b) because they are 'part of the same transaction' as the charged transactions. The inextricably intertwined doctrine, therefore, affords a second basis for concluding the evidence should not be treated as 'other' crimes or 'other' acts evidence under Rule 404(b)."). As the Ninth Circuit explained, "[t]he policies underlying Rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (internal citation omitted).

The government provides this notice to the defendants that it intends to offer at trial the evidence described below. This evidence is relevant and admissible, in part for the reasons described below, and is not barred by Rule 404(a). Furthermore, much of the evidence described below is inextricably intertwined with the charged conduct, and thus not subject to Rule 404(b), and is disclosed below out of an abundance of caution. To the extent some of the evidence could be considered subject to Rule 404(b), the evidence is admissible under the applicable law on the bases and for the reasons described below.

May 19, 2026
Page 3

May 19, 2026
Page 4



May 19, 2026
Page 5



May 19, 2026
Page 6



May 19, 2026
Page 7



May 19, 2026
Page 8



\*     \*     \*

The inclusion of a category of evidence in this letter does not constitute a concession that notice is required to use the listed evidence at trial. The omission of a category of evidence does not constitute a determination or notice that the government does not intend to use such evidence at trial.

Finally, the government reserves its right to supplement or revise this notice in advance of trial. Additionally, all the categories of evidence listed above may also be admissible in cross-examination of the defendant or other defense witnesses, including any potential defense expert witnesses.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____

ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys