Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>          vs.<br><br>SHENG THAO, et al.,<br><br>                          Defendants. | No. CR 25-0003 YGR<br><br>**DEFENDANT DAVID DUONG'S JOINDER IN MOTIONS TO EXCLUDE** |

Defendant David Duong hereby joins the following motions filed on July 10, 2026 by codefendants Andre Jones, Sheng Thao, and Andy Duong.

Mr. Duong joins Andre Jones's motion to exclude two items of evidence. Dkt. 221 (submitted partially under seal). The first item of evidence, which the government seeks to admit under Rule 404(b), does not relate to Mr. Duong. *Id.* at 6-8. Mr. Duong joins that portion of the motion because, even if introduced at trial, this evidence would be inadmissible as to him. *United*

*States v. Erickson*, 75 F.3d 470, 479 (9th Cir. 1996) (noting that under Rule 404(b), "evidence of a defendant's prior bad acts is admissible only against that defendant") (*citing Huddleston v. United States*, 485 U.S. 681, 689 (1988)). The second item of evidence at issue in Mr. Jones's motion does relate to Mr. Duong; it should be excluded for the reasons set forth by Mr. Jones. Dkt. 221, 10-11.

Mr. Duong joins Ms. Thao's motion to exclude three items of evidence. Ms. Thao moved to exclude the same two items at issue in Mr. Jones's motion. Dkt. 218 (submitted under seal), at 5-8 and 10. Mr. Duong joins those requests for the reasons stated above. Ms. Thao additionally moved to exclude a third matter, which does not relate to Mr. Duong and which the government seeks to introduce under Rule 404(b). *Id.* at 8-10. Mr. Duong joins this portion of Ms. Thao's motion because the evidence, even if introduced at trial, would not be admissible as to him. *Erickson, supra.*

Mr. Duong joins Andy Duong's motion to exclude four matters. Dkt. 219 (submitted partially under seal). Two do not relate to David Duong. *Id.* at 6-13. Because the government seeks to introduce them against Andy Duong under Rule 404(b), they are inadmissible as to David Duong. The other two matters do not relate to David Duong. *Id.* at 13-15. They are not inextricably intertwined with the charged conspiracy for the reasons stated in Andy Duong's motion.

Dated: July 21, 2026

Respectfully submitted,

_____/s/_____
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Duong

2

**Joinder in Codefendant's Motions to Exclude**
*United States v. Thao, et al.*, CR 25-0003 YGR