Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHENG THAO, et al.,<br><br>Defendants. | No. CR 25-0003 YGR<br><br>**DEFENDANT DAVID DUONG'S REPLY REGARDING 404(b) EVIDENCE** |

Defendant David Duong submits this reply as to one issue raised in the government's opposition papers: its claim that evidence of the alleged Azevedo bribery plot is "directly admissible against Thao, Jones, and D. Duong because it is relevant to the intent and purpose of the payments made to Jones by Evolutionary Homes." Opposition to Motions to Exclude Evidence (Dkt. 235), 18. The government asks the Court to admit as to Ms. Thao, Mr. Jones, and

David Duong evidence of a separate bribery scheme in which they played no role and of which they had no knowledge. The law does not allow such a "guilt by association" theory of prosecution.

First and foremost, binding Ninth Circuit law precludes the use of Andy Duong's alleged other bad acts against his codefendants. In a footnote, the government attempts to dismiss the holding in *United States v. Erickson*, 75 F.3d 470 (9th Cir. 1996), as non-binding dicta. Dkt. 235, 19 n.4. That is not a fair reading of the case. In *Erickson*, a doctor (Erickson) and a practice he owned (the Center) were both convicted of knowingly overbilling Medicare for services provided by the Center's nurses. *Erickson*, 75 F.3d at 473. At trial, four witnesses who worked with Erickson at a different hospital testified that while employed there, Erickson also committed billing improprieties. *Id*. at 478. The trial court did not limit the use of some of that evidence to Erickson alone, and the Center argued the failure to issue a limiting instruction was error. *Id*. at 479. The Ninth Circuit agreed: "The Center is correct. Evidence of a defendant's prior bad acts is admissible only against that defendant." *Id*.

True, the Ninth Circuit went onto find the error harmless, given that counsel for the Center "established on cross-examination that the acts described all occurred several years before the creation of the Center." *Id*. But that does not render the court's statement of the law—"[e]vidence of a defendant's prior bad acts is admissible only against that defendant"—dicta or invite future courts to do so. The Ninth Circuit held that the trial court improperly failed to give a limiting instruction; it just also concluded that the error did not affect the outcome of the trial.

Nor is *Erickson* distinguishable on the grounds that the court there "did not consider the prior acts as relevant to any co-defendants," as the government claims. Dkt. 235, 19 n.4. In *Erickson*, the issue was both whether evidence of Erickson's bad acts could be admitted against him *and* whether it could be admitted against his codefendant, the Center. While the court rejected Erickson's arguments that admission was error as to him (75 F.3d at 477-78), it found error in the trial court's failure to issue a limiting instruction as to the Center. *Id* at 479.

2

**Reply Regarding 404(b) Evidence**
*United States v. Thao, et al.*, CR 25-0003 YGR

In support of its argument that evidence of the alleged Azevedo bribery plot is admissible against Thao, Jones, and David Duong, the government relies on *United States v. McCourt*, 925 F.2d 1229 (9th Cir. 1991). Dkt. 235, 18. *McCourt*, however, concerned a fundamentally different situation. There, it was the defendant—not the government—who sought to introduce evidence of the prior bad acts of a third party (McDonald) to show that McDonald likely committed the crime. *Id.* at 1230. The question for the court was whether 404(b) applied to not just to parties to a case but also to third parties, and specifically whether the rule prohibited introduction of third-party McDonald's prior bad acts to show that McDonald had acted in conformity with them on a given occasion. *Id.* The court held that 404(b) does not apply to third parties, and that evidence of McDonald's prior bad acts was thus property excluded. *Id.* at 1236. In short, *McCourt* did not address the situation here, where the government seeks to use third-party bad acts against the defendant.

While *Erickson* thus controls the outcome, other courts have similarly rejected attempts to use one defendant's bad act evidence to convict another, finding that to admit such evidence is essentially to invite the jury to find one defendant guilty by his association with the other defendant. That is an impermissible argument. The decision in *United States v. DeCicco*, 435 F.2d 478 (2d Cir. 1970) is instructive on this point.

In *DeCicco*, four defendants were tried jointly and convicted of transporting stolen artwork across state lines. *Id.* at 479-80. The prosecution introduced an uncharged act of fencing stolen artwork involving only two of the defendants. *Id.* at 481-82. Trial court failed to restrict the jury's use of the uncharged conduct to the specific defendants involved in the uncharged fencing. *Id.* at 482, 487 n.4 (instruction told jury they could use uncharged act evidence against "an accused" generally). On appeal, the Second Circuit found error because the instruction allowed the uncharged act evidence to be used against the codefendants. *Id.* at 483. As the court explained: "Little discussion is needed to demonstrate that prior similar acts of misconduct performed by one person cannot be used to infer guilty intent of another person who is not shown to be in any way involved in the prior misconduct[.]" *Id.* The Court condemned this

3

"birds of a feather" theory of justice, concluding that guilt "cannot be inferred merely by association." *Id*.

Finally, the plain language of the rule and other interpreting case law makes clear that it permits the admission of evidence of prior bad acts of a person *against that person*, not against some other person who has no connection to the bad acts. "Evidence of *a person's* character or character trait is not admissible to prove that on a particular occasion *the person* acted in accordance with the character or trait." Rule 404(b)(1) (emphasis added). Nowhere does the rule suggest that evidence of one person's bad acts can be used to prove another's alleged wrongdoing. This point is obvious and is reflected in cases discussing the foundation the prosecution must lay to admit other act evidence. *See*, *e.g.*, *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021) (describing "four requirements" the government must satisfy to admit other act evidence, including "(3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency)").

The government also argues that the Azevedo bribery scheme is admissible against Thao, Jones, and David Duong because it reflects a prior instance of Andy Duong's modus operandi, in which the alleged bribe payment went to the spouse of the briber. Dkt. 235, 18. The government cites *United States v. Morano*, 697 F.2d 923, 926 (11th Cir. 1983), in support of this theory. As an out-of-circuit decision, however, *Morano* does not control—*Erickson* does. In addition, in *Morano*, the Rule 404(b) arson evidence bore "such striking similarities as to 'mark them as the handiwork of the same individual'" seen conspiring with the defendant against whom the evidence was offered. *Id*. at 926. That is not the case here. The routing of bribery funds through a spouse or other close relative is not unique or distinctive enough to establish modus operandi. *United States v. Luna*, 21 F.3d 874, 879 (9th Cir. 1994) (to be admissible as modus operandi, prior and charged offense must be committed in "distinctive" manner). It is not unusual for bribes to be concealed, and that concealment is often accomplished by routing payments through a spouse or other close relative. *See United States v. Jefferson*, 674 F.3d 332, 341-51 (4th Cir. 2012) (bribe payments systematically routed through companies nominally owned and operated

by the defendant's wife, daughters, and brother); *United States v. Pressley*, 518 F. App'x 713, 715 (11th Cir. 2013) ("In order to conceal the scheme, instead of paying Eddie directly, Hall transferred over $2.7 million to foreign bank accounts that Eurica [Eddie's wife] opened and managed.").

For the reasons stated by Andy Duong, the Court should exclude evidence of the alleged Azevedo bribery scheme in its entirety. Should the Court disagree, however, it should not admit that evidence against Ms. Thao, Mr. Jones, or David Duong.

Dated: July 31, 2026

Respectfully submitted,

_____/s/_____
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Duong

**Reply Regarding 404(b) Evidence**
*United States v. Thao, et al.*, CR 25-0003 YGR