MARK GOLDROSEN (CSBN 101731)
255 Kansas St Ste 340
San Francisco, CA 94103-5154
Tel: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT  (CSBN 179023)
217 Leidesdorff Street
San Francisco, California 94111
Tel: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorneys for Defendant
ANDRÉ JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 25-CR-0003-YGR |
| Plaintiff, | |
| v. | DEFENDANT ANDRE JONES'S REPLY IN SUPPORT OF MOTION FOR AN ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO FRE 404(b) |
| SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG | |
| Defendants. | Hearing Date: August 14, 2026 |
| | Hearing Time: 9:00 a.m. |
| | Court: Hon. Yvonne Gonzalez Rogers |

The defense hereby responds to the portions of the government memorandum concerning evidence that the government seeks to introduce against defendant Andre Jones, Dkt. 235.[1]

---

[1] The government responded publicly to material that the defense filed under seal, facts that were not known to the public. The government did not seek leave to publicly address facts and arguments that the defense had sought to be placed under seal. The government's action was improper, as the Local Criminal Rules provide that if a court does not allow a party to file under seal (here, there was no order either way yet), the party may then decide whether to refile publicly portions of the material that the party sought to file under seal; the under seal portions of the filing do not automatically become public. *See* Northern District of California Local Rule 56-1(d). The purpose of moving to exclude material under Federal Rules of Evidence 404(b) and 403 is to exclude at trial material that is not relevant and/or is unduly prejudicial. The government is well aware that this case is being covered by numerous new organizations. By publicly responding to material that was filed under seal, the government has effectively leaked private negative information to the press, which has led to another round of press coverage focused on the most irrelevant and prejudicial aspects of evidence that the government seeks to admit and that should be excluded at trial. By so doing, the government has spread to the potential jury pool salacious and irrelevant evidence that will affect the jury the Court will seek to empanel, and at the very least lead to the exclusion of jurors who read the paper, likely a more educated, interested and informed group of people that the defense would not otherwise seek to exclude from the jury. This

1.  <u>2021 Rental Letter</u>

As to the defense's motion to exclude the fact that when he was between jobs in 2021, Andre Jones and Sheng Thao obtained a letter from Thao's sister saying that Jones had a job so that Jones and Thao could obtain a home rental for themselves and each of their respective children, the government argues that the event meets the criteria under the Rule 404(b) factors. The government repeats the phrase that Rule 404(b) is a "rule of inclusion," *see, e.g.* Dkt. 235 at 23, ignoring the fact that the prerequisite for inclusion is the government showing that the evidence is admissible on some other basis than propensity, and that "extrinsic acts evidence is not looked upon with favor" and must be "narrowly circumscribed and limited." Dkt. 221 at 4.

As to the first Rule 404(b) factor for courts to consider, the government argues that the evidence goes to the "material point" that Jones and Thao had "interconnected finances and a financial motive to engage in the charged bribery scheme;" because they allegedly had "obtained a lease that they likely could not afford by fabricating a job for Jones, [they] thus had a motive to obtain illicit payments from the Duongs approximately a year later…." Dkt. 235 at 22.[2] *See also id.* at 2 and 7. As to the 2021 conduct providing a motive in late 2022, the government knows full well that this argument is unfounded because it knows from Jones's bank statements that Jones secured a job paying approximately $120,000 per year in mid-2022, meaning that Jones and Thao were demonstrably *not* in the same financial situation as they had been in a year prior. Further, as to whether they had shared finances, the government intends to introduce evidence of their bank accounts in 2022 and 2023; by contrast, evidence of the letter in 2021 proves only that they were trying to rent a home together, not that their finances were intertwined. Finally, the inaccurate 2021 job letter is not proof that Jones and Thao could not afford the home they were seeking to lease. It only showed that they were trying to augment their application to make it look more favorable to the property company, and thus more likely they

deliberate release of information was particularly unnecessary for Jones, where the two items the defense sought to exclude are not relevant evidence at trial. The full effect of the government's disclosure will not be fully known until the news cycle on these motions ends. The defense reserves the right to seek further relief as to this issue. Because the government publicly filed information that had previously not been publicly available, and because these materials have been discussed in various news articles, the defense does not seek to file this Reply under seal.

[2] The citations are to the page number on the bottom of the brief rather than the ECF page number.

would secure the lease. The job letter has not been demonstrated to be indicative of their financial condition or that they did not have other resources to pay the rent.

Further as to the first and fourth Rule 404(b) factors, the government argues that the 2021 event shows a "distinct modus operandi." Dkt. 235 at 22. But again, that is just not true. The false assertion in 2021 that Jones had a job was so that Jones could *pay* rent to a landlord, not gain money for Thao. Thus, the non-existent job in 2021 was not a means to have money flow *to* Thao but to flow *away* from Jones for his rental payment and thus does not bear any of the hallmarks of a modus operandi. The coincidental fact that the 2021 event (an attempt to become tenants at a rental property will always concern the income of the potential tenants) and the government's theory of this case involve a job that was only on paper does not make them the same "modus operandi" if nothing else about the two events is the same. To argue that the "mutual benefit" of Jones requesting the opportunity to pay rent is comparable to the "mutual benefit" of accepting a bribe stretches the concept of modus operandi far too thin.

Finally, as to the first factor, the government argues that alternatively, the event is admissible to prove "lack of mistake" or "intent." Dkt. 235 at 22. The government does not respond to the defense's argument that it is not going to raise the illogical defense that Jones accidentally received money from the Duongs in 2022/2023. Dkt. 221 at 7. Nor is the 2021 event whereby Jones claimed a job he did not have in order to rent a home probative of intent that he allegedly was funneling bribes to Thao. Jones's intent to allegedly get a bribe from the Duongs in 2022/2023 cannot possibly be demonstrated by his intent to pay rent in 2021 through a false letter. Rather, the government will have to try to prove intent through evidence that is related to the actual conspiracy charge.[3]

2. Niagara Foundation Movement Donation

It is unclear as to why the government gave notice of acts that it was allegedly seeking to introduce as Rule 404(b) material if it makes no argument in its Opposition that the act is admissible under Rule 404(b) but instead argues that the act is inextricably bound up in the conspiracy. *See* Dkt. 235 at 14-16 (arguing that the Niagara Foundation Movement donation was directly relevant to the

---

[3] The second and third factors only come into play if the Court were to find that the government had satisfied the first and fourth factors, which it has not.

charges or inextricably intertwined with the charged conspiracy). If the government has no Rule 404(b) argument to present to the Court, the issue did not need to be litigated before trial in the press.

As to the government's stated intention to introduce evidence that Jones supposedly directed the Duongs to make a $5,000 donation for a table at an event for the Niagara Movement,[4] the evidence is irrelevant because it fails to describe a financial benefit to Jones or Thao. Missing from the government's argument is any evidence that the donation financially benefited Thao. The government vaguely claims that "Thao's presence at the Niagara Movement Foundation event would benefit her politically." Dkt. 235 at 16. But while the government implies that Thao's attendance at the dinner was somehow made possible by the Duongs's donation, the government notably does not argue explicitly that Thao was able to attend the event based on the money donated by the Duongs because there appears to be zero evidence to support that contention. Without any evidence that the donation was "meant to benefit Thao," Dkt. 235 at 15, there can be no basis for the admission of this evidence. And, to the extent Thao received any "political benefit" from attending the gala, such a benefit was not part of the alleged conspiracy. The allegation that the donation was discussed at a "key meeting" of the conspiracy cannot make it part of the conspiracy any more than discussing the weather would.

As to whether the donation is inextricably intertwined with the conspiracy, the government does not need this event to prove that Jones and Thao had a relationship with the Duongs. The relationship is not disputed by Jones, and presumably the government will seek to prove their relationship with all of the other evidence it seeks to introduce at trial to attempt to prove that there was an illegal conspiracy that involved Jones. Given the undeniable fact that Jones had a relationship with the Duongs, a request that the Duongs support a worthy cause supported by Jones does not magically transform it into part of the alleged conspiracy or integral to proving their relationship.

3. FRE 403

Finally, the government does not address the defense's arguments that even if there were a sliver

---

[4] The Niagara Movement was originally founded in 1905 by W.E.B. Du Bois and William Monroe Trotter to oppose racial segregation, disenfranchisement, and to demand equal economic and educational opportunities for black Americans. The Oakland-based Movement is a 501(c)(3) nonprofit founded in 1973 by leaders including former Oakland Mayor Elihu Harris and has as its mission "to uplift and empower disadvantaged youth from economically challenged backgrounds."

of relevance to either of these two events, they should be excluded under Federal Rule of Evidence 403. Some jurors might conclude that the use of a fraudulent letter in order to pay rent in 2021 makes Jones a dishonest person in general, more likely to commit a crime and be dishonest in the future. Dkt. 221 at 12. Some jurors may disapprove of the potential pressure on a constituent to donate to a cause and hold that against Jones independent of proof of the conspiracy. *Id.* Some jurors may not approve of historical black institutions, a hot button issue in the political environment in which the government is prosecuting entities for engaging in DEI practices, which would necessitate addressing this issue in *voir dire*.

For all of the foregoing reasons, the defense requests that the Court exclude evidence of these two events at trial.

Dated: July 31, 2026

/s/      Shawn Halbert
SHAWN HALBERT
MARK GOLDROSEN
Counsel for Andre Jones