CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
Abraham.Fine@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG<br><br>Defendants. | Case No. 25-CR-00003 YGR<br><br>UNITED STATES' MOTION *IN LIMINE* NUMBER 3 TO ADMIT CERTAIN STATEMENTS AS NON-HEARSAY |

## I. INTRODUCTION

The United States moves in limine to admit certain written evidence of out of court statements as non-hearsay or admissible under an exception to the hearsay rule. The government identifies the statements and brings this motion to permit the Court consider and adjudicate any disputes prior to trial.

The statements included in this motion are offered for a non-hearsay use, are part of conversations with or include statements of defendants, or are either adoptive admissions, statements of a party agent, or business records.

## I. DISCUSSION

### A. Statements Not Offered for the Truth are Not Hearsay

Hearsay is an out of court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Statements not offered for the truth of the matter asserted are not hearsay. *Id.*; *United States v. Moran*, 493 F.3d 1002, 1013 (9th Cir. 2007).

Under Rule 801(d)(2)(A), an opposing party's statement, when "offered against an opposing party and[] … made by the party" is not hearsay and is excluded from Rule 801, even if offered for the truth. Further, under Rule 801(d)(2)(D), a statement is not hearsay if it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." To be admissible under this rule, "(1) the statement must be made by an agent or employee of the party against whom the statement is being offered; (2) the statement must concern a matter within the scope of that employment relationship; and (3) the statement must be made while the declarant is yet employed by the party." *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).

Business records fall within an exception to the hearsay rule if the record was made at the time information it is was transmitted, the record was retained in the regular course and part of a regular practice, and the record is offered with a qualifying witness or a certification of business records. Fed. R. Evid. 803(6). The government seeks to admit the statements described below and reflected in the attached exhibits to this motion.

### B. Certain Communications Sent to or Part of Conversations with a Defendant are Not Hearsay, or are Statements of Party Opponents or Agents

#### 1. March 10, 2023 Signal Conversation Between Thao and Hanson

The government seeks to admit the following statements in Signal messages exchanged between defendant Sheng Thao and her chief of staff, Leigh Hanson on March 10, 2023 (at OAK 184249-250):

> **Hanson:** Can we talk this morning about Larry [Gallegos]. I thought you wanted him for EWD but Harold [Duffey] reached out and said you want him for HCD. I just want to make sure I understand so I can make it all happen. I had already told Harold to put things in place for the original plan and I think he's confused now. Plus I think we will loose [sic] people on the housing team given Larry has a different skill set. Let's talk.
>
> **Thao:** Yes I'll fill you in.

Exhibit 1. The message from Hanson is not offered for its truth and therefore is not hearsay under Rule 801(c)(2); instead the message would show the effect on the listener, explain Thao's subsequent actions regarding the appointment, show Thao's knowledge of elements of the corrupt agreement, and provide the necessary context for the admissible Thao statement ("Yes I'll fill you in.").

In addition, the statement is admissible as an adopted statement of party-opponent Thao, under Rule 801(d)(2)(B), and as a statement of an "agent or employee on a matter within the scope of that relationship and while it existed" as it was made by Thao's then chief of staff, while employed, and on a topic within Hanson's scope of employment. Fed. R. Evid. 801(d)(2)(D).

#### 2. July 4, 2023 Signal Conversation Between Thao and Hanson

The government seeks to admit statements contained in Signal messages exchanged between defendant Thao and Hanson on July 4, 2023 (at OAK 184263-264) regarding D. Duong paying for the Vietnam trip, including a discussion of who would pay for travel of other people invited by Thao including her family members, and including discussion of how Hanson should respond to a message from CWS employee Thersa Hoang. *See* Exhibit 2.

These messages are not being offered for their truth, but instead to explain the subsequent actions of Hanson and Thao, and to show Thao's knowledge that D. Duong and his organization VABA paid for most of the people on the Vietnam trip, including Thao's invitees. In addition, the statements, including Hanson's messages, are adoptive admissions because Thao responds "yes" to both messages. The

messages would also be admissible as statements of a party agent or employee.

**3. July 4, 2023 Email Conversation Regarding the Duongs Paying for Individuals Invited on the Vietnam Trip by Thao**

The government seeks to admit an email conversation involving Hanson, Teresa Hoang, and David Duong on July 3 and July 4, 2023 (at OAK-0290627-629) regarding whether VABA will be paying for other people invited on the Vietnam trip by Thao. *See* Exhibit 3.

This communication is a business record under FRE 803(6), as a document kept in the usual course by CWS and the City of Oakland, and contains statements of agents of party opponents (Leigh Hanson for Thao, and Teresa Hoang for David Duong). It is also not being offered for its truth, but rather to show that both Thao and D. Duong knew that VABA would be arranging and paying for travel for everyone but Thao, and that the Port of Oakland would not be covering Thao's trip to Thailand. It is also relevant to explain the subsequent actions by Thao, David Duong, and others regarding the trip and the knowledge of the benefits received by Thao from VABA and David Duong, a non-hearsay use.

**4. September 15, 2023 Email Conversation Involving Teresa Hoang, Kristina Duong, and David Duong**

The government seeks to admit an email conversation involving Teresa Hoang, Kristina Duong, and David Duong on September 13 and 15, 2023 (at OAK-0290786-788) regarding the payment of travel costs for those who traveled to Vietnam on the VABA-sponsored trip. *See* Exhibit 4.

This communication is a business record kept in the usual course by CWS, under FRE 803(6), and contains statements of party agents (Teresa Hoang, for David Duong). It is also not being offered for its truth, but rather to show that D. Duong knew that VABA and Duong-related entities had paid for travel for individuals including Andre Jones and his daughter. It is also relevant to explain the subsequent actions by Thao, D. Duong, and others regarding the trip and to prove the existence of benefits received by Thao from VABA and David Duong.

**5. January 4 and 9, 2023 Text Messages between Johnson and Thao**

The government seeks to admit a text conversation between City Manager Jestin Johnson and Thao on January 4, and 9, 2023 (at OAK-0185435-436) regarding a direction from Thao to set up a tour of Evolutionary Homes, and the confirmation that Johnson met with David Duong on January 7, 2023

and was shown the Evolutionary Homes container homes. The conversation reads:

> **Thao**: No worries at all.
> When you get a moment pls set up a time to go tour the modular units with Essential Homes
>
> **Jestin Johnson**: We're meeting Sunday at 10:30. Just talked to him and locked it in.
>
> **Thao**: Thanks!
>
> **Johnson**: Good morning, Mayor,
> A couple of items.
> 1. I had a visit with David on Sunday to view the container homes. It was quite informative
>
> …

Exhibit 5. These messages are offered for a non-hearsay use, to explain Johnson's subsequent action, and as evidence of Thao's knowledge of and intent regarding an important aspect of the corrupt agreement. These messages are also admissible as a party admissions and agent admissions (Johnson for Thao), and to explain the context of Thao's statements necessary to understand them. The message from Johnson confirming he met with D. Duong on July 7 is admissible to prove the effect on the listener, and to explain subsequent actions by Thao, D. Duong, and A. Duong.

### 6. April 20 to 24, 2023 Email Conversation Between D. Duong, A. Duong, Juarez and Others

The government seeks to admit an email conversation involving D. Duong, A. Duong, Juarez, and others, dated April 20 to 24, 2026 (at OAK-0485068-079) regarding the business dispute between the Duongs and Juarez, in which A. Duong states that he wants to meet and Juarez makes certain allegations of wrongdoing involving the Duongs and CWS. See Exhibit 6.

The conversation is not being offered for the truth of the statements, and instead is offered to show the effect it had on A. Duong and D. Duong, who were both recipients of the email and within days of receiving it took steps to intimidate and threaten Juarez culminating in a physical assault of Juarez on May 3 outside the offices of Evolutionary Homes. The other contents of the email, including the statement from A. Duong that the Duongs request a meeting and that "David has a final business offer for you," explains conduct and actions by Juarez and others.

### C. Other Communications and Documents Are Business Records or Admissible for a Non-Hearsay Use or Statements of Party Agent

#### 1. March 10, 2023 Message from Duffy to Weinstein Regarding Appointment

The government seeks to admit a text message sent from Harold Duffy to Emily Weinstein on March 10, 2023 (at COO_0003912_0001) regarding the appointment of Gallegos, stating:

> **Duffey**: Can you chat. I want to also alert you that we will be appointing Larry Gallegos as your Deputy. Larry will be a great asset to your team and his expertise is housing. Both of your appointments will take place on March 16. Give me a call if you have any immediate questions -***-***-6432.

Exhibit 7. This message is a business record, under Rule 803(6), kept in the ordinary course by the City of Oakland, and reflecting a regularly conducted business activity. It is also admissible because it is relevant not for the truth of the statement, but to explain Duffey's actions after this message and to illustrate those aspects of the appointment that establish it was an official act by Thao. The statement is also relevant because of the timing of the text message, rather than the truth of the statement: Duffey sent this message one day after the March 9, 2023 meeting between the Duongs, Thao, and Jones where the appointment was discussed, after which Thao called Duffey. The statement is also admissible as a party agent and employee, and it was a conversation between two city employees.

#### 2. March 13, 2023 Message from Duffy to Thao and Hanson

The government seeks to admit a group text message, in which Duffey sends a message to Thao and Hanson on March 13, 2023 (OAK-0184318), stating:

> **Duffey**: Larry would like to hold off accepting the position with HCD until after his meeting with the Mayor on 3/20. He will chat with Emily and make his decision to move forward. He want [sic] to chat with Mayor and understand long term strategy."

Exhibit 8.

The message is also not being offered for the truth; instead it is relevant to show Thao's involvement in and awareness of the appointment of Gallegos to a position in the Oakland Department of Housing and Community Development, and it is being offered to show the effect the message had on the recipients and explain subsequent actions. To the extent it is relevant for the truth of the contents of the statement, it is a business record, under Rule 803(6), and a present sense impression by Duffey,

recording the decision and intent of Gallegos that Duffey was aware of at the time he sent the message.

## II. CONCLUSION

As discussed above, the government seeks to admit the proffered evidence in advance of trial.

DATED: August 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/

ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorney

**[PROPOSED] ORDER**

For the reasons set forth in the government's motion, the statements and communications identified in the government's motion *in limine* number 3 are admitted into evidence subject to valid objections other than that the statements constitute inadmissible hearsay.

IT IS SO ORDERED.

DATED: ________________

______________________________
YVONNE GONZALEZ ROGERS
United States District Judge