CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov
Brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>UNITED STATES' MOTION *IN LIMINE* NUMBER 4 TO EXCLUDE IMPERMISSIBLE CROSS-EXAMINATION |

**BACKGROUND**

The United States moves to prohibit inadmissible cross-examination of Jestin Johnson, Harold Duffey, Leigh Hanson, and Brandon Harami on the following topics: (1) text messages that Johnson and Duffey sent in or around 2024 in which they described female colleagues, including the subsequent employment actions taken by their respective employers, the cities of Oakland and Brentwood; and (2) civil lawsuits that Hanson and Harami filed against the City of Oakland following their respective employment terminations, including allegations that Hanson wrote a derogatory note during a meeting. The topics are irrelevant; their probative value does not outweigh their prejudicial effect; they risk confusion, delay, and time wasting; and none of them bear on the witness's character for truthfulness.

The topics are generally described as follows:[1]

A. <u>Jestin Johnson and Harold Duffey</u> are former City of Oakland employees who will testify about, among other things, their employment with the City of Oakland and their interactions with the defendants and their companies. In May 2026, Johnson and Duffey were accused of sending inappropriate text messages about female colleagues. Specifically, news coverage of the reported text messages have referred to the following:

- On March 28, 2024, Duffey referred to Colleague 1 as "tough – got the old player mesmerized." Johnson responded, "I'm telling you, you have to sit next to her. I have to force myself to only look in her eyes." Johnson also texted, "She had me a little giddy yesterday when we had to take pics with the new chief."

- On April 28, 2024, regarding Colleague 2, Johnson wrote, "I deal with enough bitchy ass and ding dong behavior…just want to minimize the bitch."

- On May 11, 2024, Duffey wrote that Colleague 2 was "becoming more emotional."

- One June 7, 2024, when Johnson proposed Colleague 1 as a potential portfolio lead, Duffey responded, "I would have to quit," "I could not take it. I would go insane," and "she is Kryptonite – I get all weak."

[1] They are also described in several news articles. *See, e.g.*, "City administrator resigns after crass texts about female employees," *The Oaklandside*, available at: https://oaklandside.org/2026/05/17/jestin-johnson-resigns-oakland-texts/ (last accessed Aug. 25, 2026); "Former mayoral staffer sues Oakland, says she was fired for blowing the whistle," *The Oaklandside*, available at: https://oaklandside.org/2026/04/01/leigh-hanson-oakland-mayor-chief-of-staff-whistleblower-lawsuit/ (last accessed Aug. 25, 2026).

Duffey, who was appointed manager for the City of Brentwood in October 2025, faced further allegations about his treatment of women in Brentwood City Hall. Following the accusations, Johnson resigned as City Administrator in May 2026. The City of Brentwood placed Duffey on paid administrative leave in June 2026.

B. <u>Leigh Hanson and Brandon Harami</u> will testify about their experiences working on Sheng Thao's mayoral campaign and their experiences working on her mayoral staff. The City of Oakland terminated their employment in April 2025 under then-interim mayor Kevin Jenkins. Hanson, in particular, was fired after media reports that a handwritten note of hers purportedly contained a derogatory reference to Black people. The note was from a March 2024 campaign strategy meeting. Specifically, it said, "CM Fife can reach out to NAACP — use BP as tokens." Both Hanson and Harami have sued Oakland for wrongful termination. In her lawsuit, Hanson claims that she was terminated after raising a conflict-of-interest concern with the interim administration. In his lawsuit, Harami alleges discrimination and claims that the interim administration failed to protect him from the alleged harassment of an activist.

## LEGAL STANDARD

Under Federal Rule of Evidence 401, evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Under Federal Rule of Evidence 608(b)(2), specific instances of a witness's conduct may be inquired into on cross-examination only "if they are probative of the character for truthfulness or untruthfulness." Extrinsic evidence is not admissible for this purpose.

## ARGUMENT

These topics should be excluded under Rules 401 and 402 as irrelevant. "A matter is collateral if evidence relating to it could only have been introduced for the purpose of impeachment." *United States v. Sabean*, 885 F.3d 27, 39 (1st Cir. 2018) (citing *United States v. Schuler*, 458 F.3d 1148, 1155 (10th

Cir. 2006)). Such is the case here. None of the allegations against Johnson or Duffey relates to or discusses the Defendants or the conduct charged in this case. No one in the case took any subsequent employment actions against them in light of those allegations. Likewise, Hanson and Harami's lawsuits relate to employment actions taken by the City post-conspiracy, under a different mayoral administration, and do not involve any of the Defendants. They have no direct bearing on any element of any offense or defense and thus would only serve to impeach the witnesses. Because they are extraneous events unrelated to the conspiracy, they are collateral, irrelevant, and inadmissible.

The topics should be excluded under Rule 403 because any plausible probative value is low and there is a substantial risk of prejudice, confusion of the issue, undue delay, and time wasting. Many of the topics are inflammatory—for instance, inappropriate comments about colleagues ("Kryptonite") or racial discrimination by the witness or the City ("tokens"). This could prompt the jury to make an emotional decision about the evidence. *Compare United States v. Boyce*, 759 F. App'x 259, 264 (5th Cir. 2019) (evidence of the victim's misogyny and racism properly excluded where "their greatest stated value to the defense was their propensity to stir the jury's sympathy for [the defendant] and to arouse its anger toward [the victim]"), *with United States v. Defendant(s)*, 2021 WL 1127163, at *14 (C.D. Cal. Mar. 24, 2021) (sanitized versions of the defendant's racially inflammatory statements were probative of why he targeted specific victims).

None of the conduct has been the subject of formal findings. The allegations involving Hanson and Harami are being disputed in active civil litigation. Moreover, the relevant statements from Johnson, Duffey, and Hanson appear among thousands of pages records, prompting concerns about a minitrial to determine whether any particular statement is properly understood in context. *See United States v. Cole*, 2025 WL 1869442, at *2 (E.D. Okla. July 7, 2025) (excluding as irrelevant an officer's prior use of force and unrelated civil litigation where excessive force was not an issue in the case); *United States v. Cramer*, 2018 WL 7822132, at *4 (E.D. Tex. Feb. 1, 2018) (excluding as irrelevant a civil lawsuit against the defendant in part because the civil and criminal cases were vastly different).

Finally, the topics should be excluded under Rule 608(b) because they have no bearing on the witness's character for truthfulness.[2] *See United States v. Clark*, 657 F.3d 578, 584 (7th Cir. 2011) (affirming, as barely relevant for bias, the exclusion of a "highly inflammatory" line of questioning that a cooperator had violated a protection order when she left intimate letters and sex toys on her romantic partner's windshield); *United States v. Weldon*, 2026 WL 2455143, at *2 (E.D. Pa. Aug. 21, 2026) (allegations of failure to follow department policy, excessive force, and physical abuse do not relate to the officer's character for truthfulness). *See also United States v. Balwani*, 2022 WL 597040, at *23 (N.D. Cal. Feb. 28, 2022) (text message exchanges about a reporter's French heritage were "more akin to private offhand comments" than a discussion to keep their scheme from being exposed).

To the extent Johnson, Duffey, and Hanson are questioned about these topics, extrinsic evidence of their texts or the note would be inadmissible under Rule 608(b), and the Defendants must accept the witness's answer.

## CONCLUSION

For the reasons stated above, and as stated in the proposed order below, the government should be permitted to introduce the summary charts.

DATED: August 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/

ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys

---

[2] Nor is it clear how the topics would implicate a motivation to lie in the government's favor, as none of the topics or civil lawsuits involve the Defendants or the federal government. *United States v. Jones*, 20 F.4th 1127, 1137 (7th Cir. 2021) ("Officer Jones was not motivated to lie or harbor any bias against someone unconnected to his disciplinary incident[.]"); *Weldon*, 2026 WL 2455143, at 4 (explaining that the "motive to fabricate is, at best, highly tenuous" where the pending disciplinary investigation was initiated after the criminal indictment, the witness's testimony had not changed since the indictment was filed, and no federal officer was participating in the disciplinary investigation).

**[PROPOSED] ORDER**

For the reasons set forth in the government's motion, the cross-examination of Jestin Johnson, Harold Duffey, Leigh Hanson, and Brandon Harami shall be limited in the following ways:

- The defense is prohibited from cross-examining Johnson and Duffey about the specific text messages described above or any similar or related text messages, and the employment actions taken against them by the City of Oakland and City of Brentwood, respectfully, following allegations that they sent inappropriate text messages about female colleagues, including the surrounding facts and substance of the text messages, although t Johnson and Duffey may identify their current employer and answer whether they still work for the City of Oakland.
- The defense is prohibited from cross-examining Hanson and Harami about their unrelated civil lawsuits against the City of Oakland, the purported reasons for their terminations, or the allegation Hanson drafted the "BP" note described above, including the surrounding facts, and the substance of the note, although Hanson and Harami may identify their current employer and answer whether they still work for the City of Oakland.

IT IS SO ORDERED.

DATED: ______________________

______________________________
YVONNE GONZALEZ ROGERS
Chief United States District Judge