CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
Abraham.Fine@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG<br><br>Defendants. | Case No. 25-CR-00003 YGR<br><br>UNITED STATES' MOTION *IN LIMINE* NUMBER 5 TO PRECLUDE UNFOUNDED ARGUMENTS AND TESTIMONY REGARDING POLITICIZATION OF THE CASE |

## I. INTRODUCTION

The United States moves in limine to preclude counsel for the defendants in this case from arguing, or soliciting unfounded testimony, that the prosecution of this case or the investigative steps leading to the prosecution were the result of political bias, politicization, or other improper motives. The government is not asking the Court to limit the defendants' rights to speak publicly about the case, but the Court can and should limit testimony and argument that is inadmissible and intended to improperly sway the jury with unsubstantiated claims of political bias or motivations. Similarly, the Court should prevent any defendant from arguing that the motive for the investigation or prosecution was to alter the outcome of the recall election in November 2024. Such arguments are unsupported and intended to invite the jury to reach a verdict based on factors unrelated to the evidence and law.

This concern is not hypothetical. Public statements made by defendant Sheng Thao, and by the attorney representing her in this trial, have directly raised the allegation that the execution of the search warrants was politically motived or an effort to "politicize" the prosecution. After her arrest, Thao's counsel said the timing of investigative steps and the indictment raise the question of whether the government's prosecution was intended to affect the election. While this rhetoric is permissible in public arenas, the Court can ensure that a federal criminal trial involves evidence and arguments grounded in that evidence, and that counsel not make improper appeals to jurors' sympathy or bias.

## I. DISCUSSION

### A. Public Statements by Thao and her Counsel

At a press conference held in the public plaza outside the Oakland Courthouse entrance, following Thao's appearance in court on January 17, 2025, Thao attorney Jeff Tsai made the following statements, in part:

> We think that the timing of indictment has amplified of course the politicization of this issue, but it has not, again, served the ends of justice in ensuring that everyone is treated fairly.
>
> …
>
> The United States Department of Justice's Justice Manual requires the government to look carefully at its prosecutions to ensure that the actions that they take are not actions that are taken to affect the outcomes of elections. And the timing of the investigative steps by the government in this case, including the unsealing of the indictment today, has called all of that into question.

https://www.youtube.com/watch?v=kPB_qmdg2sc (accessed August 24, 2026).

At a press conference held in Oakland City Hall on June 24, 2024, a few days after the FBI executed search warrants including a warrant at Thao's residence, Thao said the following, in part:

> I have questions, questions that need to be answered. I want to know what probable cause the FBI has, what evidence have they collected that justifies raiding the home of a sitting mayor without notice and without the courtesy of a conversation. I want to know more about the handful of billionaires from San Francisco and Piedmont who are hellbent on running me out of office. I want to know why the day after the qualification of a recall election, funded by some of the richest people in the Bay Area, seemed like the right day to execute a warrant.
>
> …
>
> It's hard to imagine now but at the time I first thought the FBI was at my door to help me, to protect me. Just hours prior a small group of billionaires from Piedmont and San Francisco, had succeeded in buying a recall election to oust me in November and in doing so, they were not only aiming to undermine the outcome of a fair and free election, but they empowered a dangerous man with a history of assault weapons violations to further attack me and my family.
>
> …
>
> What I do know is that this would not have gone down the way it did if I had gone to elite private schools, or if I had come from money. I know that for sure because former elected officials are sitting safely in their houses in the hills right now with campaign finance violations piling up mountains of evidence that prove actual wrongdoing.
>
> …
>
> I will not be threatened out of this office. There are a lot of radical right-wing forces who know they will never win an election in Oakland fair and square. They know their extreme views are at odds with our Oakland values, but they have built the rules to protect and preserve their power and maintain dominance over the rest of us.

https://www.youtube.com/watch?v=wrMOGCb9Mfw (last accessed August 24, 2026).

### B. These Allegations and Arguments Should be Excluded from the Criminal Trial

Under Rule 103(d), the Court should seek to prevent the jury from hearing inadmissible evidence: "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103. Likewise, unsupported and prejudicial testimony or arguments about political bias or motivation should be held inadmissible, either as irrelevant under Rule 401, or more prejudicial than probative under Rule 403.

Statements of the type and tenor made by Thao and her counsel are unsupported by any evidence in the case. There is no evidence in the record that the investigation or prosecution of this case was politically motivated, or that the timing of the search warrants or the unsealing of the indictment was an attempt by the government to "politicize" the case against the defendants in general, or Thao specifically. Without a basis to argue these issues, counsel should be precluded from restating these allegations to the jury. In addition, the Court should preclude any argument by the defense that plays to any juror's political bias. Under Rule 403, prejudice can inure to the government as well as the defense, and the Court should preclude prejudicial testimony that has little probative value. Likewise, under Rule 103(d), counsel for the defense should be precluded from making any argument that is unsupported by admissible evidence and intended to sway the jury based on emotion, sympathy, or bias.

## II. CONCLUSION

As discussed above, the Court should limit improper testimony and argument at trial.

DATED: August 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorney

**[PROPOSED] ORDER**

For the reasons set forth in the government's motion, for the defendants in this case shall not argue that the prosecution of this case or the investigative steps leading to the prosecution were the result of political bias, politicization, or other improper motives, and may not solicit testimony on these issues without seeking leave of the Court after establishing the testimony has a foundation, is relevant, and is admissible. In addition, the defendants may not argue that the motive for the investigation or prosecution was to alter the outcome of the recall election in November 2024.

IT IS SO ORDERED.

DATED: ___________________

___________________________________
YVONNE GONZALEZ ROGERS
United States District Judge