CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov
Brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>UNITED STATES' MOTION *IN LIMINE* NUMBER 6 TO EXCLUDE EVIDENCE OF DEFENDANT DAVID DUONG'S GOOD CHARACTER AND ACTS |

## BACKGROUND

The United States moves to preclude evidence, testimony, or argument regarding Defendant David Duong's good character and acts. D. Duong and his son, Andy Duong, own California Waste Solutions, a recycling company serving the East and South Bay communities. Through this motion, the government seeks to exclude any evidence that D. Duong was a good businessman and a charitable person, including testimony about his 2026 documentary, *The King of Trash*, which covers D. Duong's immigration from Vietnam, the development of California Waste Solutions, and his return to Vietnam to do waste management work for that country. Marketing materials promote the film as an overwhelmingly positive portrayal of D. Duong's life story: "What began as a fight for survival became a story of vision, resilience, and renewal. From collecting recyclables on San Francisco's streets to founding California Waste Solutions and Vietnam Waste Solutions, the Duong family transformed loss into purpose and waste into opportunity. This is not just a refugee story. It's a story about the American Dream, about building bridges between nations, and about finding humanity in what the world throws away."[1] D. Duong has promoted the film during the pendency of this case.

The government also seeks to exclude evidence and testimony about specific good acts, including awards, accolades, and commendations for community projects and donations to community causes. The government seeks to exclude this evidence and testimony, and to limit any testimony by D. Duong to only relevant professional background information, relevant family information, and the disputed issues of the case. Testimony about his personal story, extraneous family history, professional accolades and accomplishments, charitable contributions, and public service work is inadmissible.

## LEGAL STANDARD

A defendant may offer evidence of his character only if it pertains to a "pertinent" trait. Fed. R. Evid. 404(a). The Ninth Circuit has recognized that a defendant's "law-abiding character" is pertinent and thus may be proven in the form of reputation or opinion testimony. *See, e.g., United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989). But that does not give defendants a blank check to introduce wide-ranging evidence of good character—even in the form of reputation or opinion

[1] American Dream Documentary | The King Of Trash, available at: https://www.thekingoftrash.us/ (last accessed Aug. 25, 2026).

testimony, or a documentary—as such generalized information about character is not relevant to the charges in this case, for which general good character is neither an element nor a defense. Indeed, the Ninth Circuit has found that asking a defense witness about a defendant's propensity to engage in a specific type of criminal activity is not permissible. *See United States v. Diaz*, 961 F.2d 1417 (9th Cir. 1992) (impermissible to ask character witness about defendant's propensity to engage in large scale drug dealing). Applying these principles, D. Duong should not be permitted to introduce evidence or testimony that he was a good businessman and a charitable person.

Federal Rule of Evidence 405(a) sets forth the sole methods by which character evidence may be introduced. It states that where evidence of a character trait is admissible, proof may be made in two ways: (1) by testimony as to reputation and (2) by testimony as to opinion. Fed. R. Evid. 405(a). Thus, a defendant cannot introduce specific instances of his good conduct through the testimony of others. *See Michelson v. United States*, 335 U.S. 469, 477 (1980) ("The witness may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental or moral traits."); *see also United States v. Camejo*, 929 F.2d 610, 613 (9th Cir. 1991) (evidence of specific instances is not admissible to prove the defendant's good character); *Hedgcorth*, 873 F.2d at 1313 (defendant's testimony regarding his role as government intelligence operative, offered to show that he was "patriotic," "pro-government" individual, properly excluded).

Nor can defendant circumvent the prohibition of his offering so-called "good acts" evidence under any other theory of admissibility, including with respect to proof of his intent in this case. While Rule 404(b) allows for limited uses of "other crimes, wrongs, or acts" in a criminal case, courts have consistently denied defendants' attempts to offer evidence of their own good deeds or noncorrupt acts in public corruption and white-collar cases. *See, e.g., United States v. Dawkins*, 999 F.3d 767, 792–93 (2d Cir. 2021) (affirming exclusion of "good act" evidence in public corruption case where defendant could not establish innocence "through proof of the absence of criminal acts on specific occasions"); *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) (affirming exclusion of public official's "good acts" of helping constituents without anything in return, as "prior 'good acts' generally may not be used to show a predisposition not to commit crimes"). In addition, no trait of character is an "essential element of a charge, claim, or defense" in this case and thus specific instances of conduct are not admissible

under this narrow exception. Fed. R. Evid. 405(b); *see also id.* Adv. Comm. Notes ("[T]he rule confines the use of evidence of [specific instances of conduct] to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry.").

To the extent the defense offers any such character evidence, it should do so during the defense's case and not on cross-examination during the government's case-in-chief. The scope of a cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. *Id.*

## ARGUMENT

### A. Evidence of good character is not relevant under Rule 401 to any essential element of the charged offenses or under Rule 404(a)(2) as to the defendant's pertinent trait.

D. Duong's good character is not a provable matter in this case. Bribery and honest services fraud primarily concern whether the defendant offered a benefit to a public official with the intent to influence any official act in exchange. *United Staes v. Shen Zhen*, 115 F.4th 1167, 1178 (9th Cir. 2024). Whether D. Duong is a good businessman and a charitable person has no bearing whatsoever on that inquiry. *See, e.g.*, *United States v. Kaneshiro*, 2024 WL 1184153, at *5 (D. Haw. Mar. 19, 2024) (evidence of defendant's numerous awards, accolades, and commendation letters for community projects did "not tend to undermine the argument that [he] could have made illegal campaign contributions during the period of the alleged conspiracy).

Nor are the acts and evidence admissible through Rule 404(a). Under Rule 404(a), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). But "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). Good business acumen and a charitable disposition, however, are not pertinent character traits to bribery and honest services fraud. *Kaneshiro*, 2024 WL 1184153, at *5.

**B. Even if relevant, specific instances of the defendant's conduct are inadmissible here.**

Even when a defendant can offer reputation or opinion testimony about a "pertinent" trait, such as his law-abiding nature, specific instances of conduct are inadmissible as character evidence, except in cases—unlike this one—"in which character or a trait of character of a person is an essential element of a charge, claim, or defense," Fed. R. Evid. 405(b); *see also* Fed. R. Evid. 405 & notes. (noting that "specific instances of conduct" have "the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time").

Thus, a character witness cannot recount specific instances of a defendant's conduct that would tend to support their reputation or opinion testimony. *See United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *Hedgcorth*, 873 F.2d at 1313 ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible"). This rule similarly prohibits evidence about a defendant's lack of prior bad acts because "testimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct." *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987) (citing *Gov't of Virgin Is. v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985)); *United States v. Young*, 2026 WL 1816154, at *2 (W.D. Wash. June 24, 2026) (excluding reference to a fraud defendant's lack of criminal history).

By operation of these rules, D. Duong may not offer evidence of any specific instance where he was recognized for his business success or charitable work, acts showing that he is a good businessman or citizen, evidence of his own documentary film, or evidence otherwise supporting the opinion or reputation testimony from a character witness. *See United States v. Menendez*, 759 F. Supp. 3d 460, 529–30 (S.D.N.Y. 2024) (excluding specific instances of defendant's generosity and gift giving, offered to show the bribes were gifts). *See also United States v. Navedo-Ramirez*, 781 F.3d 563, 569 (1st Cir. 2015) (affirming exclusion of defendant's performance evaluations, reasoning that "the character trait that the evaluations purport to show—general competence at her job as a police officer" was not pertinent to the charges); *United States v. Etheredge*, 254 F. App'x 969, 970 (4th Cir. 2007) (per curiam) (affirming exclusion of defendant's generosity to family and friends and statements about the legitimacy of his co-defendant's businesses); *United States v. Washington*, 106 F.3d 983, 999–1000 (D.C. Cir.

1997) (per curiam) (holding that the trial court properly excluded evidence of defendant's awards and commendations); *United States v. Marrero*, 904 F.2d 251, 260–61 (5th Cir. 1990) (affirming exclusion of evidence that defendant provided more services to some clients than they were actually billed for and that sometimes she rendered services for free).

The Court should not permit specific-act reputation or opinion testimony about his character, except for testimony about his character for being law-abiding.

**C. The evidence should be excluded under Rule 403 because it will cause juror confusion and would invite nullification.**

Under Federal Rule of Evidence 403, a district court has discretion to exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, "[w]here the evidence is of very slight (if any) probative value, . . . even a modest likelihood of unfair prejudice or a small risk of misleading the jury" will justify excluding that evidence. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Again, D. Duong's good character and acts evidence has no probative value, as it is not relevant to any element of the charged offenses, nor to any cognizable defenses to the charges. But even if D. Duong were to establish that the evidence had some marginal probative value, it would nonetheless be excludable under Rule 403 because it will result in confusion of the issues that are material to the jury's determination of guilt, waste time, and invite jury nullification. *See, e.g.*, *United States v. Greenspan*, 923 F.3d 138, 151–52 (3d Cir. 2019) (affirming the exclusion of medical-necessity evidence based on the risk of confusing or misleading the jury because it explained why defendant ordered tests but not why he referred them to a specific lab); *Kaneshiro*, 2024 WL 1184153, at *5 (excluding, as unfairly prejudicial, evidence of defendant's awards, accolades, and commendations for community projects and donations to community causes); *United States v. Rivera*, 2015 WL 1725991, at *2 (S.D.N.Y. Apr. 15, 2015) (excluding, based on the risk of jury confusion, evidence of defendant's charitable giving and cooperation with law enforcement).

**CONCLUSION**

For the reasons stated above, and as stated in the proposed order below, the Court should exclude testimony and evidence as to D. Duong's good character and acts.

DATED: August 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/*
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys

**[PROPOSED] ORDER**

For the reasons set forth in the government's motion, Defendant David Duong is precluded from offering evidence or testimony of his good character as a businesses man and charitable person, or of his specific good acts, including specific public service work, and awards, accolades, and commendations for community projects and donations to community causes. Finally, D. Duong is precluded from offering evidence or testimony of his 2026 documentary, *The King of Trash*.

IT IS SO ORDERED.

DATED: ____________________

____________________________
YVONNE GONZALEZ ROGERS
Chief United States District Judge