Winston Y. Chan (SBN 214884)
Christine A. Bonomo (SBN 364178)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8362
Facsimile: (415) 393-8306
Email: wchan@gibsondunn.com

W. Douglas Sprague (SBN 202121)
Bryanna Walker (SBN 345454)
**COVINGTON & BURLING LLP**
415 Mission St., Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: dsprague@cov.com

Erik Babcock (SBN 172517)
**LAW OFFICES OF ERIK BABCOCK**
420 3rd Street, Suite 250
Oakland, California 94607
Telephone: (510) 452-8400
Facsimile: (510) 201-2084
Email: erik@babcocklawoffice.com

Attorneys for Defendant Andy Hung Duong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG,<br><br>Defendants. | Case No. 4:25-CR-00003-YGR<br><br>**DEFENDANT ANDY DUONG'S MOTION IN LIMINE NO. 1 TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AND NON-NOTICED EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS**<br><br>Hearing Date: September 11, 2026<br>Hearing Time: 9:00 a.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor |

## NOTICE

**PLEASE TAKE NOTICE** that on September 11, 2026, at 9:00 a.m., before the Honorable Yvonne Gonzalez Rogers, defendant Andy Duong will and hereby does move this Court for an order *in limine* directed to the government precluding it from introducing irrelevant, prejudicial, and non-noticed evidence of other acts under Federal Rule of Evidence 404(b), including (1) testimony concerning an alleged cash payment from Andy Duong to Bryan Azevedo during the Covid pandemic shutdown and (2) portions of a recording of Andy Duong's conversation with a local politician.

This motion is based on the instant notice, the attached memorandum of points and authorities, the files and records in this matter, and such evidence and argument as may be presented at the hearing.

DATED: August 27, 2026

Respectfully submitted,

By: */s/ Winston Y. Chan*

Winston Y. Chan
Christine A. Bonomo
GIBSON, DUNN & CRUTCHER LLP

W. Douglas Sprague
Bryanna Walker
COVINGTON & BURLING LLP

Erik Babcock
LAW OFFICES OF ERIK BABCOCK

Attorneys for Defendant Andy Hung Duong

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The government should not be permitted, as it intends, to introduce irrelevant, prejudicial, unsubstantiated, and non-noticed 404(b) evidence about Andy Duong's interactions with two local politicians having nothing to do with its theory about how he allegedly bribed former Oakland Mayor Sheng Thao. ECF No. 253 (Government's Witness List) at 5; ECF No. 284 (Government's August 20, 2026, Exhibit List). The government's most recent exhibit list includes an audio recording of Andy Duong's conversation with an uncharged Oakland official consisting mostly of crude jokes, invitations to party on a boat, and commentary about a local prosecutor's unsatisfactory record—all subjects unrelated to Thao or Evolutionary Homes. And the government's key witness, Mario Juarez, is expected to make baseless allegations that he believes Andy Duong paid cash to San Leandro city councilman Bryan Azevedo during the Covid pandemic shutdown, well before Evolutionary Homes, much less the alleged conspiracy to bribe Thao, even existed. Neither this expected testimony nor the challenged portions of the audio recording bears any relationship to the charged bribery. Their obvious effect instead is to portray Andy Duong in as unflattering a light as possible. To the extent the government seeks to introduce any of this evidence as other crimes, wrongs, or acts under Federal Rule of Evidence 404(b)(2), that effort fails too because the government has provided no notice describing how it satisfies a permitted use. *See* Fed. R. Evid. 404(b)(3). The Court should exclude this evidence.

## II. LEGAL STANDARD

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (internal quotations and citations omitted); Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts thus routinely exclude evidence that might "have a visceral impact" on the jury and inflame its moral prejudices against the defendant. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (holding that mere "photographs of firearms" can have

such an effect). And when evidence is "of very slight (if any) probative value," it is inadmissible if there is "even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Preston*, 873 F.3d 829, 841 (9th Cir. 2017) (quoting *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012)).

Evidence of other crimes, wrongs, or acts is inadmissible when introduced to demonstrate a defendant's character or propensity to commit an act actually at issue. Fed. R. Evid. 404(b)(1). Such other acts are only admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). To admit evidence under Rule 404(b), the government has the burden of proving that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)); *see also United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015) (reversing defendant's false federal tax filing conviction where the district court wrongly admitted an irrelevant prior state tax audit showing wrongdoing). In a criminal case, the government must provide reasonable notice, in writing, articulating the permitted purpose for offering other acts evidence. Fed. R. Evid. 404(b)(3). All "other act" evidence is subject to the standard relevance and prejudice rules described above.

## III. ARGUMENT

**Juarez's unsupported allegation is inadmissible.** The Court should exclude Juarez's anticipated testimony as to the allegation that Andy Duong gave cash to Azevedo for some unspecified purpose "during the COVID-19 pandemic shutdown." Ex. 1 at 5. This unsupported allegation—which appears to be either supposition or based on inadmissible third-party hearsay—has nothing to do with whether Andy Duong bribed Thao in October 2022, *after the shutdown*, in pursuit of sales for Evolutionary Homes or extending the City of Oakland's recycling contract with CWS. Evolutionary Homes did not yet exist during the shutdown, and Azevedo had no influence on CWS's contract with a city he did not represent. The alleged payment to Azevedo therefore could not have had anything to do with the charged scheme and is of no "consequence to the determination of the [instant] action."

*Dean*, 980 F.2d at 1288.

Nor can this evidence come in under Rule 404(b). Because it would rely at trial exclusively on the say-so of a self-interested government witness who investigators have caught lying across multiple rounds of interviews, Juarez's expected testimony is not intrinsically "sufficient to support a finding" that Andy Duong gave Azevedo cash during the Covid shutdown. *Bailey*, 696 F.3d at 799. Even if it were, the allegation that Andy Duong paid Azevedo, a San Leandro councilman, before Evolutionary Homes even existed does not "tend[] to prove a material point" about the charged bribe of the mayor of a different city many months later. *Id.* The alleged payment to Azevedo involved a different politician, for a different purpose, at a different time: classic inadmissible propensity evidence. *See Martin*, 796 F.3d at 1107.

The government also failed to provide timely notice by the Court-ordered May 19, 2026, deadline that (much less *how*) it intended to tie this unrelated act to a permitted use for its theory that Andy Duong bribed Thao. *See* Fed. R. Evid. 404(b)(3); Letter of Disclosures Pursuant to Federal Rule of Evidence 404(b) from Craig H. Missakian, U.S. Att'y, to Defense Counsel, *United States v. Sheng Thao et al.*, No. 4:25-CR-00003-YGR (May 19, 2026) (hereinafter "Government's 404(b) Disclosure Letter"). While the government disclosed its position that allegedly contemplated bribes for other Bay Area officials to purchase Evolutionary Homes units were inextricably intertwined with the alleged bribe of Thao, *see* Government's 404(b) Disclosure Letter at 8, it did not address how it might use evidence of further alleged bribes *unrelated* to Evolutionary Homes, such as this one. Admitting vague testimony of Covid-era payments to Azevedo for 404(b) purposes now—months after the Court-ordered notice deadline—would prejudice Andy Duong, forcing his defense to develop facts and counter-narratives on a collateral claim with less than two months to go before trial and just weeks before the defense discovery deadline. *Cf. United States v. Roybal*, 566 F.2d 1109, 1110–11 (9th Cir. 1977) (reversing conviction because the government failed to disclose evidence of an unrelated crime by a court-ordered discovery deadline); *United States v. Garcia*, 730 F. Supp. 2d 1159, 1164–65 (C.D. Cal. 2010) (same, but excluding the challenged evidence in the first instance). Far from "articulat[ing] precisely the evidential hypothesis by which a fact of consequence may be inferred" from Juarez's claim, as required, the government here offered no hypothesis for it at all. *United States v. Mayans*, 17

F.3d 1174, 1181 (9th Cir. 1994) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)).

Even if the government could articulate some measure of relevance or permitted 404(b) use for this alleged payment to Azevedo, its prejudice to Andy Duong substantially outweighs it. This supposed transaction unrelated to the sale of units from Evolutionary Homes would cause significant jury confusion, muddling the specific charged bribery and its alleged purposes. *See Martin*, 796 F.3d at 1105 ("[E]ven when relevant on some issue, evidence of prior bad acts should not . . . be admitted when its 'probative value is substantially outweighed by dangers of . . . confusion on issues.'" (citing Fed. R. Evid. 403)). The Court should prohibit Juarez from repeating this baseless claim at trial.

**Portions of a recorded conversation between Andy Duong and an uncharged local politician on January 19, 2024, are inadmissible.** This roughly eight-minute audio recording is on the government's most recent exhibit list but contains no mention of alleged bribery or payments of any kind. *See* Ex. 2. Its first minute comprises an off-color joke followed by invitations for the politician to party with Andy Duong on a yacht.[1] Neither component bears on the charged bribe of Thao, but each presents much more than a "modest likelihood" of unfairly prejudicing Andy Duong, painting him for the jury as a foul-mouthed party boy. *Preston*, 873 F.3d at 841. This first portion should be excluded under Rule 403. In the next portion, Andy Duong describes how he "confronted" a local elected prosecutor over a failure to bring charges against a murder suspect but ultimately headed off a recall effort among his political allies. *See* Ex. 2 at 3:11–6:6. These statements, too, are irrelevant because neither that murder case nor Andy Duong's purported relationship with that prosecutor has any bearing whatsoever on the alleged bribery charges in this case. To the extent the government believes this confrontation with the prosecutor implies a bribe, the government's 404(b) disclosure failed to notice it, and, like the alleged Covid-era payment to Azevedo, it bears no relation to the charged bribe of Thao. *See* supra at 3–4. It is also unfairly prejudicial, suggesting broadly that Andy Duong is politically corrupt. The Court should preclude this portion of the recording too.

[1] *See* Appendix A for an index of the portions of this recording that Andy Duong seeks to exclude.

## IV. CONCLUSION

Andy Duong respectfully requests that this Court preclude the government from introducing (1) Mario Juarez's unsupported testimony concerning Andy Duong's alleged Covid-era payment to Azevedo and (2) portions of a recording of Andy Duong's conversation with a local politician, as set forth in Appendix A.

DATED: August 27, 2026

Respectfully submitted,

By: */s/ Winston Y. Chan*
Winston Y. Chan
Christine A. Bonomo

GIBSON, DUNN & CRUTCHER LLP

W. Douglas Sprague
Bryanna Walker
COVINGTON & BURLING LLP

Erik Babcock
LAW OFFICES OF ERIK BABCOCK

Attorneys for Defendant Andy Hung Duong