CRAIG MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
abraham.fine@usdoj.gov
molly.priedeman@usdoj.gov
lloyd.farnham@usdoj.gov
brandon.moore@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG<br><br>Defendants. | Case No. 25-CR-0003 YGR<br><br>JOINT PRETRIAL CONFERENCE STATEMENT<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: October 13, 2026<br><br>Pretrial Conferences:<br><br>September 11, 2026<br>October 1, 2026 |

Per the Court's February 9, 2026 pretrial scheduling order, and Criminal Local Rule 17.1-1(b), the government and defense jointly file this pretrial statement.

**OVERVIEW OF THE CASE**

The indictment has eight counts. All defendants are charged with conspiracy to commit bribery in violation of 18 U.S.C. § 371 (Count 1); conspiracy to commit honest services mail and wire fraud in violation of 18 U.S.C. § 1349 (Count 4); honest services mail fraud in violation of 18 U.S.C. § 1341, § 2 (Count 5); and honest services wire fraud in violation of 18 U.S.C. § 1343, § 2 (Counts 6 and 7).

Defendants Sheng Thao and Andre Jones are charged with accepting a bribe in violation of 18 U.S.C. § 666(a)(1)(B) (Count 2). Defendants David Duong and Andy Duong are charged with offering a bribe in violation of 18 U.S.C. § 666(a)(2) (Count 3). A. Duong is charged with false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2) (Count 8).

## PRETRIAL CONFERENCE MATTERS

### 1. Disclosure and contemplated use of statements or reports under the Jencks Act or Rule 26.2

Government's statement: The government has complied and will continue to comply with its discovery obligations under the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2. The defense's Rule 16 discovery is due September 18, 2026.

Defendants' statement: The defense will promptly raise any concerns it has with the government's compliance with its discovery obligations.

### 2. Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial

Government's statement: The United States sought and obtained authorization to disclose the grand jury testimony. *See* ECF Nos. 124, 129. The government has since provided to the defense the grand jury transcripts of the witnesses who are expected to testify at trial. One law enforcement witness testified in grand jury but is not expected to testify at trial. The government, however, will provide that witness's grand jury transcript to the defense.

Defendants' statement: The defense will promptly raise any concerns it has with the government's compliance with its discovery obligations.

### 3. Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment

Government's statement: The United States is aware of its obligations to disclose exculpatory evidence and evidence favorable to the defendant on the issue of guilt or punishment, and has made every effort to comply with these obligations. The United States will continue to execute its obligations throughout this proceeding should additional discoverable material come into its possession, custody, or control.

Defendants' statement: The defense will promptly raise any concerns it has with the government's compliance with its discovery obligations.

**4. Stipulation of facts**

Joint statement: The parties continue to meet and confer to discuss stipulations. The government has proposed that the parties reach stipulations regarding the authenticity of certain third-party records, including, among other things: (1) financial records, (2) telecommunications company records, (3) City of Oakland Records, (4) Port of Oakland records, (5) California Waste Solution Records, (6) records obtained from businesses and entities, and (7) items seized from searches. The government has also proposed that the parties reach stipulations regarding the authenticity of certain electronic records, including: (1) records extracted from electronic devices; and (2) records obtained from Apple, Google, Microsoft, and Yahoo.

In addition, the government is in the process of drafting factual stipulations on the following subjects, which it will present to the defense: (1) that the City of Oakland received more than $10,000 in federal funds between the periods of July 1, 2022 – June 30, 2023 and between July 1, 2023 – June 30, 2024; (2) that the October 2022 negative mailers referenced in the indictment traveled in the "mails" within the meaning of the honest services mail fraud statute; and (3) that when the checks referenced in Counts 6 and 7 of the indictment were deposited, those deposits caused an interstate wire communication within the meaning of the honest services wire fraud statute. The parties are hopeful that they can reach factual stipulations on these subjects, which will help further streamline the trial.

**5. Interpreters**

Joint statement: There are no identified witnesses for whom an interpreter is needed. If such a need arises, the parties will notify the Court promptly.

**6. Dismissal of counts and elimination of certain issues from the case**

Joint statement: There are no counts to be dismissed. The defense has not raised an alibi defense, a statute of limitations issue, or a defense of insanity.

**7. Joinder or severance**

Joint statement: Defendant Jones has moved for a trial severance from D. Duong and A. Duong. No other defendant joined his motion. During the pretrial conference on August 14, 2026, the Court

heard arguments on the severance motion from Jones and the government. The Court took the matter under advisement, and the motion is still pending. There are no other outstanding joinder or severance issues.

**8. Identification of informers, use of lineup or other identification evidence, and evidence of prior convictions**

Government's statement: To the extent any informants were part of the government's investigation, the government has disclosed the identity of those informants. The government has also disclosed identification evidence, and evidence of prior convictions of the defendants and all cooperating witnesses.

Defendants' statement: The defense accepts that the government is representing that it has produced all discoverable information concerning its use of informants.

**9. Pretrial exchange of witness lists**

Government's statement: Per the Court's pretrial order, the government filed its witness list on July 31, 2026. *See* ECF No. 253. The government reserves the right to supplement this list as trial preparations progress and call rebuttal witnesses as necessary. The government will notify the defendants of any changes to its witness list.

As noted during the August 14 motions hearing, the defense does not have a deadline for their witness or exhibit lists. The government proposed that their lists be due September 18, 2026, the same day their Rule 16 discovery is due.

Defendants' statement: Defendants reserve the right to object to additions to the government's witness list. Consistent with the Court's standing order and each defendant's right to an effective defense, the defense will not be in a position to identify witnesses until it has heard the government's case, and it objects to any requirement that it produce witness lists in advance of trial. *See United States v. Hicks*, 103 F.3d 837, 841(9th Cir. 1996), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc);[1] *United States v. Millegan*, 2021 WL 2637325, at *2 (D.Or. 2021) (citing *Hicks* and finding defense could not be ordered to produce a witness list in advance of

[1] *W.R. Grace* overruled *Hicks* and held that the government could be ordered to produce a witness list before trial. The court explicitly declined to decide "whether or to what extent the defense can be compelled to disclose a list of its witnesses before trial." *W.R. Grace*, 526 F.3d at 509 n.7.

trial). The Court has previously ordered that the parties provide 48 hours' notice of anticipated witnesses. The defense proposes that it provide a witness list when it receives notice of the government's final witness in its case-in-chief.

**10. Pretrial exchange of exhibits**

Government's statement: The government filed preliminary exhibit lists on July 31, 2026, and August 7, 2026. *See* ECF Nos. 254, 266. Per the Court's instruction, the government filed a third exhibit list identifying its top 500 exhibits on August 20, 2026. *See* ECF No. 284. The government may seek to supplement this list as trial preparations progress and will notify the defendant and the Court of any changes to its Exhibit List. The government has provided the defense with an index indicating the discovery bates number for each exhibit and will make any physical exhibits available for inspection. The government has provided the defense with a chronological summary exhibit, which is the subject of the government's Motion in Limine No. 1. As noted on the government's exhibit list, the government also expects to admit summary exhibits related to phone toll records and financial records, which it will provide to the defense before trial.

As noted above, the defense does not have a deadline to submit their exhibit lists, and the government proposed September 18, 2026.

Defendants' statement: As with the government's witness list, defendants reserve the right to object to additions to the government's exhibit list. The defense proposes the same disclosure schedule for a defense exhibit list as for the defense witness list, set forth above.

**11. Pretrial resolution of objections to exhibits or testimony**

Joint statement: The parties continue to have ongoing discussions regarding whether objections to exhibits or testimony may be resolved by the parties before trial. In addition, the parties have filed motions *in limine* addressing various evidentiary issues that may affect the parties' exhibit and witness lists.

**12. Preparation of trial briefs on controverted points of law likely to arise at trial**

Government's statement: Concurrent with this filing, the government has filed a trial brief summarizing the charges and the elements of each charge, the length of trial and number of witnesses, the evidence the government will present at trial, and anticipated trial issues.

Defendants' statement: The defense has raised legal and evidentiary issues of which it is aware and will promptly raise any additional issues. Consistent with the Court's standing order and each defendant's right to an effective defense, and because the defense cannot yet forecast its portion of the trial, the defense is declining to file a trial brief identifying the number of witnesses and evidence it intends to present at trial.

**13. Scheduling of the trial and of witnesses**

Joint statement: Jury selection is set to take place on October 13, 2026, with trial to follow on October 14, 2026. The Court recently issued an order specifying the days on which trial will take place. ECF No. 281. The government continues to anticipate that its case-in-chief will last approximately three to four trial weeks but is continuing to evaluate ways to shorten its case. The defense anticipates one to two weeks beyond the close of the government's case.

**14. Jury questionnaires, voir dire questions, exercise of peremptory and cause challenges and jury instructions**

Joint statement: After meeting and conferring, the parties submitted separate proposed additions to the standard Survey Monkey questions on August 6, 2026, as required by the Court. *See* ECF Nos. 264, 265. Concurrent with this filing, the parties have filed a list of proposed voir dire questions to be asked during jury selection. The parties will also be filing a set of stipulated jury instructions, as well as proposed jury instructions on which the parties disagree.

**15. Other matters to promote a fair and expeditious trial**

Joint statement: The parties have set forth several anticipated trial issues in motions in limine, trial memorandum, proposed jury instructions, and other pretrial filings. To the extent other issues arise, the parties will raise them with the Court promptly.

DATED: September 2, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys

DATED: September 2, 2026

/s/
JEFFREY TSAI
DARRYL LOUIS TARVER
Attorneys for Defendant Sheng Thao

DATED: September 2, 2026

/s/
MARK GOLDROSEN
SHAWN HALBERT
Attorneys for Defendant Andre Jones

DATED: September 2, 2026

/s/
EDWARD W. SWANSON
AUGUST GUGELMANN
NEAL J. STEPHENS
JEFFREY B. SCHENK
THAO DONNELLY
Attorneys for Defendant David Trung Duong

DATED: September 2, 2026

/s/
W. DOUGLAS SPRAGUE
CHRISTINE A. BONOMO
WINSTON Y. CHAN
ERIK BABCOCK
Attorneys for Defendant Andy Hung Duong