CRAIG MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
abraham.fine@usdoj.gov
molly.priedeman@usdoj.gov
lloyd.farnham@usdoj.gov
brandon.moore@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG<br><br>Defendants. | Case No. 25-CR-0003 YGR<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: October 13, 2026 |

In response to the Court's Order, the government and defense jointly propose the Court instruct the jury in accordance with the attached jury instructions. The parties agree on the proposed stipulated instructions. Where the stipulated instruction is verbatim or adapted from the Ninth Circuit Model instruction, we have included citations to the 2022 Edition of the Ninth Circuit Model Criminal Jury

Instructions, last updated in June 2026. Bracketed language indicates that the parties are uncertain, at this time, which version of the model language will apply and the instruction may need to be adapted depending on the evidence. Bolded language represents additions or modifications to the Ninth Circuit Model Criminal Jury Instructions.

Where the parties do not agree on a proposed instruction, or dispute whether an instruction should be given, the instructions are identified as disputed. For each disputed instruction, and where only one party is proposing a disputed instruction, the parties have provided brief argument in support of their positions.

DATED: September 2, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys

DATED: September 2, 2026

/s/
JEFFREY TSAI
DARRYL LOUIS TARVER
Attorneys for Defendant Sheng Thao

DATED: September 2, 2026

/s/
MARK GOLDROSEN
SHAWN HALBERT
Attorneys for Defendant Andre Jones

DATED: September 2, 2026

/s/
EDWARD W. SWANSON
AUGUST GUGELMANN
NEAL J. STEPHENS
JEFFREY B. SCHENK
THAO DONNELLY
Attorneys for Defendant David Trung Duong

DATED: September 2, 2026

/s/
W. DOUGLAS SPRAGUE
CHRISTINE A. BONOMO
WINSTON Y. CHAN
ERIK BABCOCK
Attorneys for Defendant Andy Hung Duong

# TABLE OF CONTENTS


| Proposed Instruction No. | Model Instruction No. | Disputed | |
|---|---|---|---|
| | | | **PRELIMINARY INSTRUCTIONS** |
| 1 | 1.1 | | DUTY OF JURY |
| 2 | 1.2 | Y | THE CHARGE—PRESUMPTION OF INNOCENCE |
| 3 | 1.3 | | WHAT IS EVIDENCE |
| 4 | 1.4 | | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | | RULING ON OBJECTIONS |
| 7 | 1.7 | | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | | CONDUCT OF THE JURY |
| 9 | 1.9 | | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | 1.10 | | TAKING NOTES |
| 11 | 1.11 | | OUTLINE OF TRIAL |
| 12 | 1.13 | | SEPARATE CONSIDERATION FOR EACH DEFENDANT |
| 13 | 1.16 | | BENCH CONFERENCES AND RECESSES |
| | | | **INSTRUCTIONS DURING TRIAL** |
| 14 | 2.1 | | CAUTIONARY INSTRUCTION |
| 15 | 2.3 | | STIPULATIONS OF FACT |
| 16 | 2.6 | | TRANSCRIPT OF RECORDING IN ENGLISH |
| 17 | 2.12 | | EVIDENCE FOR LIMITED PURPOSE |
| | | | **INSTRUCTIONS AT END OF TRIAL** |
| 18 | 3.1 | Y | STATEMENTS BY DEFENDANT OR CODEFENDENT |
| 19 | 3.3 | | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT |

| | | | |
|---|---|---|---|
| 20 | 3.8 | | IMPEACHMENT EVIDENCE—WITNESS |
| 21 | 3.9 | | TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA |
| 22 | 3.14 | | OPINION EVIDENCE, EXPERT WITNESS |
| 23 | 3.16 | | CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE |
| 24 | 3.17 | | CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE |
| 25 | 6.1 | | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW |
| 26 | 6.2 | | CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF |
| 27 | 6.3 | | DEFENDANT'S DECISION NOT TO TESTIFY |
| 28 | 6.4 | | DEFENDANT'S DECISION TO TESTIFY |
| 29 | 6.5 | | REASONABLE DOUBT—DEFINED |
| 30 | 6.6 | | WHAT IS EVIDENCE |
| 31 | 6.7 | | WHAT IS NOT EVIDENCE |
| 32 | 6.8 | | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 33 | 6.9 | | CREDIBILITY OF WITNESSES |
| 34 | 6.10 | | ACTIVITIES NOT CHARGED |
| 35 | 6.13 | | SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS |
| 36 | 6.18 | Y | ON OR ABOUT—DEFINED |
| 37 | N/A | Y | CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS |
| 38 | N/A | Y | WILLFULLY—DEFINED |
| 39 | 4.8 | | KNOWINGLY—DEFINED |
| 40 | N/A | Y | CORRUPTLY—DEFINED |
| 41 | N/A | Y | INTENT TO DEFRAUD—DEFINED |

| | | | |
|---|---|---|---|
| 42 | 24.30 | Y | ACCEPTING A BRIBE—ELEMENTS (18 U.S.C. § 666(a)(1)(B)) |
| 43 | 24.31 | Y | PAYING A BRIBE—ELEMENTS (18 U.S.C. § 666(a)(2)) |
| 44 | 24.32 | | DEFINITION OF “AGENT” (18 U.S.C. § 666) |
| 45 | N/A | | DEFINITION OF “IN ANY ONE-YEAR PERIOD” (18 U.S.C. § 666) |
| 46 | N/A | Y | BRIBERY—QUID PRO QUO IN EXCHANGE FOR OFFICIAL ACT |
| 47 | 11.1 | Y | CONSPIRACY TO COMMIT BRIBERY—ELEMENTS (18 U.S.C. § 371) |
| 48 | 15.34 | Y | HONEST SERVICES FRAUD—ELEMENTS (18 U.S.C. §§ 1341, 1343) |
| 49 | 10.1 | | OFFICIAL ACT—DEFINED |
| 50 | N/A | Y | PUBLIC OFFICIAL AND FIDUCIARY DUTY—DEFINED |
| 51 | 15.34, 15.35 | | USE OF THE MAILS AND WIRE |
| 52 | 11.1 | Y | CONSPIRACY TO COMMIT HONEST SERVICES MAIL AND WIRE FRAUD—ELEMENTS (18 U.S.C. § 1349) |
| 53 | 4.1 | Y | AIDING AND ABETTING (18 U.S.C. § 2(a)) |
| 54 | N/A | Y | THEORY OF DEFENSE—MERE INGRATIATION |
| 55 | N/A | Y | THEORY OF DEFENSE—NON-DISCLOSURE OF CONFLICT OF INTEREST |
| 56 | N/A | Y | THEORY OF DEFENSE—GOOD FAITH |
| 57 | N/A | Y | THEORY OF DEFENSE—MERE ASSOCIATION |
| 58 | 11.6 | Y | CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (PINKERTON CHARGE) |
| 59 | 15.33 | Y | SCHEME TO DEFRAUD—VICARIOUS LIABILITY |
| 60 | 24.10 | Y | FALSE STATEMENT TO GOVERNMENT AGENCY—ELEMENTS (18 U.S.C. § 1001) |

| | | |
|---|---|---|
| 61 | 6.19 | DUTY TO DELIBERATE |
| 62 | 6.20 | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY |
| 63 | 6.21 | USE OF NOTES |
| 64 | 6.22 | JURY CONSIDERATION OF PUNISHMENT |
| 65 | 6.23 | VERDICT FORM |
| 66 | 6.24 | COMMUNICATION WITH COURT |

# PRELIMINARY INSTRUCTIONS

STIPULATED INSTRUCTION NO. 1

DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instruction 1.1

DISPUTED INSTRUCTION NO. 2

THE CHARGE—PRESUMPTION OF INNOCENCE

GOVERNMENT'S PROPOSED INSTRUCTION

This is a criminal case brought by the United States government. The government charges all of the defendants with conspiracy to commit bribery, conspiracy to commit honest services mail fraud and wire fraud, honest services mail fraud, and honest services wire fraud. The government additionally charges defendants Sheng Thao and Andre Jones with accepting a bribe, defendants David Duong and Andy Duong of offering a bribe, and Andy Duong with false statements to a government agency.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or present any evidence.

DEFENSE'S PROPOSED INSTRUCTION

This is a criminal case brought by the United States government. The government charges all of the defendants with conspiracy to commit bribery, conspiracy to commit honest services mail fraud and wire fraud, honest services mail fraud, and honest services wire fraud. The government additionally charges defendants Sheng Thao and Andre Jones with accepting a bribe, defendants David Duong and Andy Duong of offering a bribe, and Andy Duong with false statements to a government agency. The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or present any evidence

Ninth Circuit Model Criminal Jury Instruction 1.2

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 2

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The government's understanding is that the indictment will not be shown to or provided to the jury, therefore the language from the model language referencing the indictment should be removed.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the government's modified version of Model 1.2 because the government deleted the sentences that read: "The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything." Defendants request that the Court give the entire instruction as it appears in Model 1.2.

STIPULATED INSTRUCTION NO. 3

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instruction 1.3

STIPULATED INSTRUCTION NO. 4

WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instruction 1.4

STIPULATED INSTRUCTION NO. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction 1.5

STIPULATED INSTRUCTION NO. 6

RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instruction 1.6

STIPULATED INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instruction 1.7

STIPULATED INSTRUCTION NO. 8

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.
>
> These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instruction 1.8

STIPULATED INSTRUCTION NO. 9

NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instruction 1.9

STIPULATED INSTRUCTION NO. 10

TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction 1.10

STIPULATED INSTRUCTION NO. 11

OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instruction 1.11

STIPULATED INSTRUCTION NO. 12

SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

Ninth Circuit Model Criminal Jury Instruction 1.13

STIPULATED INSTRUCTION NO. 13

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instruction 1.16

# INSTRUCTIONS DURING TRIAL

STIPULATED INSTRUCTION NO. 14

CAUTIONARY INSTRUCTION

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.].

Ninth Circuit Model Criminal Jury Instruction 2.1

STIPULATED INSTRUCTION NO. 15

STIPULATIONS OF FACT

[IF APPLICABLE]

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instruction 2.3

STIPULATED INSTRUCTION NO. 16

TRANSCRIPT OF RECORDING IN ENGLISH

[TO BE ADAPTED AS APPLICABLE]

You [are about to [hear] [watch]] [have [heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling. [[After] [Now that] the recording has been played, the transcript will be taken from you.]

Ninth Circuit Model Criminal Jury Instruction 2.6

STIPULATED INSTRUCTION NO. 17

EVIDENCE FOR LIMITED PURPOSE

[IF APPLICABLE]

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instruction 2.12

# INSTRUCTIONS AT END OF TRIAL

DISPUTED INSTRUCTION NO. 18

DEFENSE'S PROPOSED INSTRUCTION

STATEMENTS BY DEFENDANT OR CODEFENDENT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instruction 3.1

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 18

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants proffer this instruction because a statement from a defendant might be relevant at trial. The proposed language comes from the model instruction with no modification. Since this instruction would not be given until the end of trial, defendants suggest that the Court defer ruling on this instruction until after the close of evidence.

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The comments to Model Instruction 3.1 make clear that this instruction relates to confessions, and only uses the word "statements" in the instruction because "'confession' implies an ultimate conclusion" about such a statement. *See* Comment to Ninth Circuit Model Criminal Jury Instruction 3.1 (2026). The comments also indicate that this instruction is only required by applicable law when the voluntariness of a defendant's confession is at issue. It is not applicable to this case, where the voluntariness of a confession is not at issue. Implying some special treatment of evidence that could be considered "statements" by a defendant, outside the context of confessions, is legally unsupported and risks confusion.

STIPULATED INSTRUCTION NO. 19

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

[TO BE ADAPTED IF APPLICABLE]

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

Ninth Circuit Model Criminal Jury Instruction 3.3

STIPULATED INSTRUCTION NO. 20

IMPEACHMENT EVIDENCE—WITNESS

[TO BE ADAPTED IF APPLICABLE]

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instruction 3.8

STIPULATED INSTRUCTION NO. 21

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Mario Juarez and Bryan Azevedo, witnesses who pleaded guilty to crimes arising out of the same events for which the defendants are on trial. The guilty pleas are not evidence against the defendants, and you may consider them only in determining the witnesses' believability.

For this reason, in evaluating the testimony of Mr. Juarez and Mr. Azevedo, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Juarez and Mr. Azevedo with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instruction 3.9

STIPULATED INSTRUCTION NO. 22

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Alexandra Bryant and Michael Kan who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instruction 3.14

STIPULATED INSTRUCTION NO. 23

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instruction 3.16

STIPULATED INSTRUCTION NO. 24

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instruction 3.17

STIPULATED INSTRUCTION NO. 25

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instruction 6.1

STIPULATED INSTRUCTION NO. 26

CHARGE AGAINST DEFENDANT NOT EVIDENCE—

PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction 6.2

STIPULATED INSTRUCTION NO. 27

DEFENDANT'S DECISION NOT TO TESTIFY

[IF APPLICABLE]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Ninth Circuit Model Criminal Jury Instruction 6.3

STIPULATED INSTRUCTION NO. 28

DEFENDANT'S DECISION TO TESTIFY

[IF APPLICABLE]

Defendant [*name*] has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instruction 6.4

STIPULATED INSTRUCTION NO. 29

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendants are guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants guilty.

Ninth Circuit Model Criminal Jury Instruction 6.5

STIPULATED INSTRUCTION NO. 30

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instruction 6.6

STIPULATED INSTRUCTION NO. 31

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instruction 6.7

STIPULATED INSTRUCTION NO. 32

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction 6.8

STIPULATED INSTRUCTION NO. 33

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instruction 6.9

STIPULATED INSTRUCTION NO. 34

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged.

Ninth Circuit Model Criminal Jury Instruction 6.10

STIPULATED INSTRUCTION NO. 35

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—

MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or a specific count.

Ninth Circuit Model Criminal Jury Instruction 6.13

DISPUTED INSTRUCTION NO. 36

ON OR ABOUT—DEFINED

GOVERNMENT'S PROPOSED INSTRUCTION

**The defendants are charged with certain offenses alleging the offenses were committed "on or about" certain dates.**

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Ninth Circuit Model Criminal Jury Instruction 6.18

DEFENSE'S PROPOSED INSTRUCTION

The indictment charges that the offense alleged in Counts 1 through 7 was committed "beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024." The indictment further charges that the offense alleged in Count 8 was committed "on or about June 20, 2024."

"Beginning on an unknown date, but no later than October 7, 2022" in Counts 1 through 7 means anytime up to the end of the day on October 7, 2022 and before October 8, 2022.

For the allegations in Counts 1 through 7 that allegedly continued until "on or about June 20, 2024," although it is necessary for the government to prove beyond a reasonable doubt that the offense continued until a date reasonably near June 20, 2024, it is not necessary for the government to prove that the offense continued until precisely June 20, 2024.

For the allegations in Count 8 that allegedly took place "on or about June 20, 2024," although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near June 20, 2024, it is not necessary for the government to prove that the offense was committed precisely on June 20, 2024

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 36

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The government's proposed instruction states the straightforward principle that the government does not need to prove charged crimes or allegations supported charges occurred on the exact dates included in the charges, and it uses language from the Ninth Circuit model on this issue. Though it does not specifically address it, this instruction is consistent with the principle that the government need only prove that a crime was committed or the conspiracy existed within the date ranges alleged in an indictment, but not that the crime or conspiracy began and ended exactly as alleged.

On the other end of the spectrum, the defendants' proposed instruction improperly treats the beginning and ends dates of the charged time periods as facts that the government must prove beyond a reasonable doubt. (One phrase in their instruction reads, "it is necessary for the government to prove beyond a reasonable doubt that the offense continued until a date reasonably near June 20, 2024.") Where time is not a material element of an offense, the government need not prove that the offense occurred on the precise date charged. *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000) ("The government ordinarily need prove only that the crime occurred on a date reasonably near the one alleged . . . ."); see also Ninth Cir. Model Crim. Jury Instr. 6.18.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the "on or about" instruction because it is inconsistent with the specific language the government opted to use in Counts 1 through 7. Counts 1 through 7 specifically allege that "beginning on an unknown date, ***but no later than October 7, 2022***, and continuing through at least on or about June 20, 2024 …" (Indictment ¶¶ 60, 65, 68, 70, 72, 74, and 76) (emphasis added). As a result, using the broader "on or about" language proffered by the government's proposed jury instructions will violate the defendants' Fifth Amendment right to Due Process because the government's proposed language could improperly broaden the charges the government presented to the grand jury.

The Supreme Court has long held when the government elects to draft a "speaking indictment" with specific language describing the charges, as opposed to a "general" indictment that simply recites

the statutory basis for the charge, the government must prove up the crime precisely as they elected to describe it in the charges they presented to the grand jury. *Stirone v. United States*, 361 U.S. 212, 218 (1960) ("[I]t follows that when only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened."); *United States v. Blessett,* 2022 WL 1078096, *3 (9th Cir. 2022) (conviction reversed on constructive amendment grounds where the jury instructions did not track the language of the indictment); *United States v. Ward,* 747 F.3d 1184, 1192 (9th Cir. 2014) (same); *see also, United States v. Miller,* 891 F.3d 1220, 1234–36 (10th Cir. 2018) ("it is settled law in this circuit, as elsewhere, that the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself, such that if an indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars"); *United States v. Leichtnam,* 948 F.2d 370, 379–81 (7th Cir. 1991) (same); *United States v. Salinas,* 654 F.2d 319, 324–25 (5th Cir. 1981) (same).

Here, the government elected to draft a speaking indictment and opted to charge the timing of the beginning of the alleged illegal conduct in Counts 1 through 7 in a unique, specific way – by using the phrase "beginning on an unknown date, ***but no later than October 7, 2022 …".*** (Indictment ¶¶ 60, 65, 68, 70, 72, 74, and 76) (emphasis added). As a result, the jury instructions that describe the timing of the alleged criminal conduct should quote the exact language the government opted to use in the criminal counts it presented to the grand jury.

DISPUTED INSTRUCTION NO. 37

CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

GOVERNMENT'S PROPOSED INSTRUCTION

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Model Criminal Jury Instruction 11.4

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 37

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The government's proposed instruction tracks the language of the model instruction and is appropriate in this case, especially because the conspiracy charged involves at least five participants, including the four defendants on trial, and the coconspirators do not have to have joined or participated in the conspiracy at the same time or for the same time periods. Also, the instruction includes legally appropriate language regarding whether a coconspirator needs to know all the details of the conspiracy, or needs to have directly conspired with another conspirator.

DEFENSE'S ARGUMENT AND AUTHORITY:

The government's proposed instruction is redundant since the Court will be giving the Ninth Circuit Model Instruction No. 11.1, which covers the conspiracy charges in Counts 1 and 4 of the Indictment. *See* Proposed Instruction No. 47, Conspiracy to Commit Bribery—Elements (18 U.S.C. § 371.

DISPUTED INSTRUCTION NO. 38

WILLFULLY—DEFINED

DEFENSE'S PROPOSED INSTRUCTION

When the phrase "willfully" appears in these instructions, it means to act intentionally and purposely and with the intent to do something that the law forbids, that is, with the bad purpose to disobey the law.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 38

DEFENSE'S ARGUMENT AND AUTHORITY:

The Ninth Circuit does not have a form instruction for the definition of willfully. This language is taken from *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) and *United States v. Hernandez*, 859 F.3d 817, 823 (9th Cir. 2017).

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The term "willfully" is relevant only to Count Eight, the false statements charge against defendant Andy Duong. The proposed instructions (*See* Disputed Instruction No. 60) for Count Eight already defines "willfully" as "deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful" based on the definition provided by 18 U.S.C. § 1001. This definition, already incorporated in the model instructions, is both legally correct and more specifically tailored to the false statements charge. Therefore this additional instruction is unnecessary and would be confusing to the jury. *See* Ninth Circuit Model Jury Instruction 4.6 (stating that the Committee has not provided a generic definition of the term "willfully" because it depends on the facts arising from the statute and explaining that in cases alleging a false statement the government must prove "that a defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful.").

STIPULATED INSTRUCTION NO. 39

KNOWINGLY—DEFINED

When the phrase "knowingly" appears in these instructions, it means that an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew his or her acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instruction 4.8

DISPUTED INSTRUCTION NO. 40

CORRUPTLY—DEFINED

DEFENSE'S PROPOSED INSTRUCTION

When the phrase "corruptly" appears in these instructions, it means that an act is done corruptly if it is performed voluntarily, deliberately, and dishonestly, for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by an unlawful method or means. Corrupt intent requires an evil or wicked purpose.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 40

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the government's proposed instructions regarding the bribery counts (Counts 2 and 3) because they do not contain a definition for the term "corruptly"—the applicable *mens rea* standard. As a result, Defendants submit this proposed instruction. In *Martinez de Ryan v. Whitaker,* 909 F.3d 247, 250 (9th Cir. 2018), the court interpreted the definition of "corruptly" under the bribery statute at issue here—Title 18 U.S.C. § 666. The court confirmed that "an act is done 'corruptly' if it is performed voluntarily, deliberately, and dishonestly, for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by an unlawful method or means." *Id.* The Ninth Circuit's definition of corruptly in the bribery context is consistent with how the Supreme Court has defined corruptly in interpreting other federal statutes. For example, in *Arthur Andersen, LLP v. United States,* 544 U.S. 696, 705 (2005), the Court interpreted the definition of "corruptly" related to the federal obstruction of justice statute—18 U.S.C. § 1512(b). The Court cited favorably to the Black's Law definition of "corruptly," that is, "wrongful, immoral, depraved, or evil." *Id.; see also, United States v. Ryan,* 455 F.2d 728, 734 (9th Cir. 1971) (defining "corruptly" as "for an evil or wicked purpose" in an obstruction of justice case under Title 18 U.S.C. § 1503).

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed instruction separately defining "corruptly" is unnecessary, adds unwarranted requirements, and includes argumentative and improper language (e.g. "evil or wicked").

In addition, the term "corruptly" only bears on the Section 666 violations. Section 666 states that it is illegal for a public official to "corruptly" solicit or demand a bribe, and for a payor to "corruptly" give, offer or agree to give a bribe. The applicable Ninth Circuit model instructions include the term "corruptly," but do not separately define that term. The Supreme Court has explained that the term "corruptly" in Section 666 is one of the textual features demonstrating that Section 666 prohibits bribery, rather than gratuities. *Snyder v. United States*, 603 U.S. 1, 8-11 (2024). The government's proposed instructions incorporate that requirement elsewhere in the substantive instructions by requiring

the jury to find the exchange necessary to constitute bribery. Therefore, a separate instruction on the definition of "corruptly" is not necessary or warranted.

Defendants' proposal that "[c]orrupt intent requires an evil or wicked purpose" is particularly unwarranted. Neither Section 666 nor the Ninth Circuit decisions cited by the defendants interpreting the statute require the government to prove an "evil or wicked purpose." *See United States v. Garrido*, 713 F.3d 985, 1001-02 (9th Cir. 2013)(explaining that the Eleventh Circuit has interpreted "corruptly" in the context of Section 666 to mean "dishonestly seeking an illegal goal or a legal goal illegally"); *Martinez de Ryan v. Whitaker*, 909 F.3d 247, 250 (9th Cir. 2018) (suggesting that an act is done corruptly in the context of Section 666 if "it is performed voluntarily, deliberately, and dishonestly, for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by an unlawful method or means."). Neither decision imposes a separate requirement that the defendant act with an "evil or wicked purpose."

Defendants' reliance on *United States v. Ryan*, 455 F.2d 728, 734 (9th Cir. 1971) and *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005) does not support imposing such a requirement. *Ryan* address the meaning of "corruptly" under 18 U.S.C. § 1503, while *Arthur Andersen* addressed 18 U.S.C. § 1512(b) and observed that the terms "corrupt" and "corruptly" are "normally associated with wrongful, immoral, depraved, or evil" conduct. Neither case interpreted Section 666 or held that "evil or wicked purpose" constitutes an additional *mens rea* requirement whenever a statute uses the term "corruptly."

The Court should thus decline to give a separate definition of "corruptly" and instead instruct the jury on the elements on the charged bribery offenses as proposed by the government.

DISPUTED INSTRUCTION NO. 41

INTENT TO DEFRAUD—DEFINED

DEFENSE'S PROPOSED INSTRUCTION

When the phrase "intent to defraud" appears in these instructions, it means an intent to deceive and cheat, **that is, an intent to not only make false statements or utilize other forms of deception but also to cheat someone out of something valuable**.

Ninth Circuit Model Criminal Jury Instruction 4.13

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 41

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the government's proposed instruction No. 48 regarding the substantive mail and wire fraud counts (Counts Five, Six and Seven) because the government's proposed instruction does not define the applicable *mens rea* for mail and wire fraud—"intent to defraud." As a result, the defendants submit this proposed instruction.

The Ninth Circuit form instruction on intent to defraud—Model Instruction 4.13—offers two formulations for "intent to defraud." The definition is described as either "intent to deceive *or* cheat" or "intent to deceive *and* cheat." Given the clear trend of Supreme Court decisions narrowing the scope of fraudulent intent over the past thirty years, the proper formulation here is "intent to deceive *and* cheat." For example, in *Shaw v. United States,* 580 U.S. 63, 72, 137 S.Ct. 462, 469 (2016), the Court considered a jury instruction regarding the definition of "scheme to defraud" in a bank fraud charge. *Id.* The Court emphasized that "[T]he parties agree, as do we, that the scheme must be one to deceive the bank *and* deprive it of something of value." (emphasis in original). Following *Shaw,* the Ninth Circuit held that "intent to defraud" under the wire fraud statute "requires intent to deceive *and* cheat—in other words, to deprive the victim of money or property by means of deception." *United States v. Miller,* 953 F.3d 1095, 1103 (9th Cir. 2020) (emphasis in original). The Ninth Circuit overruled its prior cases that used the outdated "deceive or cheat" formulation. *Id.; see also United States v. McIntosh*, 2025 WL 457102, at *2 (9th Cir. 2025). Finally, the Department of Justice has confirmed that the proper instruction for mail and wire fraud is deceive *and* cheat. *See, United States v. Shih*, 73 F.4th 1077, 1099–1100 (9th Cir. 2023) (government concedes error when district court used "deceive or cheat" in jury instructions for mail and wire fraud offenses).

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed instruction should not be given because it improperly imports the intent requirement applicable to traditional money or property fraud into an honest-services fraud prosecution. In *United States v. Ridley- Thomas*, No. 23-2200, 2026 WL 2222362 (9th Cir. Aug. 3, 2026), the Ninth

Circuit explicitly recognized this distinction. The court explained that in the context of traditional wire fraud, the jury must find the defendant's intent to "deprive the victim of money or property by means of deception." *Ridley-Thomas*, 2026 WL 2222362, at * 10. But the court chose not to apply that requirement to honest-services fraud. Rather, it upheld the district court's use of Ninth Circuit Model Criminal Jury Instruction 15.34, which required the jury to find that the defendant "acted with the intent to defraud by depriving the residents of the County of their right of honest services." *Id.* The Court held that the term "intent to defraud" adequately incorporated the requisite intent to deceive. *Id.*

Defendants' proposed separate instruction requiring an intent to "deceive and cheat," particularly their requirement that a defendant intend to "cheat someone out of something valuable," would improperly import the money or property conception of fraud discussed in *Miller* into an honest-services prosecution. Section 1346 specifically defines a scheme to deprive another of an *intangible* right of honest services, and the Ninth Circuit's model instruction recognizes that such a deprivation "does not require a tangible harm." Ninth Cir. Model Crim. Jury Inst. 15.34. Requiring the jury to find an intent to cheat the victim "out of something valuable" would therefore impose a requirement that Section 1346 does not require, and invites the jury to be confused about whether they must find the victims were cheated out of *tangible* harm or property.

DISPUTED INSTRUCTION NO. 42

ACCEPTING A BRIBE—ELEMENTS (18 U.S.C. § 666(a)(1)(B))

GOVERNMENT'S PROPOSED INSTRUCTION

Defendants Sheng Thao and Andre Jones are charged in Count Two with accepting a bribe in violation of Section 666(a)(1)(B) of Title 18 of the United States Code.

For defendant Sheng Thao to be found guilty of Count Two, the government must prove each of the elements beyond a reasonable doubt:

First, the defendant was an agent of the City of Oakland; and

Second, the defendant, for the benefit of any person, corruptly solicited, demanded, accepted, or agreed to accept anything of value from another person; and

Third, the defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the City of Oakland; and

Fourth, the business, transaction, or series of transactions involved something valued at $5,000 or more; and

Fifth, the City of Oakland received more than $10,000 in federal funding during a one-year period.

**For defendant Andre Jones to be found guilty of Count Two, the government must prove beyond a reasonable doubt that he aided and abetted the offense of accepting a bribe, as explained in Instruction No. 53, Aiding and Abetting, or that a member of the conspiracy committed the crime charged in Count Two and he was a member of the conspiracy, as explained in Instruction No. 58, Pinkerton Liability.**

DEFENSE'S PROPOSED INSTRUCTION

Sheng Thao and Andre Jones are charged in Count Two of the indictment with accepting a bribe in violation of Section 666(a)(1)(b) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was an agent of the City of Oakland; and

Second, the defendant, for the benefit of any person corruptly solicited, demanded, accepted, or agreed to accept anything of value from another person, **with all of you agreeing as to the thing of value**; and

Third, the defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the City of Oakland, **with all of you agreeing as to the business, transaction or series of transactions**; and

Fourth, the business, transaction, or series of transactions involved something valued at $5,000 or more; and

Fifth, the City of Oakland received more than $10,000 in federal funding during a one-year period.

**The term "anything of value" in this case refers to, as alleged, $95,000 in payments made to Andre Jones, the promise of additional payments, and a negative mailer campaign costing approximately $75,000 in support of Sheng Thao's mayoral campaign.**

**A bribe is a payment made or agreed to before an official act in order to influence the public official with respect to that future official act. It is not a bribe if the public official has taken an alleged official act before any reward is agreed to or given.**

Ninth Circuit Model Criminal Jury Instruction 24.30

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 42

GOVERNMENT'S ARGUMENT AND AUTHORITY:

First, there is no basis for Defendants' proposed requirements that the jury unanimously agree on a particular thing of value or a particular City business or transaction. *See Richardson v. United States*, 526 U.S. 813, 817-818; Ninth Circuit Model Criminal Jury Instruction 6.27; *United States v. Hofus*, 598 F.3d 1171, 1175-1177 (9th Cir. 2010). Count Two charges a single bribery offense arising from a corrupt bargain involving multiple things of value and multiple contemplated City transactions that make up the components of the same corrupt agreement. Accordingly, this is not a case presenting a genuine possibility that different jurors could convict based on different criminal acts. *See United States v. Kim*, 196 F.3d 1079, 1082-1083 (9th Cir. 1999); *United States v. Lopez-Cotto*, 884 F.3d 1, 11-12 (1st Cir. 2018) (holding that district court's decision to include a unanimity instruction on particular benefits where defendant allegedly received multiple things of value as part of a single agreement was clearly erroneous).

Second, Defendants' proposed language imposes an official act requirement that Section 666 does not contain. *United States v. Garrido*, 713 F.3d 985, 1002 (9th Cir. 2013) (holding that Section 666 does not require an official act). *Snyder v. United States*, 603 U.S. 1 (2024) did not undermine that holding. *See United States v. O'Donovan*, 126 F.4th 17, 39, n. 14 (1st Cir. 2025); *United States v. Cui*, 163 F.4th 1072, 1083 (7th Cir. 2026). Defendants' additional "after-the-fact rewards" language is also unnecessary and risks confusing the jury. The government's proposed instruction already requires the jury to find that Thao acted "corruptly" in soliciting, demanding, accepting, or agreeing to accept something of value "with the intent to be influenced or rewarded" in connection with City business. *See United States v. Ridley-Thomas*, No. 23-2200, 2026 WL 2222362, at *10 (9th Cir. Aug. 3, 2026) (finding that district court did not abuse its discretion in rejecting proposed gratuity instruction).

Finally, the language concerning Jones's liability is necessary because he was not an agent of the City of Oakland and the government therefore does not contend that he personally satisfies the elements applicable to Thao. Cross-referencing the aiding and abetting and *Pinkerton* instructions makes clear

the basis on which the jury can find Jones guilty and avoids incorrectly suggesting that they must find that Jones himself was a City agent or personally committed each element.

<u>DEFENSE'S ARGUMENT AND AUTHORITY</u>:

The defendants object to the government's proposed instruction because it fails to instruct the jury on the definition of "anything of value." *See,* Ninth Circuit Model Criminal Jury Instruction 10.2, cmt. (noting that, as to the companion "thing of value" in the Section 201(b)(1) jury instruction, it is "recommended that the instruction specifically describe the thing of value just as it is described in the indictment to avoid a variance"); (Indictment ¶ 66).

Defendants' proposed instruction also clarifies the distinction between bribery and a mere gratuity to avoid juror confusion and attempt to eliminate the possibility that a defendant could be convicted based on *legal* conduct. *See, Snyder v. United States,* 603 U.S. 1, 19 (2024) ("But a state or local official does not violate § 666 if the official has taken the official act before any reward is agreed to, much less given."); Ninth Circuit Model Criminal Jury Instruction 10.6 ("Illegal Gratuity to Public Official"), cmt. ("Bribery requires a specific intent to give or receive something of value in exchange for an official act.").

In addition, defendants' proposed instruction includes a unanimity requirement because the Ninth Circuit requires a unanimity instruction when "there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Echeverry*, 698 F.2d 375 (9th Cir. 1983), modified, 719 F.2d 974, 975 (9th Cir. 1983). "To correct any potential confusion in such a case, the trial judge must augment the general instruction to ensure the jury understands its duty to unanimously agree to a particular set of facts." *Id.; see also United States v. Mastelotto*, 717 F.2d 1238, 1248–1250 (9th Cir. 1983) (abrogated on other grounds by *United States v. Miller*, 471 U.S. 130 (1985)) (reversing a mail fraud conviction because the trial court refused to give a "single scheme" unanimity instruction)*; United States v. Payseno*, 782 F.2d 832, 836–37 (9th Cir. 1986) (holding that a unanimity instruction was required where jurors could believe the defendant acted on different occasions and at different times and places, and that "a court may be required to frame an instruction that substantial agreement is necessary on a specific set

of facts."); *United States v. Lapier*, 796 F.3d 1090, 1097–98 (9th Cir. 2015) (holding that the failure to give a specific unanimity instruction was plain error because "the indictment was sufficiently broad and the evidence sufficiently complex as to create a risk that different jurors voted to convict on the basis of different facts establishing different offenses.").

Here, the jury could vote to convict on the basis of different facts. The indictment charges three distinct "things of value:" "$95,000 in payments made to JONES," "the promise of additional payments," and "a negative mailer campaign costing approximately $75,000 in support of THAO's mayoral campaign." (Indictment ¶ 66.) The indictment also charges three distinct "business, transaction, or series of transactions:" "the purchase of housing units from Housing Company, the appointment of preferred candidates to official positions, and the extension of Recycling Company's contract with the City of Oakland." *Id.* This creates a risk that different jurors will base their liability determinations on different facts. Some jurors could conclude that the $95,000 was a thing of value, but not the $75,000 while other jurors could conclude that the $75,000 was a thing of value, but not the $95,000—with 12 jurors finding a "thing of value" but not the same "thing of value." The jury could similarly be divided on what constituted the alleged "business, transaction, or series of transactions." As a result, the government's proposed instruction allows the jury to convict the defendants without unanimity on the offense committed. The jurors must therefore be required all to agree on the thing of value and on the business, transaction or series of transactions to "ensure the jury understands its duty to unanimously agree to a particular set of facts." *Echeverry*, 719 F.2d at 975.

Defendants further object to the government's modified version of Model 24.30 because the government's added language regarding Andre Jones's liability as an aider and abettor is covered in the separate instruction regarding aiding and abetting (Instruction No. 53) and a *Pinkerton* liability instruction is not appropriate under the facts of this case.

DISPUTED INSTRUCTION NO. 43

PAYING A BRIBE—ELEMENTS (18 U.S.C. § 666(a)(2))

GOVERNMENT'S PROPOSED INSTRUCTION

Defendants David Duong and Andy Duong are charged in Count Three with paying, offering, or agreeing to pay a bribe in a violation of Section 666 (a)(2) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant gave, offered, or agreed to give a thing of value to another person; and

Second, the defendant did so corruptly with the intent to influence or reward an agent of the City of Oakland or agency of the City of Oakland in connection with some business, transaction, or series of transactions of the government or government agency; and

Third, this business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

Fourth, the City of Oakland received more than $10,000 in federal funding **during a one-year period**.

DEFENSE'S PROPOSED INSTRUCTION

Defendants David Duong and Andy Duong are charged in Count Three with paying, offering, or agreeing to pay a bribe in a violation of Section 666 (a)(2) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant gave, offered, or agreed to give a thing of value to another person, **with all of you agreeing as to the thing of value;** and

Second, the defendant did so corruptly with the intent to influence or reward an agent of the City of Oakland or agency of the City of Oakland in connection with some business, transaction, or series of transactions of the government or government agency, **with all of you agreeing as to the business, transaction, or series of transactions**; and

Third, this business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

Fourth, the City of Oakland received more than $10,000 in federal funding **during a one-year period**.

Ninth Circuit Model Criminal Jury Instruction 24.31

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 43

GOVERNMENT'S ARGUMENT AND AUTHORITY:

There is no basis for Defendants' proposed requirements that the jury unanimously agree on a particular thing of value or a particular City business or transaction. *See Richardson v. United States*, 526 U.S. 813, 817-818; Ninth Circuit Model Criminal Jury Instruction 6.27; *United States v. Hofus*, 598 F.3d 1171, 1175-1177 (9th Cir. 2010). Count Two charges a single bribery offense arising from a corrupt bargain involving multiple things of value and multiple contemplated City transactions that make up the components of the same corrupt agreement. Accordingly, this is not a case presenting a genuine possibility that different jurors could convict based on different criminal acts. *See United States v. Kim*, 196 F.3d 1079, 1082-1083 (9th Cir. 1999); *United States v. Lopez-Cotto*, 884 F.3d 1, 11-12 (1st Cir. 2018) (holding that district court's decision to include a unanimity instruction on particular benefits where defendant allegedly received multiple things of value as part of a single agreement was clearly erroneous).

DEFENSE'S ARGUMENT AND AUTHORITY:

The defendants object to the government's proposed instruction because it fails to instruct the jury on the definition of "anything of value." *See,* Ninth Circuit Model Criminal Jury Instruction 10.2, cmt. (noting that, as to the companion "thing of value" in the Section 201(b)(1) jury instruction, it is "recommended that the instruction specifically describe the thing of value just as it is described in the indictment to avoid a variance"); (Indictment ¶ 66).

In addition, similar to the defendant's objection to the government's proposed instruction regarding Count 2, the defendants have inserted unanimity language to the instruction for Count 3. A unanimity instruction is required when "there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Echeverry*, 698 F.2d 375 (9th Cir. 1983), modified, 719 F.2d 974, 975 (9th Cir. 1983). "To correct any potential confusion in such a case, the trial judge must augment the general instruction to ensure the jury understands its duty to unanimously agree to a particular set of facts." *Id.;*

*see also United States v. Mastelotto*, 717 F.2d 1238, 1248–1250 (9th Cir. 1983) (abrogated on other grounds by *United States v. Miller*, 471 U.S. 130 (1985)) (reversing a mail fraud conviction because the trial court had refused to give a "single scheme" unanimity instruction)*; United States v. Payseno*, 782 F.2d 832, 836–37 (9th Cir. 1986) (holding that a unanimity instruction was required where jurors could believe the defendant acted on different occasions and at different times and places, and that "a court may be required to frame an instruction that substantial agreement is necessary on a specific set of facts."); *United States v. Lapier*, 796 F.3d 1090, 1097–98 (9th Cir. 2015) (holding that the failure to give a specific unanimity instruction was plain error because "the indictment was sufficiently broad and the evidence sufficiently complex as to create a risk that different jurors voted to convict on the basis of different facts establishing different offenses.").

Here, like the government's instruction for Count 2, the jury could vote to convict on the basis of different facts. The indictment charges three distinct "things of value:" "$95,000 in payments made to JONES," "the promise of additional payments," and "a negative mailer campaign costing approximately $75,000 in support of THAO's mayoral campaign." (Indictment ¶ 68.) The indictment also charges three distinct "business, transaction, or series of transactions:" "the purchase of housing units from Housing Company, the appointment of preferred candidates to official positions, and the extension of Recycling Company's contract with the City of Oakland." *Id.* This creates a risk that different jurors will base their liability determinations on different facts. Some jurors could conclude that the $95,000 was a thing of value, but not the $75,000 while other jurors could conclude that the $75,000 was a thing of value, but not the $95,000—with 12 jurors finding a "thing of value" but not the same "thing of value." The jury could similarly be divided on what constituted the alleged "business, transaction, or series of transactions." Thus, the government's proposed instruction allows the jury to convict the defendants without unanimity on the offense committed. The jurors must therefore be required all to agree on the thing of value and on the business, transaction or series of transactions to "ensure the jury understands its duty to unanimously agree to a particular set of facts." *Echeverry*, 719 F.2d at 975.

STIPULATED INSTRUCTION NO. 44

DEFINITION OF "AGENT" (18 U.S.C. § 666)

An "agent" is a person who is authorized to act on behalf of a local government including an employee, officer, or representative.

Ninth Circuit Model Criminal Jury Instruction 24.32

STIPULATED INSTRUCTION NO. 45

DEFINITION OF "IN ANY ONE-YEAR PERIOD" (18 U.S.C. § 666)

The phrase "in any one-year period" means a continuous period that commences no earlier than 12 months before the commission of the offense or that ends no later than 12 months after the commission of the offense. Such period may include time both before and after the commission of the offense.

The government need not prove that any of the Federal benefits in excess of $10,00 received by the local government were misappropriated or otherwise connected to the commission of the offense.

Source: *United States v. Ridley-Thomas*, Case No. 21-CR-00485-DSF (Dkt. 258 at 24) (Jury Instruction No. 20).

DISPUTED INSTRUCTION NO. 46

BRIBERY—QUID PRO QUO IN EXCHANGE FOR OFFICIAL ACT

DEFENSE'S PROPOSED INSTRUCTION

18 U.S.C. § 666 prohibits paying and accepting bribes. A benefit is a bribe only if it is specifically intended as a quid pro quo, that is, to corruptly give or receive something of value in exchange for an official act.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 46

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed instruction is unnecessary and misstates the law, and the "quid pro quo" requirement is correctly described in other proposed instructions. The government's proposed instruction No. 42 (on 18 U.S.C. § 666(a)(1)(B)) requires the jury to find that Thao acted "corruptly" in soliciting, demanding, accepting, or agreeing to accept something of value "with the intent to be influenced or rewarded" in connection with City business. These instructions already contain the "essential elements of a quid pro quo" rendering the defendants' proposed instruction unnecessary. *See United States v. Ridley-Thomas*, No. 23-2200, 2026 WL 2222362, at *11 (9th Cir. Aug. 3, 2026); *see also United States v. Shen Zhen New World I, LLC*, 115 F.4th 1167, 1179 (9th Cir. 2024) (noting that Section 666 "does not require a jury to find a specific *quid pro quo*") (citation and alteration omitted).

Defendants' instruction also erroneously suggests that the jury must find that the thing of value was given or received "in exchange for an official act." Section 666 does not contain an "official act" requirement. *See United States v. Garrido*, 713 F.3d 985, 1002 (9th Cir. 2013). In addition, this instruction incorrectly implies that something more than an agreement to accept a bribe is required, by stating that the defendant must "give or receive something of value."

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object that the government's proposed instructions on the 18 U.S.C. § 666 bribery counts (Counts 2 and 3) do not include the requirement of a quid pro quo—a corrupt payment of something of value in exchange for an official act. Defendants recognize that the Ninth Circuit's Model Instructions for violations of 18 U.S.C. § 666, Model Instruction Nos. 24.30 and 24.31, do not include a quid pro quo as the element of the crime. The Ninth Circuit has also previously held that bribery under Section 666 does not require a jury to find a specific quid pro quo. *United States v. Garrido*, 713 F.3d 985, 996 (9th Cir. 2013). Nevertheless, the Supreme Court has been clear on this issue. In *United States v. Sun Diamond Growers of California*, 526 U.S. 398, 404–05, 407 (1999), the Court analyzed the distinction between 18 U.S.C. § 201(b), a bribery statute, with 18 U.S.C. § 201(c), a gratuity statute. In

describing the differing intent elements between bribery and a mere gratuity, the Court stated that "[B]ribery requires intent 'to influence' an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act. *Id*. at 404. The Court explained that "for bribery there must be a quid pro quo—a specific intent to give or receive something of value in exchange for an official act." *Id*.; *see also McCormick v. United States,* 500 U.S. 257, 274 (1991) (*quid pro quo* necessary element for extortion prosecutions of politicians under Title 18 U.S.C. § 1951).

In 2024, the Supreme Court considered another bribery case, *Snyder v. United States*, 603 U.S. 1 (2024). At issue was the statute here—Title 18 U.S.C. § 666—and whether Section 666 was only a bribery statute, like 18 U.S.C. § 201(b), or also extended to mere gratuities, like 18 U.S.C. § 201(c). In holding that Section 666 applied only to bribery, and did not extend to mere gratuities, the Court stated that "a state or local official can violate Section 666 when he [or she] accepts an up-front payment for a future official act or agrees to a future reward for a future official act." *Id.* at 19. In other words, Section 666 is violated via the *quid pro quo* the Court had defined in *Sun Diamond,* the intent to give or receive something of value in exchange for an official act. *Sun Diamond Growers of California,* 526 U.S. at 404–05.

DISPUTED INSTRUCTION NO. 47

CONSPIRACY TO COMMIT BRIBERY—ELEMENTS (18 U.S.C. § 371)

GOVERNMENT'S PROPOSED INSTRUCTION

All of the defendants are charged in Count One with conspiring to commit bribery in violation of Section 371 of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about October 7, 2022, and continuing through on or about June 20, 2024, there was an agreement between two or more persons to commit the crime of bribery as described in Section 666 (a)(2) of Title 18 the United States Code, paying a bribe, or in Section 666(a)(1)(B) of Title 18 of the United States Code, accepting a bribe;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after about October 7, 2022, for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

DEFENSE'S PROPOSED INSTRUCTION

All of the defendants are charged in Count One of the indictment with conspiring to commit bribery in violation of Section 371 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than October 7, 2022, and continuing through on or about June 20, 2024, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish; and

Third, one of the members of the conspiracy performed at least one overt act on or after October 7, 2022 for the purpose of carrying out the conspiracy, **with all of you in agreement on which of the overt acts was committed**.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an

object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Ninth Circuit Model Criminal Jury Instruction 11.1

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 47

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed instruction improperly requires the jury to unanimously agree on the particular overt act committed in furtherance of the conspiracy. The Ninth Circuit has expressly held that, "so long as jurors in a federal criminal trial unanimously agree that the Government has proven each element of a conspiracy . . . they need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy." *United States v. Gonzalez*, 786 F.3d 714, 718-19 (9th Cir. 2015).

The government also disagrees with the Defendants' proposed change to the starting date of the conspiracy. The precise start date of a conspiracy is not an element of the offense. *United State vs. Laykin*, 886 F.2d 1534, 1542-43 (9th Cir. 1989). Indeed, *Laykin* rejected a challenge to a jury instruction that stated a different starting date from the date alleged in the indictment, explaining that where time is not a material element, such a difference does not impermissibly alter the offense charge. *Id.* at 1544. The government's proposed "on or about" language, and the proposed instruction about what "on or about" means, makes clear that the government need not prove that the conspiracy began on a particular date.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the statement that the alleged conspiracy began "on or about October 7, 2022." The indictment alleges that the conspiracy began on an unknown date, "but no later than October 7, 2022." (Indictment ¶ 60.) As noted in defendants' objection to Instruction No. 36 (On or About) above, using the broader "on or about" language proffered by the government's proposed jury instructions will violate the defendants' Fifth Amendment right to Due Process because the government's proposed language could improperly broaden the charges the government presented to the grand jury. *Stirone v. United States*, 361 U.S. 212, 218 (1960) (when the government elects to draft a "speaking indictment" with specific language describing the charges, as opposed to a "general" indictment that simply recites the statutory basis for the charge, the government must prove up the crime

precisely as they elected to describe it in the charges they presented to the grand jury).

The government's instruction also lacks a unanimity requirement. For a conspiracy charge, the Ninth Circuit has upheld instructions requiring jurors to agree on which overt act was committed, though it does not mandate such an instruction. *See, United States v. Smith*, 891 F.2d 703, 709 (9th Cir. 1989), amended, 906 F.2d 385 (9th Cir. 1990) (upholding the instruction that the jury must all agree "on which of the overt acts was committed"); *United States v. Castro*, 887 F.2d 988, 993 (9th Cir. 1989) (upholding the instruction "with all of you agreeing on which of the overt acts was committed"); *United States v. Jones*, 712 F.2d 1316, 1322 (9th Cir. 1983) (finding no error in instructions that "required that the jury decide unanimously on the overt act committed"); *but see United States v. Gonzalez*, 786 F.3d 714, 718–19 (9th Cir. 2015) (holding that a unanimity instruction regarding the overt act was not required).

Here, the jury could vote to convict on the basis of different facts because the indictment charges twelve separate overt acts in furtherance of the conspiracy, encompassing fundamentally different categories of conduct. (Indictment ¶ 63.) These acts involve distinct actors, distinct time periods, and distinct means. Jurors could disagree about which overt act was committed in furtherance of the conspiracy without reaching unanimity on any single overt act. An instruction requiring that all jurors agree on which overt act was committed is therefore necessary to "ensure the jury understands its duty to unanimously agree to a particular set of facts." *Echeverry*, 719 F.2d at 975.

DISPUTED INSTRUCTION NO. 48

HONEST SERVICES FRAUD—ELEMENTS (18 U.S.C. §§ 1341, 1343)

GOVERNMENT'S PROPOSED INSTRUCTION

Count Five alleges mail fraud in violation of Section 1341 of Title 18 of the United States Code. Counts Six and Seven allege wire fraud in violation of Section 1343 of Title 18 of the United States Code. Each alleges a scheme to defraud the City of Oakland or their residents of their right to the honest services. For the defendants to be found guilty of the mail fraud or wire fraud charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant devised or knowingly participated in a scheme or plan to deprive the City of Oakland or its the residents of their right of honest services;

**Second, the scheme or plan consisted of a bribe in exchange for at least one official act by a public official**. The "exchange" may be express or may be implied from all the surrounding circumstances;

Third, the public official owed a fiduciary duty to the City of Oakland or its residents;

Fourth, the defendant acted with the intent to defraud by depriving the City of Oakland or its residents of their right of honest services;

Fifth, **the scheme or plan** was material; that is, it had a natural tendency to influence, or was capable of influencing, a person's or an entity's acts. A deprivation of the right of honest services does not require tangible harm; and

Sixth, in the case of mail fraud, the defendant used, or caused someone to use, the mails to carry out or to attempt to carry out the scheme or plan; or in the case of wire fraud, that an interstate wire transmission was used in furtherance of the scheme.

**Bribery involves an agreement to the exchange of a thing or things of value for one or more official acts by a public official. This is called a "quid pro quo" (a Latin phrase meaning "this for that" or "these for those"). Bribery also includes offers and solicitations of things of value in exchange for official acts. For the payor, bribery includes providing, offering, or agreeing to provide a thing of value to a public official in exchange for an official act. For the public official, bribery includes soliciting, accepting, or agreeing to accept a thing of value in exchange for an**

**official act. The government does not need to prove that the public official performed the official act that was the object of the exchange or genuinely intended to perform it.**

**The public official and the payor need not state the quid pro quo in express terms. Rather, the intent to exchange may be established by circumstantial evidence, including the defendant's words and conduct, and all the surrounding circumstances and the rationale or logical inferences that may be drawn from the evidence.**

**The government is not required to prove that each participant in the scheme personally benefited.**

DEFENSE'S PROPOSED INSTRUCTION

Count Five alleges mail fraud in violation of Section 1341 of Title 18 of the United States Code. Counts Six and Seven allege wire fraud in violation of Section 1343 of Title 18 of the United States Code. Each alleges a scheme to defraud the residents of Oakland of their right to the honest services. For the defendants to be found guilty of the mail fraud or wire fraud charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant devised or knowingly participated in a scheme or plan to deprive the residents of Oakland of their right of honest services;

Second, **the scheme or plan consisted of a bribe in exchange for at least one official act by a public official with all of you agreeing as to which official act.** The "exchange" may be express or may be implied from all the surrounding circumstances;

Third, the defendant owed a fiduciary duty to the residents of Oakland;

Fourth, the defendant acted with the intent to defraud by depriving the residents of Oakland of their right of honest services;

Fifth, the defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing, a person's or an entity's acts; and

Sixth, in the case of mail fraud as alleged in Count Five, the defendant used, or caused someone to use, the mails to carry out or to attempt to carry out the scheme or plan; or in the case of wire fraud as

alleged in Counts Six and Seven, that an interstate wire transmission was used in furtherance of the scheme.

**A "fiduciary" duty exists whenever one person or entity places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise their discretion and expertise with the utmost honesty and forthrightness in the interests of the person or entity, such that the person or entity relaxes the care and vigilance that they would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other person or entity based on such reliance.**

**The mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.**

**A benefit is a bribe only if it is specifically intended as a quid pro quo, that is, to corruptly give or receive something of value in exchange for an official act.**

Ninth Circuit Model Criminal Jury Instruction 15.34

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 48

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The government's proposed instruction, including its definition of bribery, substantially tracks the instructions affirmed in *United States v. Ridley-Thomas*, No. 23-2200, 2026 WL 2222362 (9th Cir. Aug. 3, 2026). The model instruction contemplates a defendant who is the public official; this case also involves bribe payors and an intermediary, requiring appropriate modifications.

Defendants' proposed instruction misstates the law in several ways. First, for the reasons discussed above, Defendants improperly require unanimity as to the particular official act and thing of value. The government alleges a single bribery scheme involving multiple things of value and contemplated official acts, which are factual means of proving the single charged scheme, rather than separate elements. *See United States v. Lopez-Cotto*, 884 F.3d 1, 11-12 (1st Cir. 2018).

Second, Defendants' proposed instruction also improperly requires that "the defendant" owe a fiduciary duty to Oakland residents. The relevant duty is that of the public official. *See United States v. Garrido*, 713 F.3d 985, 992 (9th Cir. 2013); *United States v. Shen Zhen New World I, LLC,* 115 F.4th 1167 (9th Cir. 2024) (upholding conviction of private bribe-giver). Defendants' generic fiduciary-duty definition is likewise unnecessary and confusing because a public official inherently owes a fiduciary duty to the public. *United States v. Kincaid-Chauncey*, 556 F.3d 923, 939 (9th Cir. 2009).

Third, Defendants incorrectly require that each "defendant's act" be material. The relevant inquiry is whether the dishonesty constituting the public official's breach of fiduciary duty was material. *See United States v. Ridley-Thomas*, No. 23-2200, 2026 WL 2222362, at *8 (9th Cir. Aug. 3, 2026).

Finally, Defendants' additional quid-pro-quo language is unnecessary and less precise than the government's proposed language. The government's proposal adequately explains the requirements applicable to the bribe payor and public official, including that a payor may commit bribery by offering a thing of value with the requisite intent even if the public official does not accept the offer. *See Shen Zhen*, 115 F.4th 1177-79. Defendants' formulation collapses these distinct requirements into a single generic definition and could incorrectly suggest that a completed agreement is required in all circumstances.

<u>DEFENSE'S ARGUMENT AND AUTHORITY</u>:

Defendants object to the government's proposed instruction because it lacks unanimity language that should be included here because the jury could vote to convict on the basis of different facts. The indictment also charges three possible official acts—the "*quo*" in the alleged "*quid pro quo*": the "purchase of housing units from Housing Company, the appointment of preferred candidates to official positions, and the extension of Recycling Company's contract with the City of Oakland." (Indictment ¶ 12.) This creates a risk that different jurors will base their liability determinations on different facts. Some jurors could conclude that the purchase of housing units was the quo, but not the appointment of preferred candidates to officials while other jurors could reach the opposite conclusion but with 12 jurors still finding a "*quo*." The government's proposed instruction allows the jury to convict the defendants without unanimity on the offense committed. The jurors must therefore be required all to agree on the official act to "ensure the jury understands its duty to unanimously agree to a particular set of facts." *Echeverry*, 719 F.2d at 975.

Defendants also object because the government's proposed instruction varies the language used in the form for the fifth element of the offense—changing "the defendant's act was material" to "the scheme or plan was material."

In addition, "when the government seeks to prove honest services fraud in the form of bribery, it must prove a *quid pro quo*." *United States v. Inunza*, 638 F.3d 1006, 1013 (9th Cir. 2011). Defendants include that element here and also proffered a standalone instruction (No. 46—Bribery-Quid Pro Quo In Exchange For Official Act) to describe a *quid pro quo* in the bribery context that is consistent with the Supreme Court's rulings in *Sun Diamond* and *Snyder*. *United States v. Sun Diamond Growers of California,* 526 U.S. 398, 404–05, 407, (1999) (bribery requires a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act); *Snyder v. United States,* 603 U.S. 1, 18–19 (2024) (Section 666 is a bribery statute that prohibits local officials from accepting an up-front payment in exchange for a future official act).

STIPULATED INSTRUCTION NO. 49

OFFICIAL ACT—DEFINED

"Official act" means any decision or action on a question, matter, cause, proceeding, or controversy involving the formal exercise of governmental power. The question, matter, cause, proceeding, or controversy must be pending, or be able by law to be brought, before a public official, and the question, matter, cause, proceeding, or controversy must be something specific and focused, rather than a broad policy objective.

The official's decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. The bribe recipient need not be the final decisionmaker.

The government does not need to prove that the official ever actually intended to perform an official act or that the official ever did, in fact, perform an official act, provided that he or she agreed to do so.

Merely arranging a meeting, hosting an event, or giving a speech, do not qualify as the taking of official action.

Ninth Circuit Model Criminal Jury Instruction 10.1

DISPUTED INSTRUCTION NO. 50

PUBLIC OFFICIAL AND FIDUCIARY DUTY—DEFINED

GOVERNMENT'S PROPOSED INSTRUCTION

A public official, which includes an agent of a local government, or any agency thereof, serves as a trustee for the residents and the local government, and thus owes a fiduciary duty to the residents and the local government.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 50

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed generic definition of "fiduciary duty" does not adequately describe the fiduciary duty at issue in this case. The government's proposed instruction explains that as a matter of law a public official serves as a trustee for the public and therefore owes a fiduciary duty to the public and the local government. The government's proposed language substantially tracks the instruction given and affirmed in *United States v. Ridley-Thomas*, Case No. 21-CR-00485-DSF (Dkt. 258 at 24) (Jury Instruction No. 23), aff'd, No. 23-2200, 2026 WL 2222362 (9th Cir. Aug. 3, 2026), and *United States v. Shen Zhen New World I, LLC*, Case No. 20-cr-00326 (Dkt. 812 at 23) (Jury Instruction No. 19), aff'd, 115 F.4th 1167, 1179 (9th Cir. 2024), and is consistent with *United States v. Garrido*, 713 F.3d 985, 992 (9th Cir. 2013). Nor is the stipulated definition of "agent" duplicative. That instruction defines who qualifies as an agent for purposes of Section 666; it does not define the fiduciary duty owed by a public official for purposes of honest services fraud.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to Proposed Instruction No. 50 because the term "fiduciary duty" is defined in Ninth Circuit Model Criminal Jury Instruction No. 15.34, which defendants have inserted into the substantive instruction on the elements of mail and wire fraud in Defendants' Proposed Instruction No. 48—Honest Services Fraud-Elements. The public official definition is covered in Stipulated Instruction No. 44, definition of "agent," per Ninth Circuit Model Criminal Jury Instruction 24.32.

STIPULATED INSTRUCTION NO. 51

USE OF THE MAILS AND WIRE

Use of the Mails

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Use of Wires

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

Ninth Circuit Model Criminal Jury Instructions 15.34, 15.35

DISPUTED INSTRUCTION NO. 52

CONSPIRACY TO COMMIT HONEST SERVICES

MAIL AND WIRE FRAUD—ELEMENTS (18 U.S.C. § 1349)

GOVERNMENT'S PROPOSED INSTRUCTION

All of the defendants are charged in Count Four with conspiring to commit honest services mail fraud and wire fraud in violation of Section 1349 of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about October 7, 2022, and continuing through on or about June 20, 2024, there was an agreement between two or more persons to commit honest services mail fraud or wire fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator

merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

DEFENSE'S PROPOSED INSTRUCTION

All of the defendants are charged in Count Four with conspiring to commit honest services mail fraud and wire fraud in violation of Section 1349 of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than October 7, 2022, and continuing through on or about June 20, 2024, there was an agreement between two or more persons to commit honest services mail fraud or wire fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator

merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Ninth Circuit Model Criminal Jury Instruction 11.1

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 52

GOVERNMENT'S ARGUMENT AND AUTHORITY:

As detailed above, the precise start date of a conspiracy is not an element of the offense. *United State vs. Laykin*, 886 F.2d 1534, 1542-43 (9th Cir. 1989). Indeed, *Laykin* rejected a challenge to a jury instruction that stated a different starting date from the date alleged in the indictment, explaining that where time is not a material element, such a difference does not impermissibly alter the offense charge. *Id.* at 1544. The government's proposed "on or about" language makes clear that the government need not prove that the conspiracy began on a particular date.

In addition, this proposed instruction tracks the substantive language of the model instruction for conspiracy liability under 18 U.S.C. § 1349.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the government's proposed instruction on Fifth Amendment due process grounds because it misstates the allegation in the indictment regarding the start date of the alleged conspiracy. Defendants have revised the government's proposed instruction so that it accurately tracks the allegation presented to the grand jury. *Stirone v. United States*, 361 U.S. 212, 218 (1960) ("[I]t follows that when only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened.")

INSTRUCTION NO. 53

AIDING AND ABETTING (18 U.S.C. § 2(a))

GOVERNMENT'S PROPOSED INSTRUCTION

A defendant may be found guilty of a crime he or she is charged with, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of a charged crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime charged;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

DEFENSE'S PROPOSED INSTRUCTION

Sheng Thao and Andre Jones may be found guilty of Counts Two, Five, Six and Seven, even if they personally did not commit the act or acts constituting the crime but aided and abetted in its commission. Sheng Thao and Andre Jones are not charged in Count Three. David Duong and Andy Duong may be found guilty of Counts Three, Five, Six and Seven, even if they personally did not

commit the act or acts constituting the crime but aided and abetted in its commission. David Duong and Andy Duong are not charged in Count 2.

To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of a crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime charged;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime charged;

Third, the defendant acted with the intent to facilitate the crime charged; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Model Criminal Jury Instruction 4.1

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 53

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The government's proposed instruction tracks the model jury instruction language. The additional language about who can or cannot be found liable under and aiding and abetting theory is confusing and unnecessary. The government's proposed verdict form (and we assume any verdict form proposed by the defendants) will not permit the jury to find defendants guilty for counts in which they were not charged.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the government's proposed aiding and abetting instruction because it would permit a finding of guilt on counts for which they were not charged – Count 3 for Sheng Thao and Andre Jones, Count 2 for David Duong and Andy Duong—in violation of their Fifth Amendment right to due process.

In cases articulating the scope of 18 U.S.C. § 2, courts allow aiding and abetting to be implied where the defendants were indicted for the substantive offense they allegedly aided and abetted, but not for a different offense altogether. *See, e.g., United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988) (aiding and abetting theory applied to count charged against defendant in indictment); *United States v. Armstrong*, 909 F.2d 1238 (9th Cir. 1990) (same). "In federal court a defendant may not be convicted of an offense different from that specifically charged by the grand jury," nor can the court "substantially amend the indictment through its instructions to the jury." *United States v. Stewart Clinical Laboratory, Inc.*, 652 F.2d 804, 807 (9th Cir. 1981) (citing *Stirone v. US*, 361 US 212, 215–19 (1960)). Doing so would amount to a constructive amendment of the indictment, which is a "fatal error" requiring reversal. *Stirone*, 361 US at 218.

DISPUTED INSTRUCTION NO. 54

THEORY OF DEFENSE—MERE INGRATIATION

DEFENSE'S PROPOSED INSTRUCTION

Seeking ingratiation and access to a public official is not illegal. Constituents may support candidates who support their beliefs and interests, and candidates who are elected can be expected to be responsive to those concerns. A benefit given to curry favor, to cultivate a friendship, or to express gratitude is not a bribe. A benefit given to a politician with the generalized hope or expectation of future benefit likewise does not constitute a bribe. A benefit made to reward a politician for an act they have already taken or have already determined to take is not a bribe. In other words, it is not a bribe to provide a politician a gratuity as a token of appreciation after the politician performs an official act. Nor is a benefit a bribe merely because there is some connection in time and place between a benefit to a politician and action by the politician that helps the one who made the benefit.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 54

DEFENSE'S ARGUMENT AND AUTHORITY:

The defendants have a constitutional right to present their theory of defense. In *Crane v. Kentucky,* 476 U.S. 683, 690 (1986), the Court held that the Due Process Clause of the Fifth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment guarantee defendants a meaningful opportunity to present a complete defense. In the Ninth Circuit, defendants are entitled to a jury instruction on their theory of defense where "the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, or of doubtful credibility." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007); *Bradley v. Duncan*, 315 F.3d 1091, 1099 (9th Cir. 2002) (holding that the right to a complete defense extends to legal theories and provides a right to a jury instruction which allows the jury to consider the defense).

Here, defendants' mere ingratiation defense incorporates the First Amendment right to participate in the political process while also drawing a distinction between what constitutes an illegal bribe under 18 U.S.C. § 666, which is charged in this case, and a mere gratuity under 18 U.S.C. § 201(c), which is not charged in this case.

The Supreme Court has repeatedly reiterated that a citizen has a First Amendment right to participate in the political process, including interacting with political candidates. The Court has emphasized that "[t]here is no right more basic in our democracy than the right to participate in electing our political leaders." *McCutcheon v. Federal Election Commission,* 572 U.S. 185, 191 (2014). The First Amendment "has its fullest and more urgent application precisely to the conduct of campaigns for political office." *Id.* at 191–92, quoting *Monitor Patriot Co. v. Roy,* 401 U.S. 265, 272 (1971). The Court recognizes that "the basic compact underlying representative government *assumes* that public officials will hear from their constituents and act appropriately on their concerns. *McDonnell v. United States,* 579 U.S. 550, 575 (2016) (emphasis in original).

As a result, the Court has held that "government regulation may not target the general gratitude a candidate may feel toward those who support him [or her] or his [or her] allies, or the political access such support may afford." *McCutcheon,* 572 U.S. at 192. As defendants highlight in their theory of

defense, the Court states that "'[i]ngratiation and access … are not corruption. They embody a central feature of democracy—that constituents support candidates who share their beliefs and interests, and candidates who are elected can be expected to be responsive to those concerns. *Id.*, citing *Citizens United v. Federal Election Commission,* 558 U.S. 310, 360 (2010); *see also, Federal Election Commission v. Cruz,* 596 U.S. 289, 308 (2022); *Snyder v. United States,* 603 U.S. 1 (2024).

In addition, the Supreme Court has also determined what constitutes an illegal bribe under Title 18 U.S.C. § 666 as opposed to a mere gratuity. That demarcation is important here because the government is proceeding only on a bribe theory, not an illegal gratuity theory. In *United States v. Sun-Diamond Growers of California,* 526 U.S. 398, 404 (1999), the Court distinguished bribes from mere gratuities by stating that "[b]ribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act." Thus, "for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act. *Id.* at 404–05. In *Snyder v. United States,* 603 U.S. 1 (2024), the Court continued to clarify the distinction between illegal bribes under Title 18 U.S.C. § 666 and mere gratuities. The Court held that illegal bribes are "promised or given ***before*** the official act." *Id.* at 5. Mere gratuities, by contrast, may be given as a token of appreciation ***after*** the official act. *Id.* As a result, the Court held that "[a] state or local official can violate § 666 when he [or she] accepts an up-front payment for a future official act or agrees to a future reward for a future official act. … But a state or local official does not violate § 666 if the official has taken the official act before any reward is agreed to, much less given. *Id.* at 19.

<u>GOVERNMENT'S ARGUMENT AND AUTHORITY</u>:

Defendants' proposed instruction is unnecessary and consists primarily of arguments that the defendants are free and able to make under the existing substantive instructions. The defendants' proposed instruction mostly describes conduct that they argue is beyond the scope of the criminal statutes at issue, and it therefore appropriate for argument, but is not a "theory of the case." The Ninth Circuit recently rejected the same argument in *United States v. Ridley-Thomas*, holding that a separate instruction distinguishing "lawful ingratiation" from bribery was unnecessary where the instructions

already required the jury to find that the defendant acted corruptly with the requisite intent. No. 23-2200, 2026 WL 2222362, at *11 (9th Cir. Aug. 3, 2026). In doing so, the court relied on *United States v. Shen Zhen New World I, LLC,* which likewise characterized a proposed instruction concerning "the difference between unlawful bribery and lawful ingratiation" as unnecessary because the instructions already adequately conveyed the required corrupt intent. *Id.* (citing 115 F.4th 1167, 1181 (9th Cir. 2024)). As in those cases, the proposed instructions here already require the jury to find the corrupt intent and quid pro quo necessary to constitute bribery. Defendants are not entitled to additional instruction that supports their arguments, but is not rooted in the applicable elements of the crimes.

DISPUTED INSTRUCTION NO. 55

DEFENSE'S PROPOSED INSTRUCTION

THEORY OF DEFENSE—NON-DISCLOSURE OF CONFLICT OF INTEREST

In relation to your deliberations on the honest services allegations in Counts Three through Seven, undisclosed self-dealing by a public official or private employee is not unlawful, that is, the taking of official action by the public official or employee that furthers their own undisclosed financial interests while purporting to act in the interests of those to whom they owe a fiduciary duty is not unlawful.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 55

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants have a constitutional right to present their theory of defense. In *Crane v. Kentucky,* 476 U.S. 683, 690 (1986), the Court held that the Due Process Clause of the Fifth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment guarantee defendants a meaningful opportunity to present a complete defense. In the Ninth Circuit, defendants are entitled to a jury instruction on their theory of defense where "the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, or of doubtful credibility." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007); *Bradley v. Duncan*, 315 F.3d 1091, 1099 (9th Cir. 2002) (holding that the right to a complete defense extends to legal theories and provides a right to a jury instruction which allows the jury to consider the defense).

It is well-established that an honest services fraud conviction may ***not*** rest upon a theory of failure to disclose a conflict of interest or self-dealing. In *Skilling v. United States*, 561 U.S. 358, 409 (2010), the government urged the Supreme Court to extend § 1346 to undisclosed conflicts of interest—which the government described as "undisclosed self-dealing by a public official or private employee—*i.e.*, the taking of official action by the employee that furthers his [or her] own undisclosed financial interests while purporting to act in the interests of those to whom he [or she] owes a fiduciary duty." The Court rejected the government's argument holding that § 1346 "must exclude [the] amorphous category" of conflict-of-interest prosecutions. *Id.* at 410. *In United States v. Garrido*, 713 F.3d 985 (9th Cir. 2013), the Ninth Circuit followed *Skilling*, finding that the jury was improperly instructed on the honest services counts because there was a "reasonable probability" that defendants were convicted on the theory that they failed to disclose a conflict of interest, and not on a bribery or kickback theory. *Id.* at 995–96.

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed instruction is unnecessary and risks confusing the jury. The other proposed substantive instructions already require the jury to find that the Defendants participated in a

bribery scheme. Accordingly, these other instructions make clear that the jury may not convict based merely on an undisclosed conflict of interest or self-dealing. *See Skilling v. United States*, 561 U.S. 358, 409-412 (2010).

Moreover, Defendants' proposed instruction includes sweeping categorical statements, such as "undisclosed self-dealing by a public official or private employee is not unlawful," that are misleading and confusing when read in conjunction with the substantive instructions that lay out the elements of the crimes. While in some circumstances undisclosed self-dealing, standing alone and without proof of the elements of the crime, is insufficient to establish the bribery offenses charged in this case, in some cases such self-dealing may be an aspect of criminal bribery. Plus, evidence of undisclosed financial interests or conflicts is relevant to whether the government has proved a bribery scheme. Because the government is not pursuing an undisclosed-self-dealing theory and the other proposed instructions already require proof of the elements of bribery, Defendants' additional instruction is unnecessary, invites confusion on issues that the jury need not reach, and should not be given.

DISPUTED INSTRUCTION NO. 56

THEORY OF DEFENSE—GOOD FAITH

DEFENSE'S PROPOSED INSTRUCTION

Any defendant who acted in "good faith" has a complete defense to the charges of contained in indictment because good faith on the part of the defendant is, simply, inconsistent with the criminal intent alleged in the indictment.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statute at issue merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that each defendant acted with the required criminal intent, as defined elsewhere in these instructions.

If the evidence in the case leaves the jury with a reasonable doubt as to whether any defendant acted with the required criminal intent, the jury must acquit that defendant.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 56

DEFENSE'S ARGUMENT AND AUTHORITY:

The Defendants have a constitutional right to present their theory of defense. In *Crane v. Kentucky,* 476 U.S. 683, 690 (1986), the Court held that the Due Process Clause of the Fifth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment guarantee defendants a meaningful opportunity to present a complete defense. In the Ninth Circuit, defendants are entitled to a jury instruction on their theory of defense where "the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, or of doubtful credibility." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007); *Bradley v. Duncan*, 315 F.3d 1091, 1099 (9th Cir. 2002) (holding that the right to a complete defense extends to legal theories and provides a right to a jury instruction which allows the jury to consider the defense).

The defendants' proposed good faith instruction is taken from Devitt and Blackmar's model jury instructions, as referenced in the Court's Standing Order. *See* 1A Fed. Jury Prac. & Instr. § 19:06 (6th ed.) (The good faith defense—Explained); Judge Yvonne Gonzalez Rogers' Standing Order in Criminal Cases, ¶ 7 (Jury Instructions).

Good faith instructions have been upheld in the Second, Fourth, Fifth, Sixth, Eighth, and Tenth Circuits for honest services mail and wire fraud charges. *See United States v. Hamilton*, 3 F. App'x 7, 10 (2d Cir. 2001) ("The district court also properly charged the jury on the good faith defense to mail fraud and wire fraud."); *S. Atl. Ltd. P'ship of Tennessee, L.P. v. Riese*, 284 F.3d 518, 531–32 (4th Cir. 2002) (upholding the instruction "[g]ood faith means the defendant had a genuine belief that the information which was sent or given was true," because "good faith is an absolute defense to mail fraud"); *United States v. Beebe*, 792 F.2d 1363, 1368 (5th Cir. 1986) ("[A]n accused is ordinarily entitled to a good faith defense instruction when intent to defraud is an element of the offense charged and the defense is fairly raised by the evidence."); *United States v. Hawkins*, 787 F. App'x 870, 874 (6th Cir. 2019) (upholding the use of the Sixth Circuit's pattern good-faith instruction as a defense to mail fraud); *United States v. Casperson*, 773 F.2d 216, 222 (8th Cir. 1985) (holding that the failure to give a good faith instruction for mail and wire fraud was not harmless error because the court "fail[ed] to draw

the jury's attention to appellants' theory of defense" given the complexity of the evidence, including multiple defendants and numerous charges); *Steiger v. United States*, 373 F.2d 133, 136 (10th Cir. 1967) (granting a new trial because the trial court had refused to give a good faith instruction for a mail fraud charge even though the court "did give general instructions" on the intent elements, because "none of the instructions … clearly and fully submitted the defense of good faith").

Though the Ninth Circuit does not require good faith instructions provided that the jury is clearly instructed on intent, it also does not prohibit them. *See, e.g., United States v. Frega*, 179 F.3d 793, 804 (9th Cir. 1999); *United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir. 1987).

Here, a good faith instruction is necessary to ensure that the jury fairly considers the theory of defense because good faith is a complete defense to the charges contained in the indictment. *See Bradley*, 315 F.3d at 1099. Given the various intent definitions scattered across a large volume of instructions, there is a risk that the jury will not consider a good faith defense unless they are presented with a separate instruction. *Steiger*, 373 F.2d at 136 (granting a new trial where the court gave general instructions on intent but failed to "clearly and fully submit[] the defense of good faith"). Moreover, the volume and complexity of the evidence suggests that the jury's attention should be expressly drawn to the defendants' theory of defense through a standalone instruction. *Casperson*, 773 F.2d at 222 (reversing for failure to "draw the jury's attention to appellants' theory of defense"). Nearly every act the government charges in the indictment is the kind of conduct that politicians and businesspeople engage in lawfully every day, such as campaigning for political office, political appointments, and contracts with the city government. This is a case where the defendants' good-faith defense is "legally sound and the evidence … makes it applicable," necessitating a good-faith instruction. *See Kayser*, 488 F.3d at 1076.

<u>GOVERNMENT'S ARGUMENT AND AUTHORITY</u>:

Defendants' proposed good-faith instruction is unnecessary because the proposed instructions already require the government to prove the requisite intent for each charged offense. *See United States v. Frega*, 179 F.3d 793, 804 (9th Cir. 1999) (holding that good faith defense instruction was unnecessary where the jury is clearly instructed as to the "specific intent" of the crime."); *United States v. Hickey*,

580 F.3d 922, 931 (9th Cir. 2009) (holding no good faith instruction needed when jury properly instructed on the requisite intent in a fraud case).

Defendants' proposed instruction also risks confusing the jury by purporting to define good faith to include an "absence of malice or ill will" and an "intention to avoid taking unfair advantage of another." Neither is an element of the charged offenses, and these definitions are inconsistent with actual intent requirement, and veer into argument. Because the other proposed instructions adequately address the required criminal intent, Defendants' additional good-faith instruction should not be given.

DISPUTED INSTRUCTION NO. 57

THEORY OF DEFENSE—MERE ASSOCIATION

DEFENSE'S PROPOSED INSTRUCTION

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 57

DEFENSE'S ARGUMENT AND AUTHORITY:

The defendants' proposed mere association instruction is taken from Devitt and Blackmar's model jury instructions, as referenced in the Court's Standing Order. *See,* 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.) (Conspiracy—Membership in an agreement); Judge Yvonne Gonzalez Rogers' Standing Order in Criminal Cases, ¶ 7 (Jury Instructions).

The defendants have a constitutional right to present their theory of defense. In *Crane v. Kentucky,* 476 U.S. 683, 690 (1986), the Court held that the Due Process Clause of the Fifth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment guarantee defendants a meaningful opportunity to present a complete defense. In the Ninth Circuit, defendants are entitled to a jury instruction on their theory of defense where "the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, or of doubtful credibility." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007); *Bradley v. Duncan*, 315 F.3d 1091, 1099 (9th Cir. 2002) (holding that the right to a complete defense extends to legal theories and provides a right to a jury instruction which allows the jury to consider the defense).

Here, Ninth Circuit law is consistent with the proposed instruction. "[M]ere association with members of a conspiracy or knowledge of the conspiracy, 'without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator.'" *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996); *United States v. Melchor-Lopez,* 627 F.2d 886, 891 (9th Cir. 1980). The "mere association" rule has been used in cases involving conspiracy to commit fraud and is applicable here as well. *See United States v. Brown*, 912 F.2d 1040 (9th Cir. 1990) (reversing defendant's conspiracy conviction upon finding that defendant's mere participation in single financial transaction, which formed but one part of an overall savings and loan conspiracy, did not show "the knowledge and dependency" required "to convict a person of knowing participation"); *United States v. Grasso*, 724 F.3d 1077, 1086 (9th Cir. 2013) (in reviewing conviction for conspiracy to commit loan fraud and bank fraud, noting that "it is not a crime to be acquainted with criminals or to be physically present when they are committing crimes" ); *but see*, *United States v. Tucker*, 641 F.3d 1110, 1122–23

(9th Cir. 2011) (mere presence instruction is discretionary depending on facts of case).

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed instruction is unnecessary because the proposed conspiracy instructions already adequately address these principles. The Ninth Circuit model conspiracy instruction makes clear that it is insufficient for individuals merely to meet, discuss matters of common interest, act in similar ways, or help one another, and that a person does not become a conspirator merely by associating with conspirators or knowing that a conspiracy exists. *See* Ninth Cir. Model Crim. Jury Inst. 11.1. Defendants' additional instruction is therefore duplicative and should not be given.

DISPUTED INSTRUCTION NO. 58

CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (PINKERTON CHARGE)

GOVERNMENT'S PROPOSED INSTRUCTION

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, for the crimes charged in Counts Two, Three, Five, Six, and Seven, you can find any defendant named in the count guilty of the crime charged if the government has proved each of the following elements beyond a reasonable doubt:

First, another person named in the count committed the crime alleged in the count;

Second, the person was a member of the conspiracy charged in Count One or Count Four;

Third, the other person committed the crime in the count in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in the count was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Ninth Circuit Model Criminal Jury Instruction 11.6

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 58

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The evidence supports giving a *Pinkerton* instruction. Under *Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946), a conspirator may be held liable for a substantive offense committed by a co-conspirator where the offense was committed in furtherance of the conspiracy, fell within the scope of the unlawful agreement, and was reasonably foreseeable as a necessary or nature consequence of that agreement.

Here, the government alleges that Defendants jointly participated in the charged conspiracies and that the substantive offenses were committed in furtherance of, and within the scope of, those conspiracies. Whether the government has proved the requirement for co-conspirator liability is a question for the jury. The proposed instruction correctly identifies those requirements and should be given.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to this instruction as inapplicable to the facts of this case and request that the Court reserve ruling on the government's proposed instruction until the government completes its case in chief.

DISPUTED INSTRUCTION NO. 59

SCHEME TO DEFRAUD—VICARIOUS LIABILITY

GOVERNMENT'S PROPOSED INSTRUCTION

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense **charged in Counts Five, Six, or Seven** committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

Ninth Circuit Model Criminal Jury Instruction 15.33

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 59

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The evidence supports giving the Ninth Circuit's model instruction on vicarious liability for a scheme to defraud. Co-schemer liability for violations of 18 U.S.C. §§ 1341 and 1343 is well-established: A defendant who knowingly participates in a scheme to defraud with the requisite intent may be held liable for reasonably foreseeable mailings or wirings made by other participants in furtherance of the scheme, even if the defendant did not personally make or specifically know of the communication. *See United States v. Stapleton*, 293 F.3d 1111, 1117-18 (9th Cir. 2002); Ninth Cir. Model Crim. Jury Inst. 15.33.

Here, the government alleges that the Defendants participated in the charged bribery scheme with the intent to defraud and that the mailings and wirings charged in Counts Five, Six, and Seven, were made in furtherance of that scheme. Whether the government has proved the requirements for vicarious liability is a question for the jury. The proposed instruction correctly states those requirements and should be given.

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to this instruction as inapplicable to the facts of this case and request that the Court reserve ruling on the government's proposed instruction until the government completes its case in chief.

DISPUTED INSTRUCTION NO. 60

FALSE STATEMENT TO GOVERNMENT AGENCY—ELEMENTS (18 U.S.C. § 1001)

GOVERNMENT'S PROPOSED INSTRUCTION

Defendant Andy Duong is charged in Count Eight with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001(a)(2) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation;

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Fourth, the statement was material to the decisions or activities of the Federal Bureau of Investigation; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

DEFENSE'S PROPOSED INSTRUCTION

Defendant Andy Duong is charged in Count Eight with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001(a)(2) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement**, with all of you agreeing as to which statement was false**;

Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation;

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Fourth, the statement was material to the decisions or activities of the Federal Bureau of Investigation; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

Ninth Circuit Model Criminal Jury Instruction 24.10

AUTHORITY AND ARGUMENT FOR DISPUTED INSTRUCTION NO. 60

GOVERNMENT'S ARGUMENT AND AUTHORITY:

The government proposes the model instruction for this offense, which does not contain the additional requirement that the jury unanimously agree on "which statement was false" added by the defendants' proposal. The jury will be instructed that their decisions on each charge must be unanimous, and without a specific legal requirement that one particular aspect of an element be unanimous, the Court should decline to add one.

Which of the statements were false, and what is false about the statements that Andy Duong made to law enforcement agents on June 20, 2024 as described in the indictment, are "factual issues which underlie the verdict," *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (*quoting McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J. concurring), and there is no requirement that the jury be unanimous on factual issues such as the falsity of a particular alleged statement. *See also United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995) (affirming conviction for 18 U.S.C. § 1014, false statements to a bank, where jury not given a specific unanimity instruction on false statements).

DEFENSE'S ARGUMENT AND AUTHORITY:

Defendants object to the government's proposed instruction because the first element fails to clarify the need for unanimity given that Count 8 charges three separate false statements. The Ninth Circuit has upheld instructions for a § 1001 charge requiring jurors to agree on which specific statement was false. *See United States v. Hicks*, 217 F.3d 1038, 1046 n.6 (9th Cir. 2000), as amended on denial of reh'g (July 31, 2000) (affirming the instruction, "For each count, it is not sufficient that some member of the jury agree that one statement is false while others of the jury agree that another statement is false. There must be at least one specific statement in each count that each of you agree is false and that each of you agree the defendant knew to be false."); *see also United States v. Martin*, 2020 WL 2934952, at *10 (S.D. Cal. June 3, 2020) (granting a new trial because the Indictment alleged four different possible false statements and the Court did not instruct the jury that the government "was required to prove at

least one was false, with all 12 jurors unanimously agreeing as to the one false statement”).

Here, the jury could vote to convict on the basis of different facts because the indictment charges three separate false statements: “that [Andy Duong] had no knowledge of JONES ever receiving payments from Housing Company, that he never spoke to JONES regarding Housing Company, and that he does not ‘deal with Andre Jones for anything.’” (Indictment ¶ 78.) This creates a risk that different jurors will base their liability determinations on different facts: for example, four jurors could each conclude that one of the statements was false, but the other two were truthful, with no unanimous agreement on the offense charged. The jurors must therefore be required all to agree on which statement was false to “ensure the jury understands its duty to unanimously agree to a particular set of facts.” *Echeverry*, 719 F.2d at 975.

STIPULATED INSTRUCTION NO. 61

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instruction 6.19

STIPULATED INSTRUCTION NO. 62

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instruction 6.20

STIPULATED INSTRUCTION NO. 63

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction 6.21

STIPULATED INSTRUCTION NO. 64

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction 6.22

STIPULATED INSTRUCTION NO. 65

VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instruction 6.23

STIPULATED INSTRUCTION NO. 66

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instruction 6.24