CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov
Brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT ANDRE JONES' MOTION IN LIMINE NO. 4 RE JONES' INTERACTIONS AT CITY HALL ON JUNE 20, 2024** |

## ARGUMENT

On June 20, 2024, federal agents executed search warrants at the joint residence of Sheng Thao and Andre Jones, the residences of David Duong and Andy Duong, and at the premises of California Waste Solutions. While agents searched their residence, Thao and Jones went to Oakland City Hall briefly and then left together. Shortly after Thao and Jones left City Hall, Jones returned by himself. Multiple Thao staffers will testify that they witnessed Jones sitting in Thao's City Hall office by himself that morning while using a cell phone. After initially refusing to leave Thao's office, Jones eventually departed City Hall. Another Thao staffer will testify that earlier in the administration, Jones set up his own office in Thao's City Hall suite, despite the fact that he had no official role working for the City.

This incident is relevant to the government's case because it reflects on Jones' perception of his access to City Hall and his direct involvement in Thao's mayoral affairs, including his access to Thao's personal office. Jones' significant involvement in Thao's work is central to the government's theory of the case. The government will prove at trial that Thao and Jones agreed with David Duong and Andy Duong to exchange money for influence. Part of that story is that, despite having no formal role in City government, Jones was intimately involved in Thao's mayoral affairs, especially around the issue of housing. The fact that Jones believed he was permitted access to Thao's personal office supports the government's theory of the case. Furthermore, to the extent Thao and Jones argue that they kept their work lives separate, because Jones was a political consultant or somehow a legitimate consultant for Evolutionary Homes, this incident is contrary to that argument.

In moving to exclude this evidence, Jones argues that the incident shows Jones did not actually have access to City Hall, because he was told to leave and was eventually escorted out. As such, Jones argues that the incident does not meet Rule 401's low threshold for relevancy. It is not surprising, however, that once City employees learned that Thao and Jones' residence was being searched by federal agents they asked him to leave City Hall. What is relevant is Jones' reaction to the search and perceived access to City Hall—that he felt he did not need to listen to City employees asking him to leave and that he believed it was permissible to be in Thao's office by himself.

Even if relevant, Jones argues that the incident is inadmissible under Rule 403 because it suggests "potential danger or violence" on the part of Jones. Dkt. No. 302 at 4. In making this

argument, Jones cites two out-of-circuit cases in which unrelated domestic physical abuses by a defendant were excluded from trial. *Id*. But the June 20, 2024, incident with Jones did not involve domestic abuse, violence, or even threats of violence, and is not nearly as prejudicial as the domestic abuse allegations set forth in the cases Jones relies on. Rather, the incident shows Jones' perceived access to City Hall, which is directly relevant to his connection to the charged conspiracy.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court deny Defendants Andre Jones' Motion in Limine Number 4 regarding Jones interactions at City Hall on June 20, 2024.

DATED: September 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys