CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY K. PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov
Brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHENG THAO,
ANDRE JONES
DAVID TRUNG DUONG, AND
ANDY HUNG DUONG,

Defendants.

CASE NO. 4:25-cr-0003-YGR

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCE TO EVIDENCE HAVING BEEN OBTAINED BY A WARRANT OR WITH COURT-AUTHORIZATION

Hearing Date: September 11, 2026
Time: 9:00 am
Judge: The Hon. Yvonne Gonzalez Rogers

## INTRODUCTION

Defendants seek a categorical order prohibiting the government and its witnesses from stating that evidence was obtained pursuant to a "warrant" or with "court authorization," instead suggesting that witnesses should be allowed to testify only that evidence was "seized during a search" or "obtained from a third party." Defendants' proposed order is not supported by the law, invites jury confusion, and should be denied.

## ARGUMENT

Testimony referencing the fact that a court issued a search warrant does not constitute impermissible vouching or bolstering. *See United States v. Renteria*, 720 F.3d 1245, 1257-58 (10th Cir. 2013) (rejecting argument that testimony concerning issuance of a search warrant constituted vouching and explaining that an agent's "reference to the fact that a court issued a search warrant does not amount to the prosecutor improperly vouching for or bolstering his testimony in any way"); *United States v. Thompson*, No. 22-4042, 2024 WL 575369, at *2 (4th Cir. Feb. 13, 2024) (holding that objective description of the search warrant process at trial was not vouching or bolstering because the "government has a right to explain its procedures") (quotation omitted). Moreover, Defendants' proposed restriction could affirmatively mislead the jury about the circumstances in which evidence was obtained. Requiring an agent to testify that investigators "searched" a defendant's residence or "seized" different devices, while prohibiting the agent from testifying that the search and seizure were pursuant to a warrant would risk leaving the jury with the mistaken impression that investigators acted without legal authorization. The law does not require the government to present such an incomplete and misleading account of how it obtained evidence.

Defendants rely primarily on *United States v. Brooks*, 508 F.3d 1205, 1210 (9th Cir. 2007). In *Brooks*, however, the government elicited "extensive testimony" concerning the process through which wiretaps had been judicially authorized, including approval by DEA authorities, the United States Attorney's Office, and state and federal judges and "implied that the government and courts were monitoring [the defendant's] conduct and had determined that he was guilty." *Id*. On those facts, the Ninth Circuit held that "the government improperly bolstered its case" by "encourag[ing] the jury to draw inferences against [the defendant]." *Id.* at 1211. The government does not intend to elicit

"extensive testimony" about the process by which it obtained warrants or other legally authorized process. Rather, the government anticipates that agents will testify, where relevant, that they recovered various devices and evidence pursuant to a search warrant or other court-authorized process, without disclosing the contents of the warrant applications, describing in detail the approval process by which they obtained the warrant, or suggesting that judicial authorization is indicative of the Defendants' guilt.

The other case cited by the Defendants is an unpublished Ninth Circuit case that does not support the defense's position. *See United States v. Wells*, 2022 WL 17668096, at * 2 (9th Cir. Dec. 14, 2022). In *Wells*, the Ninth Circuit rejected a claim of improper vouching based on testimony concerning search warrants where the defendants had challenged the justification for the investigation and elicited related testimony on cross-examination. *Wells* does not support the defendants' proposed categorical prohibition on testimony referencing search warrants or other court-authorized process.

Rule 403 does not warrant a different result. Defendants contend that any reference to a warrant would suggest that a federal judge has endorsed the government's case. But a neutral reference to the existence of a warrant communicates no such thing. Accordingly, the Court should deny Defendants' request for a categorical prohibition on reference to the fact that evidence was obtained pursuant to a warrant or other court-authorized process.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Defendants' Motion *in Limine* No. 1.

DATED: September 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys