CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov
Brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>UNITED STATES' OPPOSITION TO DEFENDANT SHENG THAO'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE OF STAFF PAY ISSUES<br><br>Hearing Date: September 11, 2026<br>Time: 9:00 am<br>Judge: The Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

Defendant Sheng Thao's Motion *in Limine* No. 2 moves to exclude evidence of the financial condition of her 2022 mayoral campaign because it asserts that such evidence is irrelevant. A key part of the government's case, however, revolves around the negative mailers that Thao's co-conspirators funded to benefit the campaign. The value of these mailers was tied directly to the campaign's financial situation. Because the campaign was struggling financially, the negative mailers provided a significant benefit that the campaign would not have otherwise received. Accordingly, the Court should deny Thao's motion.

## ARGUMENT

Defendant Sheng Thao misconstrues the relevance of the evidence concerning her campaign's financial condition. The government does not seek to introduce this evidence to suggest that Thao's failure to pay campaign staff constituted misconduct, or that Thao's personal financial circumstances gave her a generalized motive to commit bribery. Rather, evidence that Thao's mayoral campaign lacked sufficient financial resources to pay campaign expenses is relevant to the value and significance of one of the benefits at the heart of the charged bribery scheme: the funding of an approximately $75,000 negative mailer against Thao's primary opponent.

The government alleges that the Duongs agreed to fund that mailer in exchange for Thao's agreement to multiple official acts once elected mayor. Evidence concerning the campaign's financial condition provides important context for the jury to understand why the money spent on the mailer constituted a significant benefit for Thao. Evidence that the campaign was financially constrained and lacked sufficient resources to meet campaign expenses, tends to show that the independent expenditure supplied substantial campaign assistance that the campaign was not otherwise positioned to fund itself. The evidence therefore bears directly on the nature and value of the corrupt bargain.

Nor does the distinction between Thao's personal finances and her campaign's finances create the confusion suggested by Thao. The government is not offering evidence of the campaign's financial condition as evidence of Thao's personal financial condition. Rather, the evidence is relevant to show the mailer provided a benefit to the campaign. Accordingly, there is little risk that the jury will confuse

campaign and personal finances, and any such risk does not substantially outweigh the evidence's probative value.

For the same reason, Rule 404(b) is not implicated. The government is not offering the evidence concerning unpaid campaign expenses to establish any prior misconduct by Thao, much less to invite an inference that she acted in conformity with such misconduct. The relevant fact is the campaign's financial condition, which bears directly on the significance of the campaign benefit alleged as part of the charged bribery scheme.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant Sheng Thao's Motion *in Limine* No. 2.

DATED: September 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/

ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys