Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHENG THAO, et al.,

Defendants.

No. CR 25-0003 YGR

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING 608(b) AND 404(b) EVIDENCE; REQUEST TO FILE FURTHER IMPEACHMENT MATERIAL *EX PARTE* AND UNDER SEAL**

Defendants submit this further brief in support of the defense request to cross-examine Mario Juarez based on specific instances of past conduct that are probative of truthfulness or evidence of a modus operandi. Defendants request that they be permitted to submit further specifics of their intended impeachment of Juarez *ex parte* and under seal.

## I. Introduction

There is no doubt about the central role Mario Juarez's testimony will play at trial. At the last hearing, the Court pointed to documentary evidence (generated by Juarez) that purports to memorialize the scheme charged in this case. But the question of whether David Duong or other defendants were told of the purported scheme hinges on the testimony of Mario Juarez. As a result, the issue of Juarez's credibility will be front and center at trial.

Prosecutions built on informants like Juarez are "fraught with peril." *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). To fail to "appreciate the perils of using rewarded criminals as witnesses risks compromising the truth-seeking mission of our criminal justice system." *Id*. The Constitution recognizes these dangers and affords criminal defendants a robust right to confront and cross-examine such witnesses. The Confrontation Clause guarantees the right to cross-examine a government witness's bias because "the partiality of a witness is subject to exploration at trial" and is "always relevant as discrediting the witness and affecting the weight of his testimony," and jurors are "entitled to have the benefit of the defense theory before them so they can make an informed judgment on the weight to place on [the government witness's] testimony." *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974). More broadly, the Due Process Clause of the Fifth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment guarantee criminal defendants "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

These protections carry special force when the government's case depends on the testimony of a cooperating witness whose credibility is inherently suspect. "When the case against a defendant turns on the credibility of a witness, the defendant has broad cross-examination rights." *United States v. Ray*, 731 F.2d 1361, 1364 (9th Cir. 1984); *see also United States v. Brooke*, 4 F.3d 1480, 1489 (9th Cir. 1993) (the "interests of justice" require "full disclosure of all relevant information concerning [the] past record and activities" of a cooperator "whose record for truthfulness is far from exemplary"). Indeed, the Ninth Circuit has reversed a conviction on Confrontation Clause grounds where the trial court limited cross-examination of a

cooperating defendant's motivation to please the government in order to obtain a Rule 35 sentence reduction—because the cooperator "was on trial too" and his "verdict would be delivered by the United States Attorney's Office and that office would be the sole judge of whether [the cooperator] was telling the truth." *United States v. Schoenberg*, 396 F.3d 1036 (9th Cir. 2005). Accordingly, the defense must be afforded the fullest opportunity to cross-examine Juarez on every dimension of his bias, motivation, and credibility.

## II. The Court should not limit impeachment based on status of civil litigation or time period.

Juarez has a decades-long history of fraudulent conduct that is probative of his truthfulness. The question is how much of that conduct the jury will hear. At the last calling of the case, the Court suggested limiting evidence of Juarez's prior bad acts in two ways. First, the Court suggested that conduct underlying civil complaints that did not result in judgment is insufficiently probative. The authority cited by the defense in its Opposition to Government's Motion in Limine No. 2 Regarding Cross Examination of Mario Juarez (Docket No. 332) establishes that Rule 608(b) does not require the underlying conduct have been the subject of any litigation at all, much less litigation that results in judgment. It would be anomalous to exclude conduct that resulted in litigation but no judgment but to admit the same conduct in the absence of a civil complaint.[1]

Second, the Court suggested that the jury should hear only of bad acts within the last ten years. It is true that Rule 609, which governs impeachment by prior conviction, limits admission "if more than 10 years have passed since the witness's conviction." Fed. R. Evid. 609(b). But Rule 608(b), which applies here, has no such limitation. *United States v. Jackson*, 882 F.2d 1444, 1447 (9th Cir. 1989) (admitting 14-year-old misappropriation of funds); *see Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1114 (10th Cir. 2001) (admitting officer's falsification of report more than 20 years earlier); *United States v. Weichert*, 783 F.2d 23, 26 (2d Cir. 1986)

---

[1] Many of the cases against Juarez have resulted in default judgments. In California, a default judgment constitutes "an express admission of the matters well-pleaded in the complaint." *Steven M. Garber & Assocs. v. Eskandarian*, 150 Cal.App.4th 813, 823 (2007).

(admitting 12-year-old disbarment). Instead, the question is whether a given act is "probative of the character for truthfulness or untruthfulness" (Fed. R. Evid. 608(b)), and time is only "a relevant factor" in making that assessment. *Jackson*, 882 F.2d at 1447.

The defense agrees that, in the case of a witness who falsified a document 20 years ago but has committed no similar acts since, the remoteness of that single episode would diminish its probative value. This is not such a case. Juarez falsified documents 20 years ago and has continued a steady pattern of dishonesty and fraud ever since. The relevance of the older acts is not diminished but rather is heightened by the passage of years, even decades, of similar conduct. A ten-year cut-off in the middle of this consistent pattern of fraud and deceit would not only be arbitrary; it would present the jury with an incomplete and misleading picture of Juarez's consistent and long-standing character for lack of truthfulness.

With regard to 404(b), the Court is aware that the standard for a defendant to offer prior acts is not "as restrictive as when a prosecutor uses such evidence[.]" *United States v. Espinoza*, 880 F.3d 506, 516 (9th Cir. 2018) (quoting *United States v. Wright*, 625 F.3d 583, 608 (9th Cir. 2010)). As the Ninth Circuit has explained, this is because the strictures of Rule 404(b) are designed to protect the defendant and therefore are less crucial when the evidence is offered by the defense:

> [Rule] 404(b) is often thought to protect a defendant from being tried for who he is, not for what he did. The guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing. … Where, as here, the evidence is not introduced against a defendant, but rather is introduced by a defendant, the same protective concerns are not implicated.

*Id.* (internal quotations and citation omitted). Juarez's past acts of deceit are probative of his character for truthfulness and should be admitted under Rule 608(b). In addition, certain of those incidents are separately admissible under Rule 404(b), because they show Juarez's modus operandi of lashing out with false accusations when confronted with his own misconduct.

### III. Request to submit further impeachment material *ex parte* and under seal

Defendants are prepared to present to the Court further details on the specific instances of misconduct that the defense will seek to use in cross-examination of Juarez. However,

defendants respectfully seek permission to make this additional submission *ex parte* and under seal in order to preserve their Sixth Amendment right to present an effective defense.

The defense does not dispute that Rule 608(b) requires that a "good faith belief in the misconduct" it seeks to introduce "must be established to the satisfaction of the court, outside the presence of the jury, before the question is asked." *United States v. Davenport*, 753 F.2d 1460, 1463-64 (9th Cir. 1985). However, the Constitution also protects the right to present an effective defense, and requiring detailed disclosure of impeachment material in advance of trial hampers the defendants' ability to do that.

Both parties have briefed the issues, and the rules that apply are not in dispute. The government has been apprised of much of what the defense intends to present in cross-examination, and the Court has heard argument on the subject. All that remains are further details of the anticipated impeachment of Juarez. Those details should not be disclosed to the government. The government did not proffer that it had any evidence that Juarez did not commit these acts, just that Juarez had not been convicted or had judgments entered against him in all cases. It is the province of the Court, not the government, to assess the basis for the defense's belief that Juarez committed certain acts and to determine whether those acts are probative of his credibility. There is no prejudice to the government in withholding from it further details of matters the defense intends to raise during cross-examination of Juarez. But there is a significant risk of prejudice to the defense from having to disclose to the government—and to counsel for Juarez—the details of its anticipated cross-examination far in advance of trial.

Dated: September 13, 2026

Respectfully submitted,

/s/

Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Duong