CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' SUPPLEMENTAL FILING RE CROSS EXAMINATION OF MARIO JUAREZ** |

Defendants seek to do exactly what Rule 608 expressly prohibits—turn Mario Juarez's cross examination into a series of mini-trials, introduce extrinsic evidence relating to collateral matters, and question him about decades old events that are not probative of his character for truthfulness. As the government laid out in its initial motion (Dkt. No. 289), Rule 608 prohibits cross examination on specific acts of conduct for the purpose of impeaching a witness's credibility unless the district court finds such acts to be probative of truthfulness. And even if those items are allowed to be raised on cross examination, Rule 608 and the Ninth Circuit cases interpreting it make clear that extrinsic evidence may not be introduced to prove that conduct. Rather, defense counsel is permitted to cross-examine a witness on allowed specific prior acts related to truthfulness, but cannot offer extrinsic evidence to impeach him on those instances. *See United States v. Olsen*, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013) ("Had Olsen's attorneys cross-examined Melnikoff about the truthfulness of his testimony in prior cases, he either would have acknowledged or denied prior questionable conduct, and counsel would have been stuck with his answers and not allowed to pursue further inquiry."). On this same topic, the Ninth Circuit has explicitly held that district courts have a "specific duty to prevent counsel from confusing the jury with a proliferation of details on collateral matters." *United States v. Weiner,* 578 F.2d 757, 766 (9th Cir. 1978).

Defendants' proposal that they seek to introduce extrinsic evidence under Rule 404(b) because Juarez has a "modus operandi" for making threats is an impermissible end run around Rule 608 without legal support and would obliterate the protections set forth under Rule 608. Defendants' radical proposal to shoehorn extrinsic evidence of collateral matters on cross-examination under Rule 404(b) is unsupported by the case law they cite (none of the cases involves using a Rule 404(b) exception to barred character evidence to overrule the limitations of Rule 608).

The defendants also attempt to relitigate the Court's determination that conduct older than 10 years is presumptively out, by arguing that because they want to show a "steady pattern" of untruthfulness that stretches back 20 years all of it must come in, and with extrinsic evidence. This argument does not address the fact that older conduct is less probative than more recent conduct, regardless of whether it is part of a pattern. In addition, at the hearing last week the defendants asserted that they have plenty of impeachment material from within the 10-year window, further undermining the

argument that the remoteness of particular allegations or specific acts makes no difference here.

Moreover, Defendants' proposal that they be permitted to submit their proposed impeachment evidence ex parte is unwarranted and would preclude the government's views on this important evidentiary issue. In their opposition to the government's motion (Dkt. No. 332), Defendants set forth several subjects on which they intend to cross-examine Juarez. However, Defendants laid out those subjects in an incomplete and misleading manner as set forth at the September 11, 2026, hearing. For example, Defendants set forth five bullet point subjects they intend to cross-examine Juarez on under Rule 609 (*id*. at 2-3). However, Defendants' brief neglected to mention that four of these five subjects involved conduct over a decade old, some as much as 20 years old.

In addition, Defendants seek to introduce allegations of real estate fraud by S.C., who alleges Juarez threatened him when Juarez allegedly defaulted on the loan and evidence that the former Alameda District Attorney was attempting to retaliate against him. Defendants allege that these interactions are somehow relevant to Juarez's "modus operandi" that Juarez has repeatedly engaged in business ventures, defrauded them, and then threatened them when his misconduct was exposed. As the Court acknowledged, however, not only do these actions fail to meet the definition of a "modus operandi" under Rule 404(b) because neither of them deal with a "business venture," but this alleged pattern of activity would only be relevant if the "threats" that Juarez set forth were untrue. However, Defendants neglected to mention that S.C. is the same person who Andy Duong recorded discussing sexual relations with prostitutes on the 2023 Duong-sponsored Vietnam trip, and that sexual behavior was the subject of Juarez's alleged threats. In other words, the alleged threats that Juarez made were true. As such, to rebut Defendants' allegations on that topic, the government would need to introduce the same video Defendants have sought repeatedly to exclude from evidence. The Court's admonition about preventing surprise is important, for one thing, to allow the Court to rule on important gatekeeping issues with complete information and arguments that comes from an adversarial process.

Similarly, Defendants' allegations regarding Juarez's interactions with the former Alameda County District Attorney are misleading. In 2024, Juarez was charged with passing a bad check by the Alameda County District Attorney's Office. Importantly, the government does not object to Juarez being cross-examined on the underlying conduct—the allegations that he provided bad checks to the

entity that printed the mailers relevant to our case. However, the fact that the District Attorney's Office charged Juarez for passing bad checks relating to those mailers (and subsequently dismissed the charges) is not relevant and the defense should not be permitted to elicit the fact that Juarez was criminally charged relating to that incident or that the charges were ultimately dismissed.

If Defendants were permitted to introduce evidence of the charges and Juarez's allegations that the District Attorney was retaliation against him, it would create a mini-trial about those allegations. Indeed, the charges were later dismissed after the Assistant District Attorney assigned to the case wrote a memo detailing the former District Attorney's improper involvement in the case and the clear conflict of interest it created. Such evidence would necessarily lead to a mini-trial sideshow, requiring the government to put on several witnesses (including the ADA who recommended dismissing the charges and a witness to Juarez's interactions with the former District Attorney) to demonstrate the District Attorney's unusual interest in the case and rebut Defendants' false allegations that Juarez somehow improperly threatened the former District Attorney. Such a mini-trial is exactly what Rule 608 seeks to prohibit. And the probative value of any of this extra testimony and evidence is minimal at best given that the core dishonesty—submitting bad checks to the printer—will be allowed.

DATED: September 14, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/*
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys