United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**SHENG THAO, ET AL.,**<br>Defendants. | **TRIAL ORDER NO. 1 REGARDING EXHIBIT NO. 1507; DKT. NO. 385**<br><br>Case No. 25-cr-003-YGR-1<br>Case No. 25-cr-003-YGR-2<br>Case No. 25-cr-003-YGR-3<br>Case No. 25-cr-003-YGR-4 |

Having considered the filings to date and the arguments raised at the pretrial conference on October 1, 2026, the Court memorializes and issues the following orders to facilitate an orderly trial:

1. **Exhibit No. 1507.** Defendants move to exclude Exhibit No. 1507, which contains seven monthly statements from Jones's Bank of America account ending in 2306 which date from September 25, 2021 until the account's closure on March 31, 2022. All statements show an overdrawn account, except for the first two.

Defendants argue that Exhibit No. 1507 predates the alleged bribery scheme and therefore does not contain payments from Juarez to Jones and does not reveal an unexplained and abrupt improvement in Jones's financial status after receiving those payments. Defendants also contend that Exhibit No. 1507 does not indicate whether Jones and Thao shared responsibility for rent payments on their Oakland home. The government disagrees, arguing that Exhibit No. 1507 demonstrates that Jones shared rent payments with Thao, needed extra money to pay the rent, and changed his financial behavior to pay a greater portion of the rent after receiving payments from Juarez. The government concedes that Exhibit No. 1507 does not contain payments from Juarez to Jones.

United States District Court
Northern District of California

In general, evidence of financial condition that purely demonstrates "poverty is not admissible to show motive, because it is of slight probative value and would be unfairly prejudicial to poor people charged with crimes." *United States v. Mitchell*, 172 F.3d 1104, 1107 (9th Cir. 1999); *see also United States v. Jackson*, 882 F.2d 1444, 1449 (9th Cir. 1989) (holding the same). However, a court may admit evidence of financial condition to demonstrate motive where the evidence demonstrates an urgent need for money paired with an "unexplained and abrupt change in [financial] status for the better." *Mitchell*, 172 F.3d at 1109. Evidence of need includes a defendant's inability to "pay for things he needed to have done," "living beyond his means," falling "behind in [owed] payments," and losing money after an "unsuccessful investment." *Jackson*, 882 F.2d at 1449–1450. Such evidence also includes owing "substantial sums." *United States v. Feldman*, 788 F.2d 544, 577 (9th Cir. 1986).

One portion of Exhibit No. 1507 plausibly demonstrates that Jones and Thao shared responsibility for rent and that Jones's behavior regarding rent payments suddenly changed after Jones began receiving payments from Juarez. Specifically, an October 14, 2021 entry reveals that Jones withdrew $6,519.50: an amount the government believes Jones used to make first month's rent and security deposit payments for Jones's and Thao's shared Oakland home on October 15, 2021. (Ex. No. 1507 at 5; Ex. No. 1250[1] at 1.) Beyond this transaction, no rent payments or amounts, presumably for rent, were withdrawn by Jones from November 2021 to March 2022. This contrasts with Jones making all rent payments on his own after he began receiving payments from Juarez. (Ex. No. 1250 at 3–4.) Therefore, Exhibit No. 1507 provides context for understanding a plausible motive for Jones's and Thao's participation in the alleged bribery scheme: needing more money to pay bills, including rent.

Accordingly, defendants' motion to exclude Exhibit No. 1507 is **DENIED IN PART** and **GRANTED IN PART**. The Court will not exclude pages 1–7, 13, 19, 23, 27, and 33 of Exhibit No. 1507. All other pages in Exhibit No. 1507 are excluded for lack of relevance.

---

[1] Exhibit No. 1250 is a ledger of rent charges and payments for Jones's and Thao's shared Oakland home from October 15, 2021 to June 4, 2024.

United States District Court
Northern District of California

2. On September 30, 2026, the government filed a submission of materials *in camera* regarding disclosure of information to defense counsel related to a March 19, 2024 meeting scheduled between Thao and representatives of the United States Attorney's Office. (Dkt. No. 385.) The Court has considered the government's submission and supporting declaration and **ORDERS** as follows:

Disclosure of the internal communications from the United States Attorney's Office is not required. The communications are either not material, privileged, or fall within work product protections.[2]

This Order terminates Dkt. No. 385.

**IT IS SO ORDERED.**

Dated: October 15, 2026

**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

[2] Good cause having been shown, the government's motion to seal the filings at Dkt. No. 385 is **GRANTED**.