CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' TRIAL BRIEF RE IMPROPER CROSS EXAMINATION OF MARIO JUAREZ** |

In its ruling on the government's motion in limine regarding the cross examination of Mario Juarez, the Court held Defendants may question Juarez about prior civil lawsuits, fraud allegations, and prior arrests or convictions that did not result in convictions (while prohibiting Defendants from using extrinsic evidence on such topics). *See* Dkt. No. 360 at 2. The government respectfully submits this trial brief regarding improper cross examination of collateral issues with extrinsic evidence. Pursuant to Rule 608(b), Defendants may cross-examine Mario Juarez about his conduct that is probative of truthfulness or untruthfulness—such as the *facts* that led to a lawsuit, an arrest, or the surrender of Juarez's real estate license. Rule 608(b) prohibits, however, Defendants from eliciting testimony about the fact that a complaint or lawsuit was filed, or the *consequences* of Juarez's conduct, for example the voluntary surrender of his real estate license, as the Rule and case law make clear such consequences constitute extrinsic evidence.

The clearest authority holding that Rule 608(b) prohibits such questioning about the consequences of prior conduct are the Advisory Committee Notes to Rule 608 itself. Specifically, the Advisory Committee Notes state: "It should be noted that the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness." Rule 608 Advisory Committee Notes at 2003 Amendment (citing *United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir. 1999) (emphasizing that in attacking the defendant's character for truthfulness "the government cannot make reference to Davis's forty-four day suspension or that Internal Affairs found that he lied about" an incident because "[s]uch evidence would not only be hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)")). *See also* Stephen A. Saltzburg, *Impeaching the Witness: Prior Bad Acts and Extrinsic Evidence*, 7 Crim. Just. 28, 31 (Winter 1993) ("counsel should not be permitted to circumvent the no-extrinsic-evidence provision by tucking a third person's opinion about prior acts into a question asked of the witness who has denied the act.").

The Seventh Circuit held similarly in *United States v. Holt*, 486 F.3d 997, 1000-02 (7th Cir. 2007). There, a defendant sought to cross examine police officers about prior discipline they had

received and the conduct underlying that prior discipline. The district court held, and the Seventh Circuit affirmed, that "that on cross-examination, defense counsel could inquire into the underlying conduct that led to the discipline, but could not ask questions about complaints, investigations or discipline, and that no extrinsic evidence would be heard on the matter." *Id*. at 1001. Specifically, the Seventh Circuit held that "the district court properly allowed Holt's counsel to ask Officer Connolly whether he had ever engaged in a particular course of conduct" but affirmed the district court's decision prohibiting defense counsel from asking if "if he had been suspended for his conduct." *Id*.

Courts have similarly limited cross-examination regarding civil lawsuits under Rule 608(b). The D.C. Circuit's opinion in *United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996) is squarely on point. In *Morrison*, the defendant was allowed to question the witness about the underlying conduct, but the D.C. Circuit held that the district court had not abused its discretion by sustaining the government's objection to a question by defense counsel about a civil complaint that had been filed against a witness. The Court recognized that "the mere *filing* of a complaint is not 'probative of truthfulness or untruthfulness," regardless of whether the allegations in the complaint, if true, would seriously undermine the witness' credibility." *Id*. *See also United States v. Clanton*, 769 F. Supp. 3d 147, 155 (E.D.N.Y., July 17, 2024) (granting motion in limine to preclude cross-examination regarding unproven allegations in civil lawsuits).

Here, consistent with Rule 608(b), while Defendants should be permitted to cross-examine Juarez on the facts related to his conduct underlying the civil complaints to the extent they relate to Juarez's truthfulness, they should be prohibited from asking questions about the lawsuits or the consequences. Rule 608(b) makes clear that Defendants should not be permitted to elicit testimony regarding the consequences of Juarez's prior conduct as determined by third parties (such as a third-party's decision to file of a lawsuit, the decision to charge/arrest, or the decision to suspend Juarez's real estate license). Defendants may question Juarez on his own prior underlying conduct. However, inquiry into third-party determinations and the consequences of Juarez's prior conduct (such as the fact that he voluntarily surrendered his real estate license as a result of stealing security deposits) is prohibited by Rule 608(b).

DATED: October 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys