CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' OPPPOSITION TO DEFENDANT'S MOTION TO CROSS EXAMINE MARIO JUAREZ ABOUT POTENTIAL PUNISHMENT** |

## INTRODUCTION

Defendant David Duong seeks to impermissibly cross-examine cooperating witness Mario Juarez about the maximum penalties he faces due to his guilty plea. Even more troubling, Defendant seeks to compare the maximum penalty Juarez faces to the maximum penalties faced by Defendants, and essentially argue that Defendants face greater maximum penalties than the potential punishment Juarez faces. Specifically, Defendants seek to elicit that they face "substantially higher" sentencing exposure than Juarez because Juarez "avoided" certain charges by cooperating. Cases from the Ninth Circuit, as well as cases from essentially every other circuit, clearly hold that this line of cross-examination is prohibited because it risks jury prejudice and jury confusion. Furthermore, courts have long held that a witness's statutory maximum sentencing exposure is not particularly relevant because defendants seldom receive the statutory maximum sentence.

Such a risk is especially acute here. During his opening statement, counsel for Andy Duong improperly told the jury that their deliberations in this case could "chang[e] the course of his life forever." Dkt. No. 452 (10/14/2026 transcript) at 426. Moreover, the issue raised by the Court on Friday, October 30, regarding a discussion in chambers, further warrants steps to limit the prejudice of the Defendant's proposal to explicitly raise maximum penalties. Given these factors, as well as the overwhelming case law holding Defendant's proposed line of cross-examination is impermissible, the government respectfully requests that the Court prohibit Defendants from cross-examining Juarez on the potential maximum penalties he faces as well as the potential that Defendants face more significant statutory maximum sentencing exposure than Juarez.

## ARGUMENT

It is black-letter law that juries in criminal cases should not be exposed to a defendant's potential punishment. *See United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."). Similarly, the Ninth Circuit has held that juries should not be exposed to the maximum sentences faced by cooperating witnesses because the defendants are often faced with the same or similar maximum penalties and inquiry into that topic risks jury prejudice relating to the penalties faced by the defendants on trial. *See United States v. Tones*, 759 Fed.Appx 579, 585 (9th Cir. 2018) ("Here, the maximum and

mandatory minimum penalties the cooperating witnesses faced were only slightly relevant as impeachment evidence. ***The government had a significant interest in not permitting testimony about the maximum or mandatory minimum penalties for the very same crimes defendants were charged with***, and defense counsel proffered sufficient admissible impeachment evidence to permit the jury to properly evaluate the credibility of the cooperating witnesses.") (emphasis added). Likewise, the Ninth Circuit has affirmed district court rulings that the maximum and minimum penalties faced by a cooperating witness were "not a proper subject of cross-examination." *United States v. Larson*, 495 F.3d 1094, 1103-1104 (9th Cir. 2007) (en banc) (holding no abuse of discretion when the district court restricted cross-examination of a cooperating witness's potential sentencing and stating: "We conclude that while the district court restricted defense counsel's cross-examination of Poitra, defense counsel was able to adequately explore Poitra's motivation to lie such that the court's restriction was not an abuse of discretion and did not violate Defendants' Confrontation Clause rights."). In a concurring opinion, which was joined by six other judges, Judge Graber further explained: "Once a testifying co-conspirator's biases and motivations have been exposed, the particular number of years faced (in the absence of concrete information about the actual benefit that a witness received or realistically can expect to receive) is only marginally relevant and is outweighed by concerns of jury confusion and jury prejudice." *Id.* at 1111 (Graber, J., concurring in part).

Other Ninth Circuit decisions, as well as decisions from other circuits, have similarly held that a cooperating witness's maximum sentencing exposure is an improper and impermissible area of cross-examination. *See United States v. Dadanian*, 818 F.2d 1443, 1449 (9th Cir. 1987) (holding that knowledge of the specific maximum term of imprisonment faced by a witness "is at best marginally relevant" in assessing the witness's "potential bias and motive in testifying"), *modified on reh'g on other grounds,* 856 F.2d 1391 (9th Cir. 1988); *United States v. Arocho,* 305 F.3d 627, 636-37 (7th Cir. 2002) (holding that testimony about the specific sentences the testifying co-conspirators faced was, "at best, ... marginally relevant" and outweighed by the potential for jury prejudice); *United States v. Cropp,* 127 F.3d 354, 359 (4th Cir. 1997) (holding that "whatever slight additional margin of probative information gained by quantitative questions" about the co-conspirators' potential sentences of 10 and 20 years was outweighed by "the certain[jury] prejudice that would result" if the testimony had been allowed); *United*

*States v. Durham,* 139 F.3d 1325, 1334 (10th Cir. 1998) (holding that additional testimony tending "to show how much prison time [the testifying co-conspirator] was avoiding through his plea agreement" was properly excluded by the district court in the light of the extensive cross-examination that was permitted)."); *United States v. Sessoms*, 2026 WL 369805 at *3 (E.D. Cal. Feb. 10, 2026) (holding that "the court will likely preclude Defendant from cross-examining cooperating witnesses as to the statutory maximum . . . ***As the Government points out and as Defendant acknowledged at the hearing, a defendant seldom receives the maximum penalty permissible under the statute of conviction***.") (internal citations omitted) (emphasis added).

The Fourth Circuit, in a recent decision presenting the same issue Defendants raise here, affirmed the district court's limitation on questions relating to a cooperating witness's potential punishment, specifically holding that such questioning could inform the jury about the defendants' potential sentencing exposure and cause unwarranted jury prejudice:

> But while a defendant may ask a cooperating witness whether he hopes to receive some benefit in exchange for his testimony, a district court may prohibit the defendant from asking questions about the specific penalties the witness faced before pleading guilty. ***As we explained, if the jury learned of the specific sentence a cooperating witness avoided by pleading guilty, the jury could infer that the defendant would receive a similarly long sentence if convicted.*** The jury, therefore, might acquit the defendant out of sympathy. And given that a defendant may still reveal a cooperating witness's potential bias by asking whether he expects to receive some benefit for his testimony, the risk of jury nullification outweighs the probative value of information about specific sentences.

*United States v. Dunlap*, 2025 WL 89078 at *2 (4th Cir. 2025) (unpublished) (internal citations omitted) (emphasis added).

Here, Defendants seek to not only cross-examine Juarez about the maximum penalty he faces, but also seek to elicit and argue that "Juarez avoided offenses carrying 'substantially higher' or 'significantly higher' maximum sentences." Motion at 1. Essentially, Defendants seek to put in front of the jury that they face substantially higher sentences than Juarez because he cooperated and they did not. This line of cross-examination is improper and prejudicial for multiple reasons. Most importantly, eliciting such a comparison risks the natural jury inference that Defendants face substantial punishment, more than Juarez, if they are convicted. *See Dunlap*, 2025 WL 89078 at *2 (4th Cir. 2025) ("As we explained, if the jury learned of the specific sentence a cooperating witness avoided by pleading guilty,

the jury could infer that the defendant would receive a similarly long sentence if convicted."). None of the cases Defendants cite supports their position and the government has not found a single case ever permitting a defendant to engage in a comparison between the sentence he faces compared to that of a cooperating witness, as Defendants seek to do here.

Defendants' focus on the maximum statutory sentence faced by Juarez and Defendants is also misplaced because the statutory maximum is not reflective of the actual sentence a defendant is likely to receive. As courts have noted, defendants rarely receive the statutory maximum penalty. *See Sessoms*, 2026 WL 369805 at *3. As to Juarez, his Guidelines range remains materially the same whether he pled guilty to a single conspiracy count or the multiple additional counts faced by Defendants. Defendants' comparison to Bryan Azevedo's maximum penalty further proves this point. While Azevedo technically faces a higher statutory maximum than Juarez, his Guidelines range is likely to be significantly lower than Juarez's because Azevedo received only $2,000 in bribe payments. In fact, Azevedo could not have been charged with the same 18 U.S.C. §§ 371 and 666 conspiracy count Juarez pled guilty to because his bribe payment did not meet the minimum $5,000 threshold required for a charge under §666. As the Ninth Circuit and other courts have held, the maximum term of imprisonment faced by a witness "is at best marginally relevant" in assessing the witness's "potential bias and motive in testifying." *Dadanian*, 818 F.2d at 1449.

Defendants rely principally on the Ninth Circuit's decision in *United States v. Mayans*, 17 F.3d 1174, 1184-85 (9th Cir. 1994). But that case distinguishable in several respects. There, the defense attempted to cross-examine cooperating witnesses on their understanding of specific portions of their plea agreements and the district court prohibited such questioning in its entirety, sustaining several "best evidence" rule objections by the government, essentially holding that the plea agreements spoke for themselves. *Id.* Nothing in the opinion mentions maximum penalties or the potential punishment either the cooperators or the defendants faced. Furthermore, the Ninth Circuit held that the trial court made a number of reversible errors in that case, and as to the cross-examination regarding plea agreements, the Ninth Circuit held: "We are inclined to agree that the trial court's error may well have been harmless in light of the extensive cross-examination which was allowed on this matter. Since we remand on other grounds, however, we need not decide this question." Defendant also relies on the Ninth Circuit's

decision in *United States v. Schoneberg*, 396 F.3d 1036 (9th Cir. 2005), but that case turned on the fact that defense counsel "was not permitted to cross examine [the cooperating witness] about whether his testimony was affected by the government's promise to move for a sentence reduction if his testimony satisfied the government." *Id.* at 1040. It did not address potential maximum penalties faced by the cooperator or any sort of comparison to the statutory maximum faced by the defendant. Accordingly, *Mayans* and *Schoneberg* are far afield from our facts, did not address potential punishment, and are not relevant to the issues presented here.

The case law recited above makes clear that Defendants' proposed line of cross-examination is improper. But the risk of jury prejudice is even more heightened in this case. As set forth above, counsel for Andy Duong improperly told the jury during opening statement that their deliberations in this case could "chang[e] the course of his life forever." Dkt. No. 452 (10/14/2026 transcript) at 426. In addition, the issue raised by the Court last week regarding a discussion in chambers further warrants steps to limit the prejudice of the Defendants' proposal to explicitly raise maximum penalties. Accordingly, given the instances that have already occurred, further jury exposure to potential punishment in the manner proposed by Defendants is especially problematic.

**CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court deny Defendants' motion to elicit that they face "substantially higher" or "significantly higher" maximum penalties than Juarez.

DATED: November 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys