Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>SHENG THAO, et al.,<br>Defendants. | No. CR 25-0003 YGR<br>**DEFENDANT DAVID DUONG'S MOTION TO STRIKE TESTIMONY REGARDING UNNOTICED 404(B) EVIDENCE OF THE LIBBY SCHAAF RECALL MAILERS** |

David Duong moves to strike testimony by Mario Juarez about a mailer and website campaign against former Oakland Mayor Libby Schaaf that called for her recall. This testimony concerned other acts, unrelated to the charged conspiracy, for which the government provided no notice under Rule 404(b). Testimony that the Duongs allegedly paid for a "hit piece" against a sitting mayor invites exactly the inference Rule 404(b) forbids: that because the Duongs

allegedly funded attack mailers with Juarez years before, they likely did so again in 2022. The Court should strike this testimony, instruct the jury to disregard it, and bar the government from referring to it for the rest of trial.

**BACKGROUND**

On Friday, October 30, 2026, after the government played the October 5, 2022, toast video, the follow exchange took place:

> Q. Mr. Juarez, you mentioned in the video—you said, quote, This mayor and how you were going to mess her up. Which mayor were you referring to there?
>
> A. In this particular instance, the mayor of Oakland was not Sheng Thao. It was a mayor by the name of Libby Schaaf. They had—the California Waste Solutions had a dispute with the City for a dispute of overcharging or undercharging, whatever the amount could be, and this mayor was not moving the matter forward. So we did a hit piece, very coordinated, around the neighborhood, paid by Andy Duong, to basically put a website and also to showcase the mayor as someone that could not be trusted, and also call for a recall, regardless of the fact that she was months from being removed—from leaving the office.

Tr. 2379. Defense counsel immediately asked for a sidebar, and the Court directed the government to move to a different topic. *Id.*

The government never gave Rule 404(b) notice of this testimony. Apparently in response to the defense objections, the government points to three interview reports, but none of them is notice. The first is a December 2024 memo of an interview of Mayor Schaaf which noted her speculation that the recall mailer "was probably funded by the Duongs." OAK-0092421. Speculation from a witness who has no personal knowledge and who was never on the government's witness list did not alert the defense that the government would present the mailer campaign (and the Duongs' alleged payment for it) to the jury as fact.

The other two reports are September 2026 memos of interviews of Mario Juarez, which described his involvement in the mailers and named "the Duongs" as funders of the campaign. OAK-0498559; OAK-0498866. The defense thus learned for the first time the month before trial that Juarez tied the Duongs to the mailer campaign—and even then, only from investigative reports, not from any notice that the government intended to offer the evidence. The distinction

matters. Investigative reports are full of allegations of other acts that the government never offers at trial, and producing them tells the defense nothing about which ones it must prepare to meet. That is why Rule 404(b)(3) requires written notice that the prosecutor intends to offer the evidence and for what purpose, so a defendant "has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3)(A).

## LEGAL STANDARD

Evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Even when such evidence is offered for a permitted purpose, the prosecutor must "provide reasonable notice" of it, "articulate in the notice the permitted purpose . . . and the reasoning that supports the purpose," and do so "in writing before trial" unless "the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(3). Reasonable notice "is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999). Notice "serves as [a] condition precedent to admissibility," and "the offered evidence is inadmissible if the court decides that the notice requirement has not been met." *Id.* When unnoticed other-act testimony reaches the jury, the Court may strike it and instruct the jury to disregard it. *See* Fed. R. Evid. 103(d) (court must, "[t]o the extent practicable," ensure "that inadmissible evidence is not suggested to the jury by any means"); Fed. R. Crim. P. 16(d)(2)(C)–(D) (court may "prohibit th[e] party from introducing the undisclosed evidence" or "enter any other order that is just").

## ARGUMENT

### I. The Schaaf mailer testimony is Rule 404(b) evidence for which the government gave no pretrial notice.

Rule 404(b) "applies to all 'other acts,' not just bad acts." *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). The Schaaf mailer testimony describes a discrete act, distinct from the charges in this case: a mailer and website campaign calling for the recall of a different mayor, over a different dispute (CWS's overcharging litigation with the City), a year before the 2022

mayoral race. It is extrinsic to the charged transaction and thus is precisely the other-acts evidence of which the government was required to give pretrial notice under Rule 404(b)(3). No such notice was given.

Although the government produced reports of its September 2026 meetings with Juarez, it gave no notice of its intent to introduce evidence regarding Libby Schaaf. Rule 404(b)(3) requires the prosecutor to give notice, in writing, of other-act evidence it "intends to offer at trial" and to "articulate in the notice the permitted purpose" and "the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3). Production of an interview memo does neither. Discovery tells the defense what a witness told agents. It does not tell the defense what other act described in an interview the government intends to offer, for what purpose, or on what theory of admissibility. That is why the court's decision in *Vega* turned not on whether other-acts evidence had been produced to the defense but on whether the government had provided reasonable notice of its intent to introduce it and for what purpose. *Vega*, 188 F.3d at 1155 (holding defendant was prejudiced, and reversal was required, because she "could not adequately address other acts evidence since she did not know it would be introduced").

The government's May 19, 2026 Rule 404(b) disclosure letter did not discuss this evidence.[1] While it took the position that the October 5, 2022, toast videos recounted Juarez's "longtime relationship with the Duongs," it said nothing about any intent to introduce evidence about the reference to Mayor Schaaf in the toast or any negative mailer campaign allegedly funded by Andy Duong. The fact that the government discussed the mailers in more detail with Juarez after the May 19, 2026, deadline (after having known about them since the Schaaf interview in December 2024) does not excuse noncompliance with 404(b). The government could have supplemented its notice at any time between September 2026 and trial. The letter's caveat that "[t]he omission of a category of evidence does not constitute a determination or notice that the government does not intend to use such evidence at trial," *id.* at 8, does not relieve

[1] The letter was filed on July 24, 2026 as Exh. 3 to the Declaration of Abraham Fine, Dkt. 235.1.

the government of its obligation to provide notice. To reserve the right to offer unnoticed other-acts evidence is to circumvent the very protection Rule 404(b)(3) affords criminal defendants.

**II. The government had no good cause for failing to give notice of the Schaaf mailers evidence.**

Rule 404(b)(3)(C) allows the court to excuse a lack of notice "for good cause." In *United States v. Scholl*, 166 F.3d 964 (9th Cir. 1999), the Ninth Circuit upheld a finding of good cause where a witness, on the morning he was to testify, told the agent that an incident he had placed in a charged year had instead occurred years earlier, turning it into other-act evidence. *Id.* at 976. The government "ask[ed] for relief from the pre-trial disclosure requirement," and the court found good cause "because, prior to trial, the government believed that the incident had occurred in 1990, not 1986." *Id*. Here, the government never asked the Court to excuse the lack of pretrial notice and, in any event, cannot show good cause.

*First*, there is no good cause because the government did not learn anything new about the Schaaf mailers at or immediately before trial. It has known of the allegation that the recall mailer "was probably funded by the Duongs" since its December 2024 interview of Mayor Schaaf. OAK-0092421. In September 2026, Juarez told prosecutors that "[t]he reference to the mayor in the toast was Mayor Libby Schaaf" and that "[t]he Duongs had funded a 'hit-piece' mailer against Libby Schaaf." OAK-0498559. In another interview three weeks later, he described creating "a hit website targeting her." OAK-0498866. The government thus knew what Juarez would say when asked to describe the event he was referring to in the toast video. The *Scholl* rationale for finding good cause—a late, unforeseeable change in the evidence—does not apply.

*Second*, unlike in *Scholl*, the government never sought relief from its notice requirement. Despite expressly "reserv[ing] its right to supplement or revise this notice in advance of trial," it neither supplemented its notice nor asked the Court to excuse the lack of notice. Its questions to Juarez were apparently designed to elicit this testimony. The government knew Juarez had claimed the Duongs paid for attack mailers related to Schaaf, had discussed that allegation with

him in a trial preparation meeting, and knew it had given no notice of that evidence. It was therefore incumbent on the government to either seek relief from the 404(b) notice requirement, to instruct Juarez not to discuss the mailers or, at a minimum, cut off his response once he had answered the question posed ( "which mayor were you referring to there?") by identifying Mayor Schaaf. Because the government took none of those precautions, Juarez gave the testimony he had apparently discussed with the government in advance: going well beyond identifying Mayor Schaaf to describe a "hit piece," a website, and a recall campaign "paid by Andy Duong." Tr. 2379. The result is precisely what Rule 404(b)(3) exists to prevent: the jury heard unnoticed other-act evidence before the defense had any chance to contest its admissibility.

Because the government did not learn of the Schaaf mailers too late to provide pretrial notice, no good cause exists to excuse the lack of pretrial notice. And in any event, the government failed to seek relief from its obligations to provide notice. The Court should strike the testimony as unnoticed Rule 404(b) evidence.[2]

## CONCLUSION

Had the government given notice, the defense would have litigated the relevance and prejudice of this evidence in limine, as it did for the evidence the government did notice. Instead, the jury heard it first, and counsel's request for a sidebar came only after the answer was given. RT (10/30/26), 2379. Because notice is a condition precedent to admissibility, the testimony is inadmissible for any purpose. *Vega*, 188 F.3d at 1153, 1155. The Court should (1) strike Juarez's testimony describing the "hit piece," the website, the call for a recall, and the Duongs' alleged payment; (2) instruct the jury to disregard that testimony entirely and not to consider it for any

[2] Even if Juarez had spontaneously volunteered this testimony, without the government having any intent to elicit it, the Court would still have discretion to strike it as unnoticed 404(b) evidence. *See United States v. Skinner*, 667 F.2d 1306, 1310 (9th Cir. 1982) (trial court did not abuse discretion in failing to strike witness's spontaneous testimony regarding prior bad act where "the improper testimony … was neither a product of Government misconduct nor developed through direct questioning by the Government"); *United States v. Espinoza-Mora*, 205 F. App'x 886, 891-92 (2d Cir. 2006) (affirming denial of mistrial where the district court struck witness's apparently inadvertent testimony, introduced without Rule 404(b) notice, that the defendant had sold cocaine before the charged conspiracy).

purpose against any defendant; and (3) preclude the government from eliciting or referring to the Schaaf recall mailers for the rest of trial, including in closing argument. Exclusion is a measured response to a disclosure failure of this kind. *See Scholl*, 166 F.3d at 972 (affirming exclusion of evidence a party first disclosed after the jury was sworn, where the sanction "was directly related to the offending conduct").

Dated: November 4, 2026

Respectfully submitted,

/s/

Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Duong