CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' TRIAL BRIEF TO LIMIT IMPROPER USE OF EXTRINSIC EVIDENCE IN CROSS EXAMINATION OF MARIO JUAREZ** |

On November 6, 2026, during Mario Juarez's cross-examination, the Court permitted defense counsel limited use of extrinsic evidence to probe Juarez's character for truthfulness and question him about collateral matters unrelated to the charged conduct. The government respectfully requests that the defense be prohibited from using such extrinsic evidence during the remainder of Juarez's cross-examination by other defense counsel and submits that such use of extrinsic evidence violates Federal Rule of Evidence 608(b).

During a sidebar discussion regarding the defense's use of this extrinsic evidence, the Court cited the Ninth Circuit's decision in *United States v. Castillo*, 181 F.3d 1129 (9th Cir. 1999). However, *Castillo* evaluated a wholly different set of facts, is distinguishable from our case, and actually supports the government's contention that Rule 608(b) generally prohibits the use of extrinsic evidence for impeachment of a witness's answers given during cross-examination. In *Castillo*, the defendant testified on ***direct*** examination "that he had never used drugs and would not touch them." *Id*. at 1132. Accordingly, the court permitted the government to introduce on cross-examination the defendant's prior arrest for cocaine possession. On appeal, the Ninth Circuit held that when a witness testifies about a collateral matter on ***direct*** examination, the other side may use extrinsic evidence on cross-examination to impeach that testimony as impeachment by contradiction. However, *Castillo* distinguished instances in which a witness answers questions on cross-examination relating to the witness's character for truthfulness and the same side seeks to impeach those answers with extrinsic evidence during cross. In those instances (as with Juarez's cross-examination), *Castillo* held the use of extrinsic evidence is generally prohibited by Rule 608(b), stating as follows:

> We do not read *Bosley* and *Green* to require exclusion of extrinsic evidence offered to impeach a witness in all circumstances. Rather, we read those cases to hold that extrinsic evidence may not be admitted to impeach testimony invited by questions posed during cross-examination. This is a significant distinction recognized by many authorities. Courts are more willing to permit, and commentators more willing to endorse, impeachment by contradiction where, as occurred in this case, testimony is volunteered on direct examination. The distinction between direct and cross-examination recognizes that opposing counsel may manipulate questions to trap an unwary witness into "volunteering" statements on cross-examination. The distinction also recognizes that, as a practical matter, it is often difficult to determine whether testimony is invited or whether it is volunteered on cross-examination.

*Id*. at 1133-34 (citing 2A Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure,* § 6119

at 116–19 (1999)). While *Castillo* declined to endorse a bright-line rule that impeachment by contradiction is never allowed for answers given during cross-examination, it noted the "significant distinction" between impeaching testimony given on direct versus cross and held that the general rule of thumb is that Rule 608(b) prohibits any use of extrinsic evidence to impeach answers given on cross-examination regarding collateral matters. *See id*. at 1134, n.1.

Here, the government respectfully requests that for the remainder of Juarez's cross-examination, the defense be prohibited from using extrinsic evidence to impeach Juarez on collateral matters. Rule 608(b) states that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Contrary to defense counsel's suggestion during the sidebar, *Castillo* does not hold that impeachment by contradiction somehow provides a workaround of Rule 608(b) to impeach with extrinsic evidence answers given during cross-examination. Rather, as the Ninth Circuit has clearly held, use of extrinsic evidence cannot be used for such purposes. *See United States v. Olsen*, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013) ("Rule 608(b) of the Federal Rules of Evidence authorizes courts to permit inquiry into specific instances of conduct during cross-examination if they are probative of the character for untruthfulness of the witness—subject, of course, to the balancing analysis of Rule 403. Had Olsen's attorneys cross-examined Melnikoff about the truthfulness of his testimony in prior cases, he either would have acknowledged or denied prior questionable conduct, and counsel would have been stuck with his answers and not allowed to pursue further inquiry."); *see also United States v. Bosley*, 615 F.2d 1274, 1276-77 (9th Cir. 1980) ("Upon Bosley's denial that he had delivered cocaine to Rhodes or anyone else, the Government could attempt on further cross examination to elicit a response from Bosley contradicting his prior testimony, but it could not properly impeach Bosley through extrinsic evidence of Bosley's delivery of cocaine to Rhodes."). And as described in the Advisory Committee Notes for Rule 608(b), "the possibilities of abuse are substantial" when it comes to introducing specific instances of a witness's prior misconduct, and "[c]onsequently safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite and not remote in time."

Here, consistent with Rule 608(b), Defendants may be permitted to cross-examine Juarez on the facts related to his conduct underlying civil complaints or other acts to the extent they relate to Juarez's

truthfulness. However, the government submits that Rule 608(b) prohibits the further use of extrinsic evidence to prove up such conduct during cross examination by other defense counsel.

DATED: November 8, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys