CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' PROPOSED LIMITING INSTRUCTION RE TESTIMONY RE 2014 CASH PAYMENTS MADE BY DAVID DUONG AND MARIO JUAREZ** |

Pursuant to the discussion during this morning's court session, the government submits the below proposed limiting instruction regarding Mario Juarez's testimony about cash payments he and David Duong made to politicians in 2014.

DATED: November 9, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys

**Proposed Supplemental Jury Instruction (based on Ninth Circuit Model Instruction 2.10)**

You have heard testimony that David Duong and Mario Juarez were involved in paying cash to certain politicians in 2014. This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendants David Duong or Andy Duong:

had the state of mind, knowledge, or intent necessary to commit the crimes charged;

had a motive or the opportunity to commit the acts charged;

was preparing or planning to commit the acts charged;

knew of the objects of the conspiracy;

had the intent to enter into the alleged conspiracy;

and in considering the relationship among David Duong, Andy Duong, and Mario Juarez.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendants are not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that a defendant committed the crimes charged. You may not consider this evidence as proof that any defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because a defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that each defendant is on trial here only for the charged crimes, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged beyond a reasonable doubt.