CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
abraham.fine@usdoj.gov
molly.priedeman@usdoj.gov
lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br><br>Defendants. | No. 4:25-CR-00003-YGR<br><br>UNITED STATES' OPPOSITION TO DEFENDANT SHENG THAO'S PROPOSED CURATIVE INSTRUCTION |

## DISCUSSION

On November 10, 2026, during cross examination of witness Mario Juarez by counsel for Andre Jones, the following back and forth took place:

> Q. You've testified that Sheng Thao told you she would be bribed to buy 300 units of Evolutionary housing?
> A. That's the agreement.
> Q. But, in fact, Sheng Thao would not even sign a nonbinding, noncommittal letter of interest for you in March of 2023; right?
> A. I don't remember her signing this letter.
> Q. She did not. And it would have been the easiest thing in the world for her to do; right?
> It didn't bind her -- sorry, compound question.
> It would have been very easy for her to sign that letter if she had wanted to?
> **[MR. FINE]:** Objection. Speculation.
> THE WITNESS: You would have to ask her if it was easy or not easy.
> **THE COURT:** Sustained as to the form of the question.
> **BY MS. HALBERT:**
> **Q.** All you were asking her to do was sign a letter that was nonbinding and noncommittal; right?
> **A.** We were asking him [sic] to sign this letter, yes.
> **Q.** And it was nonbinding?
> **A.** Nonbinding.
> **Q.** So to [sic] wouldn't have bound Sheng Thao to anything, by its terms?
> **A.** There's other implications by signing this letter, and she could be positioning herself with those implications. So whatever she was thinking, you have got to ask her.
> **Q.** Well --
> **A.** She's right there. Why --
> **MS. HALBERT:** Objection. Objection.
> **BY MS. HALBERT:**
> **Q.** That is totally inappropriate. You --
> **[MR. FINE]:** Objection. Argumentative.
> **MS. HALBERT:** -- you are the witness on the stand.
> **THE COURT:** So I'm not going to tell you -- well, I may have to.
> I don't want gratuitous comments coming out of your mouth. Answer the questions. Every defendant, as this jury has been told many times, has a constitutional right not to testify.
> **THE WITNESS:** Okay.

Tr. 3304:10-3305:24.

At a break, counsel for Sheng Thao objected to the testimony, and "reserved a motion for mistrial" on the basis of Mr. Juarez's comments in the above back and forth with counsel for Jones.

At the government's request, when Mr. Juarez returned to the stand but before the jury returned

to the courtroom, the Court admonished the witness regarding his implicit suggestion:

> **THE COURT:** All right. Do I have a witness?
> Come forward, Mr. Juarez.
> The record will reflect the witness back on the stand.
> It is problematic for you to in any way, shape, or form to suggest that any of the defendants need to testify. Now, I've got to clean up that mess because you somehow suggested implicitly for the lawyers to ask the defendants the answers to the questions in front of the jury. Not appropriate.
> Do you understand me?
> In this case, the Government bears the burden, the complete burden, no one else.
> **THE WITNESS:** I understand you completely, Your Honor.
> **THE COURT:** You testify on behalf of yourself. If you don't know the answer, you say you don't know.
> Do you understand me?
> **THE WITNESS:** I understand you completely, Your Honor.
> **THE COURT:** You testify on behalf of yourself. If you don't know the answer, you say you don't know.
> Do you understand me?
> THE WITNESS: I understand you now, Your Honor, very completely.
> THE COURT: Bring in the jury.

Tr. 3365:11-3366:3

After the trial day had ended, counsel for Thao forwarded to the Court and government counsel a proposed curative instruction. This instruction is completely inappropriate, is legally unsupported, and would go far beyond even the harm claimed by defendant Thao.

Counsel for Thao cited two cases to the Court in support of a proposed curative instruction. First, he cited *Griffin v. California*, 380 U.S. 609 (1965), a case that stands for the proposition that the self-incrimination clause of the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Id.* at 615.

The second case cited by counsel, *United States v. Mende*, 43 F.3d 1298 (9th Cir. 1995), is inapplicable to this case. That case also involves a prosecutor's comment, but far afield from the *Griffin* issue raised by defense. That case involved, in closing argument, a comment by the prosecutor to the effect that the defense failed to produce certain evidence to support a defense argument. *Id.* at 1301. The prosecutor also "specifically mentioned the availability of subpoena power to call additional witnesses and reminded the jury that the defendant was in fact under no obligation to take the stand and testify." *Id.* After a defendant objected and moved for mistrial, the trial court denied the motion but

invited defense counsel to request an additional curative jury instruction on this issue, though none was later requested by the defendant. *Id.* The Ninth Circuit affirmed the conviction finding no error.

In this case, the steps taken by the Court, including an immediate instruction to the jury that every defendant has a constitutional right not to testify, are sufficient to address any harm. This case is also different from *Griffin* and other cases in this area because here it was not the prosecution that suggested a defendant needed to answer questions. It is also significant that the comment from Mr. Juarez was solicited after repeated questions from counsel for Jones to comment on Thao's state of mind and reason for declining to the sign a draft letter of intent.

Defendant Thao now proposes an additional curative instruction. While the Government does not object to an instruction reminding the jury that no adverse inference may be drawn from a defendant's decision not to testify, the proposed instruction goes far beyond that limited purpose. It improperly characterizes Mr. Juarez's conduct as "misconduct" (despite the fact that even in light of a sustained objection regarding the foundation of the question counsel for Jones continued to invite speculation on Thao's motives) and invites the jury to draw adverse credibility inferences from a stricken statement. The proposed instruction also constitutes an unwarranted judicial comment on the credibility of a particular witness.

The government does not object to an appropriate instruction advising the jury again that a defendant has a constitutional right not to testify, that no adverse inference may be drawn from the decision not to testify, and that Mr. Juarez's remark should be disregarded.

The government objects, however, to the remainder of the Defendant's proposed instruction. As an initial matter, there is no basis to characterize Mr. Juarez's statement as "misconduct." Mr. Juarez is a lay witness, not a lawyer. He was not instructed regarding the defendants' constitutional right not to testify prior to his testimony, nor is there any evidence that he intentionally violated a court order or sought to deprive the defendants' of any constitutional protection. The circumstances do not justify labeling his misconduct or inviting the jury to infer bias or untruthfulness from the remark.

Nor is the remark relevant to Mr. Juarez's credibility, bias, or truthfulness in any way as suggested by Defendant Thao's proposed instruction. The proposed instruction would instruct the jury consider the witness's supposedly improper conduct as evidence bearing on his credibility and would

effectively endorse an adverse credibility inference. Credibility determinations are for the jury, and no special credibility instruction is warranted here.

Accordingly, any curative instruction should be limited to informing the jury that the defendants have no obligation to testify, that no adverse inference can be drawn from the decision not to testify, and that the witness's statement has been stricken and must be disregarded. Such an instruction fully addresses any potential prejudice without improperly commenting on witness credibility.

The government recommends the below instruction modified from Ninth Circuit Model Criminal Jury Instruction 6.3.

> During the testimony of Mario Juarez, the witness made a statement during Ms. Halbert's cross-examination that Ms. Halbert should ask the Defendant Sheng Thao that question. Mr. Juarez's statement has been stricken from the record and you should not consider it. A defendant in a criminal case has a constitutional right not to testify. If the defendant does not testify, you may not consider that fact in reaching your verdict.

The Government respectfully requests that the Court decline to give Defendant Sheng Thao's proposed curative instruction and instead give the Government's proposed instruction, which fully remedies any potential prejudice without improperly commenting on witness credibility.

DATED: November 11, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

____/s/_______________________
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys