Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>SHENG THAO, et al.,<br>Defendants. | No. CR 25-0003 YGR<br><br>**DEFENDANT DAVID DUONG'S MOTION TO ADMIT TRIAL EXHIBITS 5110, 5111, 348, 5242, 5179, AND 5093** |

Defendant David Duong moves to admit five exhibits that the Court permitted defense counsel to publish during the cross-examination of Mario Juarez but on which it reserved ruling: Exhibits 5110 and 5111 (Oakland Police Department bodycam footage produced by the government in discovery); Exhibit 348 (a photograph of handwritten deal points); Exhibit 5242 (Mr. Juarez's October 26, 2022 cover email to Andreas Cluver attaching Exhibit 348); Exhibit 5179 (a 2017 text message thread between Mr. Juarez and David Duong excerpted from Exhibit 697); and Exhibit 5093 (a June 4, 2024 text message from Mr. Juarez to Andreas Cluver). The

government objected to all exhibits on hearsay grounds and to Exhibit 5179 under Rule 608(b). Tr. 2791, 2920, 3036–37. No exhibit is offered for the truth of anything it asserts. Each is admissible for a non-hearsay purpose and is relevant to facts in dispute.

Exclusion of these exhibits would also violate Mr. Duong's rights under the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment. The Confrontation Clause guarantees the defendant the right to expose a prosecution witness's motive to testify and the facts from which the jury can assess his reliability. *Davis v. Alaska*, 415 U.S. 308, 316–18 (1974). This protection is at its strongest when the witness is a cooperator. *United States v. Bernal-Obeso*, 989 F.2d 331, 333–35 (9th Cir. 1993) (in cases involving government witness testimony, Confrontation Clause "elevate[s] the hearsay rule to Constitutional dimensions"). Due process separately guarantees "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *see also United States v. Haischer*, 780 F.3d 1277, 1281–84 (9th Cir. 2015). Each exhibit goes to Mr. Juarez's credibility, bias, and motive. Barring that evidence would exclude an entire area of inquiry about the government's central cooperating witness, not merely limit the manner or scope of cross-examination. *See United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc).

## <u>ARGUMENT</u>

### I. The BWC Footage Is Admissible to Impeach Mr. Juarez Under Rule 613(b).

Under Rule 613(b), extrinsic evidence of a prior inconsistent statement is admissible to impeach once the witness has had an opportunity to explain or deny it and the adverse party has had an opportunity to examine him about it. Rule 613(b) does not require the prior statements to have been made under oath. *See United States v. Monroe*, 943 F.2d 1007 (9th Cir. 1991) (exclusion of prior statements to impeach a government witness because they had not been given under oath was "clearly erroneous"). Moreover, a statement offered only to show that Mr. Juarez said something different on a prior occasion is not offered for its truth and is not hearsay: if a witness says "X" on the stand, an earlier statement of "not X" impeaches him whether or not "X"

is true. *See United States v. Bao*, 189 F.3d 860 (9th Cir. 1999) ("A prior inconsistent statement is admissible to raise the suggestion that if a witness makes inconsistent statements, then his entire testimony may not be credible; such an inference does not depend on whether either the prior statement or the subsequent in-court statement is true.").

Mario Juarez is the government's central cooperating witness, and his credibility is squarely at issue. Two days after his May 3, 2024 confrontation with the Duong family, he gave a recorded body-worn camera ("BWC") interview to Oakland Police Department ("OPD") officers at his home. The bodycam footage contradicts Mr. Juarez's trial testimony on two key points. *First*, he told the jury that he "confessed it all" to OPD and reported "the things that [he] participated with David Duong, the things that [he] participated with Andy Duong." Tr. 11/5/26 at 2741, 2742–43. In the BWC evidence, he was recorded saying that he "was not going to admit [he] was helping someone commit a crime." Exhibit 5110 (20:04–21:31, 27:31–29:35). *Second*, at trial he denied wanting his report used for a federal indictment (Tr. 11/5/26 at 2738–40) , yet Exhibit 5111 shows otherwise. Exhibit 5111 (4:00–4:26). Moreover, Mr. Juarez's initial claim that he did not remember certain statements does not circumvent Rule 613(b). Testimony that a witness "[does] not remember having made a prior statement is as adequate a foundation for impeachment as a flat denial," and the statement may then be proved extrinsically. *United States v. Collicott*, 92 F.3d 973 (9th Cir. 1996); *see also Monroe*, 943 F.2d 1007 ("[T]he making of [prior statements] may be proved by another witness" if the testifying witness "has denied making the statement, or has failed to remember it.").

**II. Exhibits 348 and 5242 Are Admissible to Impeach Mr. Juarez.**

On November 6, 2026, Mr. Juarez testified that the deal points with Sheng Thao were struck on October 7 and largely in place by October 11. Tr. 2916. He then described Exhibit 348, sent to Andreas Cluver nineteen days after the October 7 meeting, as "a list of points of ***discussion*** with Andreas Cluver politically in nature." Tr. 2923–24. Mr. Juarez identified Exhibit 5242 as his October 26, 2022 cover email to Mr. Cluver and Exhibit 348 as its attachment. Tr. 2920.

Exhibit 348 is not hearsay because it is offered not to prove that any listed "point" was agreed to or true, but to contradict Juarez's description during trial of the deal terms that he allegedly struck with Ms. Thao on the October 7, 2022 meeting. Accordingly, it is admissible under Rule 613(b) as a prior inconsistent statement for impeachment. Mr. Juarez testified that he and Ms. Thao "agreed" to "**100** units bought, Andre get a job for $300k per year" (as described in Exhibit 1812) during the October 7 meeting. Tr. 2385, 2387–88. However, 19 days later, Mr. Juarez sent Exhibit 348 to Mr. Cluver. *See* Exhibit 5242. Exhibit 348 lists, among a list of "points" not mentioned in Exhibit 1812, a "Purchase of **300** modular units of housing from EH/Duong" without the $300,000 payment to Andre Jones. Juarez was given the opportunity to explain the inconsistencies between Exhibit 348 and 1812, and he did so by describing Exhibit 348 as "a list of points of discussion with Andreas Cluver politically in nature of things that we wanted to work on together." Tr. 2923. These inconsistencies are relevant to the question whether a deal was struck on October 7, 2022, and if so, what its terms were, issues central to the case.

If the Court finds that Exhibit 348 constitutes hearsay, the then-existing state of mind exception applies. Fed. R. Evid. Rule 803(3). Juarez testified that he sent the list to Mr. Cluver as a "follow up on additional political items that we were working on," evidence of Mr. Juarez's then-existing plan to obtain public appointments for himself. Tr. 2926. That plan is direct evidence of his personal stake in the events he describes. *Abel*, 469 U.S. at 52; Fed. R. Evid. 803(3); *United States v. Lischewski*, 860 F. App'x 512, 514 (9th Cir. 2021).

Exhibit 5242 should be admitted with Exhibit 348 because it has been properly authenticated and is relevant to a disputed fact. Fed. R. Evid. 401, 402, 901. Mr. Juarez testified that he recognized Exhibit 5242 as his October 26 email to Cluver and confirmed that Exhibit 348 was the attachment to that email. Tr. 2919–20; Fed. R. Evid. 901. The cover email is relevant to show that Mr. Juarez sent the Exhibit 348 "points" attachment to Andreas Cluver on October 26, 2022, several weeks after Mr. Juarez's meeting with Ms. Thao. Tr. 2916–18; *see*

Fed. R. Evid. 401, 402. Mr. Duong offers it for a permissible non-hearsay purpose: only to prove timing and the fact that Mr Juarez transmitted Exhibit 348 to Mr. Cluver.

**III. Exhibit 5179 Is Admissible Evidence of Mr. Juarez's Bias Against David Duong.**

During discussions in 2017 about CWS's possible purchase of a Tidewater Avenue property, Mr. Juarez texted Mr. Duong: "Last time I deal with you David"; "I will never deal with you again and I know you don't need me but I have a long memory of your mistreatment"; and "i will always remember - i hope you don't need help one day because i will remember you on how you mishandled this situation." Ex. 5179. Mr. Juarez admitted to writing those messages. Tr. 2792–93. He also admitted telling Mr. Duong during a recorded meeting, "I have a long memory, and I'm pretty vengeful." Tr. 2793–94 (quoting Exhibit 992).

"Proof of bias is almost always relevant," and bias, unlike "less favored forms of impeachment," may be shown by extrinsic evidence. *United States v. Abel*, 469 U.S. 45, 52, 55 (1984); *Barnard v. United States*, 342 F.2d 309, 317 (9th Cir. 1965) (bias evidence "is never collateral or irrelevant"). Accordingly, the government's hearsay objection fails because the texts are not offered for the truth of anything asserted. Instead, their significance "lies solely in the fact that [they were] made." Fed. R. Evid. 801(c) advisory committee's note. Mr. Duong's replies are offered only to put Mr. Juarez's statements in context.

Further, Rule 608(b) "does not bar introduction of evidence to show that the witness is biased." *United States v. Ray*, 731 F.2d 1361, 1364 (9th Cir. 1984); *Abel*, 469 U.S. at 56 ("It would be a strange rule of law which held that relevant, competent evidence which tended to show bias on the part of a witness was nonetheless inadmissible because it also tended to show that the witness was a liar."). The texts are not offered to impeach Mr. Juarez's veracity but to prove Mr. Juarez's personal animus and motive to testify against Mr. Duong. This is the core form of bias that *Abel* recognizes. 469 U.S. at 52. Accordingly, Rule 608(b) does not bar the admission of Exhibit 5179.

In addition, Rule 803(3) applies because the texts are contemporaneous statements of Mr. Juarez's "then-existing state of mind (such as motive, intent, or plan) or emotional . . .

condition." Fed. R. Evid. 803(3). They were written in the heat of the dispute, and they express present anger and an intent to retaliate. *See Wagner v. Cty. of Maricopa*, 706 F.3d 942, 946–47 (9th Cir. 2013) (exclusion of state of mind evidence erroneous where evidence proved "mental feeling," not "the fact remembered or believed").

**IV. Exhibit 5093 Is Admissible Evidence of Mr. Juarez's Bias Against David Duong.**

Mr. Duong renews his objection to the Court's exclusion of Exhibit 5095, the June 4, 2024 text message in which Mr. Juarez wrote "I need to fuck the Duongs." This evidence is admissible to show Mr. Juarez's bias, not for the truth of the matter asserted. Tr. 3096. The Court agreed that the text "Goes to bias." *Id.*

As set forth above, extrinsic evidence of bias is admissible. *Ray*, 731 F.2d at 1364; *Abel*, 469 U.S. at 56. In addition, Rule 803(3) permits admission because the text is a contemporaneous statement of Mr. Juarez's "state of mind (such as motive, intent, or plan) or emotional . . . condition" (Fed. R. Evid. 803(3)) at a key moment in this case—two days before his first meeting as a cooperator against Mr. Duong and his codefendants.

**CONCLUSION**

For the foregoing reasons, Mr. Duong respectfully requests that the Court admit Exhibits 5110, 5111, 348, 5242, 5179, and 5093.

Dated: November 11, 2026

Respectfully submitted,

*/s/*
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Duong