Jeffrey Tsai (SBN 226081)
*jeff.tsai@us.dlapiper.com*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 615-6055

Darryl Louis Tarver (*admitted pro hac vice)*
*darryl.tarver@us.dlapiper.com*
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

Defendants.

Case No. 4:25-CR-00003-YGR-1

**DEFENDANT SHENG THAO'S RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANT SHENG THAO'S PROPOSED CURATIVE INSTRUCTION**

Defendant Sheng Thao, by and through her attorneys of record, provides this response to the government's Opposition to Defendant Sheng Thao's Proposed Curative Instruction.

In short, the government's opposition and proposed modified instruction (Dkt. 473 at 5:7-12) are deficient in multiple respects:

**First, the government's opposition is most remarkable for its continued fealty to Mario Juarez, whose improper conduct – statements calling into question Ms. Thao's right not to testify and the government's burden of proof – the government actually disputes.** (Id. at 3:15-17 [arguing "there is no basis to characterize Mr. Juarez's statement as 'misconduct'"].) Indeed, at the very moment the misconduct occurred, the prosecutor actually rose to object in defense of the witness' conduct. (Trial Tr. Vol. 15 [Nov. 10, 2026] at 3305:16-18 [objecting as "argumentative" to Ms. Halbert's immediate statement that Juarez's misconduct was "totally inappropriate"].)

**Second, the government's apologia for Juarez's misconduct on the basis that he is a "lay witness, not a lawyer" is neither a sword for improper conduct nor a shield once that conduct has been committed.** This particular witness has been admonished by the Court on numerous occasions to refrain from surplusage narrative responses. The government's implied argument that Ms. Halbert invited Juarez's improper statements (see Dkt. 473 at 4:12-14) is false on the face of the questions.

The government's argument also minimizes Juarez's status in the government's case – he is not merely a third-party "lay witness"; he is demonstrably in the testimonial evidence an invested witness whose confessed goal was to extract a conditional plea promise from the government that each defendant in this case – including Sheng Thao – would be prosecuted and convicted:

> **Q.** Okay. And the condition was that this deferred prosecution agreement would apply only if the Federal Government prosecutes and convicts the co-conspirators named in this case, including Sheng Thao, Andre Jones, David Duong, Andy Duong, Kristina Duong, and Johnny Duong, based on the statements and facts provided herein; right?
>
> **A.** That's what it says.
>
> . . .

**Q.** Is that a condition that you contained -- that you included in the draft plea agreement that you sent to your lawyers?
**A.** Of many conditions, yes.

(Trial Tr. Vol. 13 [Nov. 6, 2026] at 2803:15-21 & 2804:3-6.)

**Third, the government's reflections on the legal authority as an attempt to minimize the Griffin error committed in this case (Dkt. 473 at 3:17-18:2) underscore the prosecutors' habitual self-preservation reflex.** As already set forth by undersigned counsel in post-trial argument on Tuesday (November 10, 2026), this particular misconduct was not committed by the government or its prosecutors. And it is also irrelevant. The prevailing principles set forth in cases like Giffin v. California, 380 U.S. 608 (1965), and United States v. Mende, 43 F.3d 1298 (9th Cir. 1995), are not preconditioned on whether the misconduct was perpetrated by the government. In contrast to the implication created by the government's argument, an error committed by a witness – especially one expressly invested in the outcome of this case – can raise the same kind of constitutional harm and violation. Nothing in Griffin or its progeny restricts the analysis otherwise.

**Fourth, the kind of violation here is constitutional in nature and warrants an equally important cure.** Juarez's misconduct targeted perhaps the two most important and related principles in the criminal law: a defendant has no obligation to testify (Fifth Amendment) and the burden of proof rests solely with the government. Juarez's multiple statements squarely called into question both of these principles:

**A.** There's other implications by signing this letter, and she could be positioning herself with those implications. So whatever she was thinking, you have got to ask her.
**Q.** Well –
**A.** She's right there. Why –
**MS. HALBERT:** Objection. Objection.

(Trial Tr. Vol. 15 [Nov. 10, 2026] at 3305:9-14 [emphasis added].)

Were Ms. Halbert not sentry in her real-time recognition of the error being committed by Juarez, it is clear from the record that Juarez would have continued making a statement questioning why Ms. Thao does not address the questions posed by Ms. Halbert.

**<u>Fifth</u>, the Court's swift instruction following Juarez's misconduct was appropriate, but it was not sufficient.** Following Juarez's misconduct, the Court immediately stated to the jury: "Every defendant, as this jury has been told many times, has a constitutional right not to testify." (Trial Tr. Vol. 15 [Nov. 10, 2026] at 3305:22-23.) Following empanelment, the Court has otherwise once instructed the jury (prior to opening statements) about the right to remain silent. (Trial Tr. Vol. 2 [Oct. 14, 2026] at 309:3-5 ["In addition, each defendant has the right to remain silent and never has to prove their innocence or to present any evidence."].)

In light of the misconduct by this particular witness, an appropriate curative instruction tailored to the circumstances of this case is warranted. Ms. Thao's proposed instruction is as follows (revised to reflect the date of the misconduct):

> Members of the jury, during the testimony of Mario Juarez on Tuesday, the witness made an improper statement during Ms. Halbert's cross examination that Ms. Halbert should direct her question for Defendant Sheng Thao to answer.
>
> As I have previously instructed you, including on Tuesday when the improper statement was made, the law does not require a defendant to prove her or his innocence or to produce any evidence. A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify. The improper statement is stricken from the record, and you must completely erase it from your minds during your deliberations.
>
> In evaluating the evidence, you may consider the fact that Mario Juarez improperly volunteered a comment on this constitutional right. The witness's decision to make an unauthorized and legally improper remark on the stand may be considered by you as a factor in evaluating that witness's credibility, bias, and truthfulness. You may weigh this misconduct in deciding how much, if any, of Mr. Juarez's remaining testimony you choose to believe.

By contrast, the government's proposed instruction does not provide an adequate cure. In addition to being insufficiently tailored to the particular circumstances of the misconduct, the description of "Ms. Halbert should ask the Defendant Sheng Thao that question" is grammatically confusing – the term "that" is non-referential in the sentence. (Dkt. 473 at 5:9-10.) Additionally, to date, it does not appear that Juarez's improper statements have been formally stricken from the record. (<u>Id.</u> at 5:10-11.) (As reflected in Ms. Thao's proposed instruction, Ms. Thao agrees it should be stricken and so stipulates and moves to strike to the extent required by the Court.)

* * *

Ms. Thao has reserved on a potential motion for mistrial on the basis of Juarez's improper statements. However, an appropriately tailored curative instruction could potentially obviate the need for one, and Ms. Thao respectfully urges the Court's consideration of her proposed instruction.

Dated: November 11, 2026

Respectfully submitted,

DLA PIPER LLP

By: /s/ *Jeffrey Tsai*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*