CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' NOTICE OF INTENT TO INTRODUCE MARIO JUAREZ'S PLEA AGREEMENT ON REDIRECT (WITH PENALTIES AND ELEMENTS REDACTED)** |

During the cross-examination of Mario Juarez, defense counsel have repeatedly attacked his credibility on many fronts. In addition, counsel for David Duong cross-examined Juarez extensively about a lengthy email chain between Juarez and his lawyers regarding the specific items Juarez hoped would he could include as part of his plea agreement. *See* Defense Exhibit 5065; November 6, 2026 transcript at 2797-2806. During that cross-examination, counsel for David Duong explicitly invoked Juarez's plea agreement, its terms, the count Juarez pled guilty to, and various crimes Juarez did not plead guilty to. *Id*. at 2807-2812.

Given these lines of cross-examination, the government intends to introduce into evidence a redacted version of Juarez's plea agreement on redirect examination (with the elements of the crimes and penalties redacted). Ninth Circuit case law clearly holds that the government may introduce a witness's plea agreement into evidence once the witness's credibility has been attacked on cross-examination. *See United States v. Rohrer*, 708 F.2d 429, 432 (9th Cir. 1983) ("The court received the full text of the cooperation agreement into evidence only after appellants' extensive impeachment of Green's motives on cross-examination and their discussion of part of the agreement. There can be no doubt but that the agreement was relevant to material facts at issue and that the court acted correctly in permitting it to be introduced. And it was proper for the government to point to the cooperation agreement as a factor bearing on Green's credibility."); *United States v. Shapiro*, 879 F.2d 468, 472-73 (9th Cir. 1989) ("the plea agreement was introduced after an extensive attack on [the cooperator's] credibility" and thus "the district court did not abuse its discretion by admitting the plea agreement into evidence."); *United States v. Kats*, 871 F.2d 105, 107 (9th Cir. 1989) ("The trial transcript reveals defense counsel attacked Manigbas' credibility and, in doing so, placed the contents of the plea bargain at issue by questioning the witness about its terms, specifically in regard to whether the agreement granted Manigbas immunity in exchange for his testimony. It was only after this cross-examination that the government moved for admission of the agreement. In these circumstances, admission of the agreement was not an abuse of discretion."); *United States v. McCreary*, 308 Fed.Appx 39, 42 (9th Cir. 2008) ("the court can properly receive the full text of plea agreements and the government can properly point to those agreements as a factor bearing on its witness's credibility."); *United States v. Brooklier,* 685 F.2d 1208, 1218 (9th Cir. 1982) (plea agreement properly admitted to rebut defense references to

witness as "a perjurer, paid informant, and murderer who escaped the death penalty by cooperating with the FBI.").

Here, admission of Juarez's plea agreement is especially appropriate. Defense counsel have extensively attacked Juarez's credibility on cross, and that, on its own, provides a sufficient justification to allow introduction of the agreement. In addition, counsel for David Duong extensively questioned Juarez about the email chain with his lawyers describing various terms he was hoping to achieve in his plea agreement. This cross-examination likely created jury confusion as to what items were actually in Juarez's plea agreement, and which items were not in his plea agreement. This line of cross-examination provides an additional basis for the introduction into evidence of Juarez's plea agreement, to confront any jury confusion about the terms of that agreement.

DATED: November 11, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/

ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys