Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, et al.,<br><br>Defendants. | Case No. CR 25-0003 YGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF PROPOSED SUPPLEMENTAL JURY INSTRUCTION REGARDING EXPLICIT QUID PRO QUO REQUIREMENT IN *MCCORMICK V. UNITED STATES*** |

On November 4, 2026, the government filed its opposition to Defendants' Proposed Supplemental Jury Instructions. *See* Dkts. 464 and 449. In its opposition, the government asserts that the explicit *quid pro quo* requirement in *McCormick v. United State*s, 500 U.S. 257 (1991) does not apply here because "this case does not implicate the First Amendment concerns articulated in *McCormick.*" Dkt. 464 at 1:6-7. The government's opposition fails for six reasons.

First, the parties do not dispute that (a) campaign contributions receive First Amendment protection, (b) the government must prove an *explicit* promise or undertaking to perform or not perform an official act in the political donations context, and (c) the government contends that one of the alleged bribes in this case is a political donation (the mailers). Dkt. 464 at 1:14-19 and Trial Tr. at 696:19-22 (October 16, 2026) ("***one of the bribes in this case is an improper political donation; it's the mailers.***"). Given the government's confirmation to the Court that it views the mailers as an improper political donation, *McCormick* attaches and requires that the government prove an explicit *quid pro quo*.

In addition, independent expenditures like the Loren Taylor mailers are treated like political donations and receive equal First Amendment protection. *See Buckley v. Valeo*, 424 U.S. 1, 44-50 (1976) (invalidating a campaign reform statute that restricted independent expenditures as an unconstitutional violation of First Amendment principles). As a result, the fact that the political donation at issue here is an independent expenditure does not alter the applicability of *McCormick's* explicitness requirement.

Second, the government's attempt to distinguish this case from *McCormick* fails on both procedural and substantive grounds. Dkt. 464 at 2:20-3:11. As a procedural matter, the government bears the burden to prove the case it charged. Here, the government opted to include a political donation in its alleged bribe scheme. Thus, the government elected to trigger the

*McCormick* standard. The manner in which the defendants choose to defend against the government's theory is irrelevant—advancing a particular defense does not lower the bar the government must clear to prove the case it charged. In addition, criminal defendants are entitled to pursue alternative (and inconsistent) theories in their defense. *United States v. Demma*, 523 F.2d 981, 985 (9th Cir. 1975) ("it is well established that a defendant in a criminal prosecution may assert inconsistent defenses.").

As a substantive matter, the government argues that *McCormick* does not apply here because "defendants sought to conceal their involvement in the negative mailer campaign." Dkt. 464 at 2:26-3:3. Whether the alleged political donation was concealed or not has no bearing on the *McCormick* analysis. For example, the political donations at issue in *McCormick* were concealed. 500 U.S. at 260 (highlighting that neither McCormick nor the donors listed the various cash payments to McCormick as campaign contributions).

Third, the government's argument regarding *United States v. Shen Zhen New World I, LLC,* 115 F.4th 1167 (9th Cir. 2024) is misplaced. Dkt. 464 at 3:7-11. Unlike this case, where the government admits that one of the alleged bribes is a political donation, none of the alleged bribe payments in *Shen Zhen* involved a campaign contribution. Instead, all of the challenged payments in *Shen Zhen* were pure personal gifts. *Id.* at 1180-81 ("Shen Zhen's benefits to Huizar were indisputably *not* political campaign contributions.") (emphasis in original). The Ninth Circuit did confirm, however, that *McCormick's* requirement of an explicit promise attaches where, like here, the allegations involve a political contribution. *Id.* at 1181.

Fourth, the government's argument that its initial proposed jury instructions contain sufficient language to satisfy *McCormick's* explicitness requirement contradicts the holding in both *McCormick* and *United States v. Carpenter,* 961 F.2d 824 (9th Cir. 1992). Dkt. 464 at 3:14-

4:8. Both *McCormick* and *Carpenter* emphasize that the law imposes a higher standard on the government to prove a bribe in the political contribution context. In *Carpenter*, the Ninth Circuit reversed a conviction involving a campaign contribution where the lower court did not require an explicit *quid pro quo* in the jury instructions. *Id.* at 826. The Ninth Circuit emphasized that the explicitness requirement is satisfied only if the terms of the *quid pro quo* are "clear and unambiguous." *Id.* at 827. There is no language in the government's current proposed jury instructions that satisfies the higher standard required by *McCormick* and *Carpenter.*

Fifth, the government's reliance on *Evans v. United States,* 504 U.S. 255 (1992) is similarly misplaced. Dkt. 464 at 3:13-25. *Evans* did not reverse *McCormick* nor did it eliminate the need for an explicit *quid pro quo* in the political donation context. Instead, *Evans* merely rejected the defendant's proposed jury instruction because the defense argued that the public official had to take an affirmative step to fulfill the official act at issue. 504 U.S. at 268. Defendants' proposed instruction here quotes the language from *McCormick*—the spending is an unlawful bribe "only if the payments are made in return for an explicit promise or undertaking by the official to perform or not perform an official act." *See McCormick,* 500 U.S. at 273 and Dkt. 449 at 3:7-9. In addition, defendants' proposed instruction does not contain the "affirmative step" language rejected in *Evans* nor does it require an "express" agreement. The word "express" does not appear in defendants' proposed instruction. As a result, *Evans* is irrelevant here.

Finally, the government argues that "the instructions already require the jury to find the functional equivalent of a *quid pro quo*." Dkt. 464 at 4:13-14. This argument misses the point. Every bribery case requires a *quid pro quo* and corrupt intent. The point here is that political donations require a higher standard to prevent the chilling effect on an individual's First

Amendment rights. That is why *McCormick* and its progeny require that the *quid pro quo* be explicit, clear, and unambiguous.

The government's reliance on *United States v. Ridley-Thomas* is misplaced for the same reason that it misapplies *Shen Zhen*—there were no political donations to the public official in *Ridley-Thomas*. *United States v. Ridley-Thomas*, No. 23-2200, 2026 WL 3385673, at *2-6 (9th Cir. Nov. 6, 2026). The Ninth Circuit emphasized the odd fact pattern because it was the public official who transferred money to the University of Southern California ("USC") to help get his son a position at the university. *Id.* at *7. Given the lack of any political contribution to the public official in *Ridley-Thomas*, *McCormick* did not apply. Thus, the opinion does not contain any analysis of the heightened explicitness requirement in *McCormick*. *Id.*

In addition, the government suggests *Ridley-Thomas* blesses the concept of eliminating *McCormick*'s explicitness requirement if the other aspects of the jury instructions address a *quid pro quo* that does not involve a political donation. Dkt. 464 at 4:13-18. That is not the holding in *Ridley-Thomas.* First, the Ninth Circuit emphasized that the Supreme Court decided *Snyder v. United States*, 603 U.S. 1, 5, 10 (2024) *after* the jury verdict. 2026 WL 3385673 at *11. As a result, the trial judge in *Ridley-Thomas* did not have the benefit of the Supreme Court's reasoning in *Snyder* when it finalized the jury instructions on federal program bribery under Title 18 U.S.C. Section 666(a). *Id.* More importantly for our purposes, the Ninth Circuit analyzed the Section 666(a) jury instruction using a harmless error analysis—the court did not expressly endorse the jury instruction given by the district court for use in future cases. Instead, the court stated "the jury's guilty verdict on the charge of honest services fraud confirms beyond a reasonable doubt that any error in the district court's instruction on this count resulted in no harm." *Id.* In other words, the instruction in *Ridley-Thomas* was flawed but not sufficiently prejudicial given the facts

to require a reversal of the defendant's conviction. In sum, *Ridley-Thomas* did not hold that district courts should avoid instructing on the heightened *McCormick* explicitness requirement in cases, like this case, where the government has pled a bribe scheme involving a political donation.

Dated: November 15, 2026

Respectfully submitted,

By: */s/ Neal J. Stephens*
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Trung Duong