Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, et al.,<br><br>Defendants. | Case No. CR 25-0003 YGR<br><br>**DEFENDANTS' RENEWED MOTION REGARDING SCOPE OF CROSS-EXAMINATION OF MARIO JUAREZ** |

## I. INTRODUCTION

Defendants respectfully renew their request to cross-examine Mario Juarez regarding the extent of the benefit he received by pleading to a single count of conspiracy under 18 U.S.C. § 371. When the Court denied defendants' earlier motion on November 5, 2026, it noted that the defense "can always ask" to revisit the issue. Trial Tr. 2549–50. The government's redirect examination on November 13, 2026 warrants that request.

The government elicited testimony from Juarez that, because the Court may consider his uncharged conduct at sentencing, "this judge can take it against me and enhance me even more for being honest, for saying things that I have done, for admitting the crimes." Tr. 3837. That testimony told the jury that every admission he makes on the stand exposes him to more punishment. It is not true. Because Juarez is only charged with a single count of conspiracy under 18 U.S.C. § 371, his admissions cannot increase his sentence above the five-year statutory maximum. That statutory cap insulates him, despite the fact that he faces the prospect of guidelines well in excess of five years. The jury cannot properly evaluate his testimony about the potential for greater sentencing exposure without additional information about the benefits he received.

Because "criminal informants are cut from untrustworthy cloth" and "some … informants will stop at nothing to maneuver themselves into a position where they have something to sell," the ability of a defendant to test the credibility of a cooperating government witness is essential under the Sixth Amendment. *United States v. Bernal-Obeso*, 989 F.2d 331, 333–34 (9th Cir. 1993); *see also Davis v. Alaska*, 415 U.S. 308 (1974); *United States v. Mayans*, 17 F.3d 1174, 1184 (9th Cir. 1994) (defendant's right to cross-examine adverse witness is "especially important" for witnesses who have "substantial reason to cooperate with the government). Because Juarez has now given a misleading impression of his sentencing exposure, the defense must be permitted to cross-examine him "to make clear to the jury … why [he] might testify falsely in order to gain [a] benefit or avoid [a] detriment." *United States v. Schoneberg*, 296 F.3d 1036, 1045 (9th Cir. 2005).

## II. BACKGROUND

### A. The Court's prior ruling

On October 30, 2026, the defense sought leave to cross-examine Juarez about the statutory maximum penalties for offenses he avoided by pleading to the § 371 count. Tr. 2277–78. The Court denied the motion, observing that "in most cases, the statutory maximum bears no relationship to what an actual sentence is," and that the jury should not "think about those issues."

Tr. 2548–49. Counsel for Mr. Jones responded that this is not such a case, because the five-year maximum is "actually lower than what the Government has indicated our clients would get." Tr. 2550. The Court acknowledged that "the fact that the Government gave him that deal is not lost on me" but stated that it would address the issue at sentencing. *Id.* On November 13, Juarez's plea agreement was provisionally admitted into evidence, but with the maximum penalty redacted. Tr. 3832; *see* Ex. 1885. The jury therefore has no way to know that his sentence is capped.

**B. The government's redirect examination**

On redirect, the government walked Juarez through paragraph 16 of his plea agreement and read aloud the provision stating:

> Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines.

Tr. 3836. The government then asked Juarez for his understanding of "that portion of the Government's promises." Tr. 3837. Juarez answered:

> The promises is, Number 1, that not everything that I do is excluded. If I have tax violations, other crimes, they can prosecute me. In addition to that, all of the things that I have testified, this judge can take it against me and enhance me even more for being honest, for saying things that I have done, for admitting the crimes.

*Id.*

## III. ARGUMENT

### A. Mr. Juarez has created a misleading impression about his sentencing exposure.

The government's questions suggested that Juarez's testimony carries a cost to him, which makes him more credible. In response, Juarez testified that his admissions at trial could lengthen his sentence, putting a false impression of his sentencing exposure before the jury. Juarez faces a maximum sentence of five years, despite guidelines that could be higher. U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Juarez can admit to anything he wishes, and even if the Court were to "take it against [him] and

enhance [him] even more," the Court could not sentence him above five years. Tr. 3837.

**B. The Sixth Amendment requires that the defense be permitted to rebut Juarez's testimony.**

The Confrontation Clause guarantees the right to expose a witness's motivation in testifying. *Davis*, 415 U.S. at 316–17. That right is "especially important" for cooperating accomplices, and the details of a plea agreement are "highly relevant" to credibility, particularly where, as here, the witness has not yet been sentenced. *Mayans*, 17 F.3d at 1184. Where a plea agreement allows "some benefit or detriment to flow to a witness as a result of his testimony," the defendant "must be permitted to cross-examine the witness sufficiently to make clear to the jury what benefit or detriment will flow, and what will trigger the benefit or detriment." *Schoneberg*, 396 F.3d at 1042. Limiting cross-examination on the benefits of a cooperator's plea agreement violates the Confrontation Clause and may require reversal. *United States v. Bleckner*, 601 F.2d 382 (9th Cir. 1979); *Schoneberg*, 396 F.3d at 1043; *United States v. Nickle*, 816 F.3d 1230, 1235–36 (9th Cir. 2016).

Juarez's testimony has given the jury a misleading impression of his sentencing exposure. The defense must be permitted to show that the benefit he received from the government limits the extent to which the Court can "take it against [him] and enhance [him] even more" at sentencing. Any concern that the jury might infer something about the defendants' potential punishment is outweighed by the defendants' Confrontation Clause rights. *United States v. Chandler*, 326 F.3d 210 (3d Cir. 2003) (finding the government's interest in "prevent[ing] the jury from inferring the sentence to which the defendant could be exposed" was "outweighed by Chandler's constitutional right to confront [the cooperating witnesses]"); *see United States v. Larson*, 495 F.3d 1094, 1107 (9th Cir. 2007) (en banc) (citing *Chandler* as "instructive"). Any residual concern about juror inferences is best addressed by a limiting instruction, not by curtailing cross-examination.

**C. The proposed inquiry is narrow and addresses the Court's concerns.**

The Court's prior concern was that the statutory maximum usually bears little relationship

to an actual sentence, and that the jury should not consider punishment. Tr. 2548–49. Neither concern applies to the inquiry defendants propose. Here, the government, not the defense, has opened the door to Juarez's sentencing exposure. The defense should therefore be permitted to cross-examine Juarez about the exposure he avoided, under the limitations that defense previously suggested—using qualitative descriptions of "substantially higher" or "significantly higher," rather than eliciting exact statutory maximums. Dkt. 459 at 9.

Permitting this limited cross-examination is well within the Court's discretion. As the cases cited in defendant's previous submission demonstrate (*see* Dkt. 459), courts routinely permit cross-examination of cooperating witnesses about the penalties they faced and avoided, often using descriptive terms rather than numbers—exactly what defendants propose. *E.g.*, *United States v. Callahan*, 801 F.3d 606 (6th Cir. 2015) (permitting questions about whether cooperator faced "more time" under an offense not charged in the plea agreement); *Yang v. Roy*, 743 F.3d 622, 627 (8th Cir. 2014) ("[T]he accused should [be] able to contrast the original punishment faced by the witness with the more lenient punishment contemplated by the plea agreement.").

Dated: November 15, 2026

Respectfully submitted,

By: */s/*

Edward W. Swanson
August Gugelmann
SWANSON &McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Trung Duong