# EXHIBIT 5

PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIO JUAREZ,<br>Defendant. | NO. 4:24-CR-00623 AMO<br><br>PLEA AGREEMENT |

I, MARIO JUAREZ, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

<u>The Defendant's Promises</u>

1. I agree to plead guilty to Count 1 of the captioned Information charging me with conspiracy to commit bribery concerning programs receiving federal funds in violation of 18 U.S.C.

[redacted]

§ 371. [redacted]

[redacted]

2. [redacted]



Trial Exhibit 1885, Page 2

[redacted]

[redacted]

[redacted]

[redacted]

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to:

a) Continue to plead not guilty and require the government to prove the elements of the crime(s) beyond a reasonable doubt;

b) A speedy and public trial by jury at which I would have the assistance of an attorney;

c) Confront and cross-examine adverse witnesses;

d) Remain silent and have no adverse inferences drawn from the decision not to testify;

e) Testify; and

f) Present evidence, pursue affirmative defenses, and have witnesses testify on my behalf.

I also agree to give up my rights to move to suppress evidence, raise other Fourth or Fifth Amendment claims, demand or receive further discovery from the government, and to challenge this prosecution on grounds of venue or statute of limitations.

4. I agree to give up my right to appeal my conviction, including constitutional challenges to the statute of conviction. I agree to give up my right to appeal the judgment and all orders of the

Court. I also agree to give up my right to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution, reserving only my right to claim that my sentence violated this plea agreement, applicable law, or the Constitution. I reserve my right to claim that my counsel was ineffective. I understand that this waiver includes, but is not limited to, any and all constitutional or legal challenges to my conviction and guilty plea, including arguments that the statute to which I am pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support my plea of guilty.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. In the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

7. I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the sentencing range will be calculated by the Court. I understand that the government is free to oppose any request I make for a downward departure, downward variance or other adjustment or reduction. I understand that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea.

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision, including Victim Impact Statements. I understand that the Court and United

States Probation Office are not parties to this Agreement and are not bound by it.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

10. I agree to continue to cooperate with the U.S. Attorney's Office before and after I am sentenced. My cooperation will include, but will not be limited to, the following:

a. I will meet with the government when requested;

b. I will respond truthfully and completely to any and all questions put to me, whether in interviews, before a grand jury, or at any trial or other proceeding;

c. I will provide all documents and other material asked for by the government;

d. I will testify truthfully at any grand jury, court, or other proceeding as requested by the government;

e. I will surrender any and all assets acquired or obtained directly or indirectly as a result of my illegal conduct;

f. I will request continuances of my sentencing date, as necessary, until my cooperation is completed.

11. I agree that the government's decision whether to file a motion pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), as described in the government promises section below, is based on its sole and exclusive decision of whether I have provided substantial assistance and that decision will be binding on me. I understand that the government's decision whether to file such a motion, or the extent of the departure recommended by any motion, will not depend on whether convictions are obtained in any case. I also understand that the Court will not be bound by any recommendation made by the government.

12. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in the Government's Promises Section below, but I will not be released from my guilty plea.

I agree to abide by all of the terms of my pre-trial release pending sentencing.

13. If I am prosecuted after failing to comply with any promises I made in this Agreement, then (a) I agree that any statements I made to any law enforcement or other government agency or in Court, whether or not made pursuant to the cooperation provisions of this Agreement, may be used in any way; (b) I waive any and all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, to suppress or restrict the use of my statements, or any leads derived from those statements; and (c) I waive any defense to any prosecution that it is barred by a statute of limitations, if the limitations period has run between the date of this Agreement and the date I am indicted.

14. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. This Agreement supersedes any prior understandings, promises, or conditions between the government and me. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

15. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

<u>The Government's Promises</u>

16. The government agrees not to criminally prosecute the defendant for any additional violation known to the government at the time of this agreement. Defendant understands that this paragraph (1) does not provide protection from prosecution for criminal tax violations (including conspiracy to commit such violations), for which the government cannot and does not make any agreement, and (2) does not bar the use of such conduct as a predicate act or basis for a sentencing enhancement in a subsequent prosecution, including a prosecution pursuant to 18 U.S.C. § 1961 et seq. Defendant understands that the government is free to criminally prosecute defendant for any other statutory violation(s), other unlawful past conduct, or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that, at the time of sentencing, the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing

Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

17. If, in its sole and exclusive judgment, the government decides that the defendant has cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the meaning of U.S.S.G. § 5K1.1, and otherwise complied fully with this Agreement, it will file with the Court a motion under § 5K1.1 and/or 18 U.S.C. § 3553 that explains the nature and extent of the defendant's cooperation and other relevant factors including those listed in § 5K1.1(1) , and recommends a downward departure.

The Defendant's Affirmations

18. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

19. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

//

//

//

20. I confirm that my decision to enter a guilty plea is made knowing the charge that has been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 1/9/2025

MARIO JUAREZ
Defendant

PATRICK D. ROBBINS
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

Dated: 1/7/2025

ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys

21. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: 1-7-25

WALTER BROWN
RANDY LUSKEY
MARC PRICE WOLF
ERIKA HOGLUND
Attorneys for Defendant