Winston Y Chan (SBN 214884)
Christine A. Bonomo (SBN 364178)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8362
Facsimile: (415) 393-8306
Email: wchan@gibsondunn.com

W. Douglas Sprague (SBN 202121)
Bryanna Walker (SBN 345454)
**COVINGTON & BURLING LLP**
415 Mission St., Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: dsprague@cov.com

Erik Babcock (SBN 172517)
**LAW OFFICES OF ERIK BABCOCK**
420 3rd Street, Suite 250
Oakland, California 94607
Telephone: (510) 452-8400
Facsimile: (510) 201-2084
Email: erik@babcocklawoffice.com

Attorneys for Defendant Andy Hung Duong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG,<br><br>Defendants. | Case No. 4:25-CR-00003-YGR<br><br>**DEFENDANT ANDY HUNG DUONG'S NOTICE OF JOINDER IN DEFENDANT DAVID DUONG'S MOTION TO DISMISS REGARDING *NAPUE* VIOLATIONS (DKT. 499)** |

## NOTICE

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court, before the Honorable Yvonne Gonzalez Rogers, Defendant Andy Hung Duong will and hereby does join, in its entirety, Defendant David Duong's Motion to Dismiss Regarding *Napue* Violations (Dkt. 499). Andy Duong moves to dismiss this case with prejudice for the same reasons set forth in David Duong's motion, including the arguments in Sections IV.A through IV.F of that motion. *See* Dkt. 499 at 7–24. Andy Duong also joins in the alternative request to suppress the covert recordings of the Evolutionary Homes ("EH") board meetings. *See id.* at 17.

***False testimony regarding expense reports (Section IV.A):*** Andy Duong joins David Duong's argument that Mario Juarez testified falsely that the expense reports he submitted to EH were accurate; that the government knew this; that instead of affirmatively correcting the record, the government objected to defense questions on cross examination and re-cross examination seeking to develop Juarez's fraud; and that Juarez's false testimony is material. *See* Dkt. 499 at 7–13.

***False testimony regarding covert recordings (Section IV.B):*** Andy Duong joins David Duong's argument that Juarez and Cecilia Mendez testified falsely that Juarez did not know she was recording the EH board meetings, which the government knew or should have known and failed to correct, and that this false testimony is material. *See* Dkt. 499 at 17–19.

***False testimony that Juarez "confessed it all" (Section IV.C):*** Andy Duong joins David Duong's argument that Juarez testified falsely that he "confessed it all" to the Oakland Police Department ("OPD") regarding his involvement in the supposed criminal activity he has alleged against the Duongs; that the government knew Juarez did not "confess[] it all" to OPD, yet failed to affirmatively correct this false testimony; and that this false testimony is material. *See* Dkt. 499 at 17–19.

***False testimony regarding the gold chain (Section IV.D):*** Andy Duong joins David Duong's argument that Juarez testified falsely about the origin of his gold chain and the value he reported to OPD; that the government knew or should have known the information demonstrating that Juarez had testified falsely on both points, yet failed to affirmatively correct it; and that this false testimony is

material. *See* Dkt. 499 at 19–21.

***Cumulative impact of Juarez's false testimony (Section IV.E):*** Andy Duong joins David Duong's argument that the cumulative effect of Juarez's and Mendez's false testimony—and the government's failure to correct it—violates his due process right to a fair trial. *See* Dkt. 499 at 22.

***Dismissal with prejudice (Section IV.F):*** Andy Duong joins David Duong's argument that dismissal with prejudice is the appropriate remedy. *See* Dkt. 499 at 22–23.

***The government's investigation of Juarez (Section II):*** Andy Duong also joins and emphasizes the points in Section II of David Duong's motion that, when further inquiry appeared likely to yield impeachment material regarding Juarez, the government repeatedly did not pursue it: it did not prepare a report, investigate further, or inform the Court or the defense of IRS-CI Special Agent Christine Stegner's documented mid-trial discovery that Juarez had altered his EH expense documents, and it never requested Juarez's electronic devices or tax records, which would have yielded substantial *Brady/Giglio* materials. *See* Dkt. 499 at 2–4. Instead, the government opposed defense counsel's motions to obtain this information. *See* Dkts. 373, 375, 390, 391, and 392 (Juarez's tax records); 401, 402, 406, 412, and 414 (Juarez's devices).

For these reasons and those further outlined in David Duong's motion, Andy Duong respectfully joins the motion in its entirety and requests that the Court dismiss with prejudice and, alternatively as to the false testimony concerning the covert EH board recordings, suppress those recordings.

DATED: November 22, 2026

Respectfully submitted,

By: */s/ W. Douglas Sprague*
W. Douglas Sprague
Bryanna Walker
COVINGTON & BURLING LLP

Winston Y. Chan
Christine A. Bonomo
GIBSON, DUNN & CRUTCHER LLP

Erik Babcock
LAW OFFICES OF ERIK BABCOCK

Attorneys for Defendant Andy Hung Duong