MARK GOLDROSEN
255 Kansas St Ste 340
San Francisco, CA 94103-5154
Phone: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT
California SBN 179023
217 Leidesdorff Street
San Francisco, California 94111
Telephone: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorney for Defendant
ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG<br><br>Defendant. | CASE NO. 25-CR-0003-YGR<br><br>**DEFENDANT ANDRE JONES'S REPLY IN SUPPORT OF MOTION FOR JURY INSTRUCTION RE SA BARCLAY'S REVIEW OF JONES'S KEARNS & WEST LAPTOP COMPUTER**<br><br>Courtroom: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

The defense submits a response to the government's response to the defense's request for an instruction on the laptop computer searched by SA Barclay given the deficits in the government's response to the Court.

First, the defense did not argue that SA Barclay performed an unauthorized search of the seized laptop. Gov. Resp. at 7-8. SA Barclay was permitted to review the contents of the laptop to determine if there was any material within the scope of the search warrant Attachment B. What was impermissible was for SA Barclay to testify (1) about material she reviewed that fell *outside* of the scope of the search warrant, and (2) to contrast the material that was outside the scope of the search warrant with the fact that there was no work on behalf of Evolutionary Homes on that laptop so as to support the government's argument that if Jones had worked on Evolutionary Homes, it would have been on that

laptop, as was the work he did on behalf of Kearns & West to which she testified. The issue is not, as the government argues, whether or not Jones did work for Evolutionary Homes, Gov. Resp. at 2:25-3:1, but whether the lack of work product on the computer searched by SA Barclay had any material significance, which it did not. *See* Tr. At 1217: ("Q. Did you -- did the FBI review Andre Jones' laptop? Yes. What evidence did the FBI see related to Evolutionary Homes on his laptop? A. Q. There were no references to Evolutionary Homes,") followed by testimony of work performed on behalf of Kearns & West that was found on the laptop. *Id.* at 1218-1219.

There should be no argument that the work that Jones performed for Kearns & West was outside the scope of Attachment B to the search warrant. While the defense did receive a mirror image of Andre Jones's seized laptop computer (1B13, with assigned Bates No. OAK-0156705), Gov. Resp. at 2:9-11, this is because each defendant received a full copy of the contents of his/her seized devices. Nor does the government argue in its response that it produced Andre Jones's work on behalf of Kearns & West to other defendants in this case as discoverable material. The Jones team simply received a mirror image of the entire contents of the laptop.[1]

The government argues that it was within the scope of the warrant because Attachment B included a search for "Evidence, records, or communications related to any state or local government body or public official." Exh. 2 to Dkt. 509 at 7. Gov. Resp. at 2:22-23. However, Attachment B clearly limited the search to matters relating to the scope of the government's investigation into an alleged conspiracy concerning Evolutionary Homes, not every contact that a defendant had with any state, government or local official. For example, the government did not produce in discovery to the defense every contact Juarez had with a state, government or local official. While the government was entitled to review such contents to determine if they related to the investigation of an alleged conspiracy relating to Evolutionary Homes, under the government's oft-stated theory, the government did not "possess" that material once it determined that it was not relevant to their investigation.

Second, the government omits the fact that the defense never had any notice that SA Barclay

[1] The same was done with every defendant – other defendants did not receive the entire contents of other defendants' devices – only what was within the scope of the search warrant. For example, the Jones team did not receive the entire content of Andy Duong's devices, only those items the government deemed discoverable.

searched the laptop computer, or what the results of her findings were. The government cannot point to any report or notes by SA Barclay produced to the defense because there appear to have been none. Thus, the defense had no notice that SA Barclay was going to testify about her review of Jones's laptop and describe what she reviewed, and that she was going to *contrast* that with the lack of any work product pertaining to Evolutionary Homes *on that laptop.* The only thing the government is correct about is that the defense did not object, which is because the questions were unanticipated and by the time the defense realized that the government was contrasting the lack of work on behalf of Evolutionary Homes on the same laptop where work on behalf of Kearns & West was found, the testimony had concluded. Further, because the defense was unaware that SA Barclay was going to testify as to what she had found on that computer because there had been no specific notice of it, the defense had not researched the issue in depth. The defense only found out after the testimony from Mr. Jones that the laptop at issue was issued by Kearns & West. Dkt. 509-1. Had the defense known that SA Barclay was going to testify as to this topic, it would have been prepared and would have moved to exclude the testimony on that basis.

Finally, the government claims that it would not have seen the June 24, 2024 email from Kearns & West because the computer was seized on June 20, 2024, Gov. Resp. at 2 n.1, but of course emails continue to be received by a computer after the computer is seized. Further, the email submitted as part of the defense's motion shows definitively that Jones had a Kearns & West laptop, and there is no dispute that only one laptop was seized that has been attributed to Mr. Jones.

The government complains that the defense did not submit a specific instruction, but of course the defense stated in its filing that it wished to work with the government to propose an instruction. The government did not seek to meet and confer as to one, just as it did not respond to the defense's email on November 17, 2026 asking the government for any reports authored from SA Barclay and for more information about the government's review of the laptop. Dkt. 509-3.

Given the government's unwillingness to stipulate that the laptop seized from Andre Jones belonged to Kearns & West, the defense proposes that before the close of evidence, the defense be permitted to inform the jury (in effect a stipulation without the stipulation), that on June 24, 2024, Andre Jones was instructed by Kearns & West to return his Kearns & West laptop computer (that had been

issued to Andre Jones by Kearns & West in his capacity as Senior Director at Kearns & West). This will serve only to correct the baseless misimpression left by the government's questioning of SA Barclay that the seized laptop would have contained work product relating to Evolutionary Homes had Mr. Jones been performing legitimate work.

Dated: November 24, 2026

/s/
MARK GOLDROSEN
SHAWN HALBERT
Counsel for Andre Jones